| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF NEW JERSEY |
| Case number *(if known)* _____  Chapter **11** |
| ☐ Check if this an amended filing |

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy         4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Garces Restaurant Group, Inc.** |
| 2. | **All other names debtor used in the last 8 years**  Include any assumed names, trade names and *doing business as* names | **DBA  Garces Group** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **26-1210697** |
| 4. | **Debtor's address** | **Principal place of business**  **2401 Walnut Street, Suite 300**  **Philadelphia, PA 19103**  Number, Street, City, State & ZIP Code  **Philadelphia**  County | **Mailing address, if different from principal place of business**  _____  P.O. Box, Number, Street, City, State & ZIP Code  **Location of principal assets, if different from principal place of business**  _____  Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  ☐ Partnership (excluding LLP)  ☐ Other. Specify: _____ |

Official Form 201                **Voluntary Petition for Non-Individuals Filing for Bankruptcy**                page 1

Debtor  **Garces Restaurant Group, Inc.**  Case number (*if known*)  _____
      Name

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
  __7225__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

- ■ No.
- ☐ Yes.

If more than 2 cases, attach a separate list.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ■ Yes.

List all cases. If more than 1, attach a separate list

Debtor  **See attached Rider.**  Relationship _____
District  **District of New Jersey**  When _____  Case number, if known _____

Debtor  **Garces Restaurant Group, Inc.**_____     Case number (*if known*)_____
      Name

**11. Why is the case filed in *this district?***   *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
       Contact name _____
       Phone _____

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ■ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor **Garces Restaurant Group, Inc.**    Case number (*if known*)
Name

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **May 2, 2018**
MM / DD / YYYY

X **/s/ John Fioretti**                                **John Fioretti**
Signature of authorized representative of debtor        Printed name

Title **Interim CEO**

**18. Signature of attorney**

X **/s/ Warren J. Martin Jr.**                Date **May 2, 2018**
Signature of attorney for debtor                MM / DD / YYYY

**Warren J. Martin Jr.**
Printed name

**Porzio, Bromberg & Newman, P.C.**
Firm name

**100 Southgate Parkway**
**Morristown, NJ 07962**
Number, Street, City, State & ZIP Code

Contact phone **973-538-4006**     Email address **wjmartin@pbnlaw.com**

**021671986**
Bar number and State

In re  **Garces Restaurant Group, Inc.**                                                                 Case No.
                                                    Debtor(s)

# FORM 1. VOLUNTARY PETITION
## Attachment: Rider

### LIST OF DEBTORS

As of May 2, 2018, each of the affiliate entities listed below (the "Debtors") filed a voluntary petition for relief in this Court under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of their chapter 11 cases under the case number assigned to the chapter 11 case of Garces Restaurant Group, Inc. d/b/a Garces Group.

Garces Restaurant Group, Inc., d/b/a Garces Group,
GRGAC1, LLC d/b/a Amada,
GRGAC2, LLC d/b/a Village Whiskey,
GRGAC3, LLC d/b/a Distrito Cantina,
GRGAC4, LLC,
Latin Valley 2130, LLC,
La Casa Culinary, LLC d/b/a Amada Restaurant,
Garces Catering 300, LLC d/b/a Garces Catering,
Latin Quarter Concepts, LLC d/b/a Tinto d/b/a Village Whiskey,
Urbanfarm, LLC d/b/a JG Domestic,
GR300, LLC d/b/a Volver,
GRG2401, LLC,
GRGChubb1, LLC,
GRGFC1, LLC,
GRGKC1, LLC,
GRGWildwood, LLC,
GRGNY2, LLC,

## UNANIMOUS WRITTEN CONSENT
## OF SOLE SHAREHOLDER
## OF GARCES RESTAURANT GROUP, INC.

### Dated: April 26, 2018

The undersigned, being the sole shareholder, director and officer (the "Director") of Garces Restaurant Group, Inc. d/b/a Garces Group (the "Company"), in lieu of a special meeting, does hereby take the following actions and adopt the following resolutions with respect to Company by written consent:

**WHEREAS**, the Director has evaluated the Company's alternatives in connection with a possible restructuring and, after due consideration, has determined it is in the best interest of the Company to file a voluntary petition in the United States Bankruptcy Court for the District of New Jersey pursuant to Chapter 11 of Title 11 of the Unites States Bankruptcy Code (the "Bankruptcy Code");

NOW, THEREFORE BE IT:

**RESOLVED**, that the Company shall be, and it hereby is, authorized to file a voluntary petition for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of New Jersey or such other court as the appropriate officer or officers of the Company shall determine to be appropriate (the "Bankruptcy Court") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing, the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness, or necessity thereof;

**RESOLVED FURTHER**, that the Director and any other officer or person designated and so authorized to act (the "Authorized Officers") shall be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, to execute, acknowledge, delivery, verify and file petitions, schedules, lists, and other papers or documents in the United States Bankruptcy Court for the District of New Jersey to commence a case under Chapter 11 of the Bankruptcy Code, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable or proper in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case at such time as said officer executing the same shall determine; and it was further

**RESOLVED FURTHER**, that the Authorized Officers, on behalf of the Company, are authorized, and empowered to retain the law firm of Porzio Bromberg & Newman, PC ("Porzio") as bankruptcy counsel to the Company to represent and assist the Company in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and

3940130

immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Porzio;

**RESOLVED FURTHER**, that the Authorized Officers, on behalf of the Company, are authorized, and empowered to retain the firm of EisnerAmper LLP ("EisnerAmper") as financial advisor to the Company to represent and assist the Company in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements that are acceptable to the United States Trustee's office and terminable only upon approval of the Bankruptcy Court, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of EisnerAmper to carry out the aforesaid resolutions;

**RESOLVED FURTHER**, that the Authorized Officers, on behalf of the Company, are authorized, and empowered to retain the firm of CohnReznick Capital Market Securities, LLC ("CRC") as an exclusive investment banker and placement agent to the Company to represent and assist the Company in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements that are acceptable to the United States Trustee's office and terminable only upon approval of the Bankruptcy Court, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of CRC to carry out the aforesaid resolutions;

**RESOLVED FURTHER**, that the Authorized Officers of the Company be, and each of them acting singly is, hereby authorized and empowered to employ and retain any other professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants or brokers necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

**RESOLVED FURTHER**, that the Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: enter into and incur any obligations under a new debtor in possession financing facility or facilities and any associated documents and consummate the transactions contemplated therein (collectively, the "Financing Transactions") with such lenders and on such terms as may be approved by any one or more of the Authorized Officers, as may be reasonably necessary, desirable or appropriate for the continuing conduct of the affairs of the Company; and pay related fees, incur the debt

3940130

contemplated by the Financing Transactions and grant security interests in and liens upon some, all or substantially all of the Company's assets in each case as may be deemed necessary, desirable or appropriate by any one or more of the Authorized Officers in connection with the Financing Transactions;

**RESOLVED FURTHER**, that the Authorized Officers of the Company be, and each of them acting singly is, hereby authorized, empowered and directed on behalf of the Company to take any and all actions, negotiate, finalize, execute, certify, deliver, file and/or record and perform any and all documents, agreements, instruments, motions, pleadings, schedules, affidavits, certificates, applications for approvals, rulings of governmental or regulatory authorities and other papers, and to take and perform any and all further acts and deeds which they, in their sole discretion, deem necessary, proper, or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 reorganization, such discretion to be conclusively evidenced by the filing thereof or the taking or performance of such action; and

**RESOLVED FURTHER**, that all of the acts and transactions taken by any Authorized Officer in the name and on behalf of the Company, relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified; and

**RESOLVED FURTHER**, that this written consent may be executed in any number of counterparts and by facsimile, portable document format, or other reproduction, and such execution shall be considered valid, binding, and effective for all purposes.

**IN WITNESS WHEREOF**, the undersigned, being the sole shareholder, director and officer of the Company, has executed this written consent as of the date first written above:

_/s/ Jose Garces_
Jose Garces

3940130

**Fill in this information to identify the case:**

Debtor name: **Garces Restaurant Group, Inc.**

United States Bankruptcy Court for the: DISTRICT OF NEW JERSEY

Case number (if known):

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration     **List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____       X _____
                                 Signature of individual signing on behalf of debtor

                                 **John Fioretti**
                                 Printed name

                                 **Interim CEO**
                                 Position or relationship to debtor

Fill in this information to identify the case:

Debtor name: **Garces Restaurant Group, Inc.**

United States Bankruptcy Court for the: **DISTRICT OF NEW JERSEY**

Case number (if known):

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Shawmut Woodworking Supply Inc. dba Shawmut Design and Construction 560 Harrison Ave Boston, MA 02118 | | Trade payable | | | | 387,131.00 |
| Reed Smith Po Box 360110 Pittsburgh, PA 15251 | (215) 851-8100 | Professional Fees | | | | 335,927.45 |
| Restaurant Associates 132 West 31st Street New York, NY 1001 | Joe Morales | Trade Payable | | | | 205,034.27 |
| The Chef's Warehouse PO Box 30944, New York, NY 10087 | (410) 850-5030 | Trade Payable | | | | 182,710.25 |
| Ashley Foods, Inc. 124 W. Venango Street, Philadelphia, PA 19140 | | Trade Payable | | | | 136,261.04 |
| Nordon 1 Cabot Blvd E, Langhorne, PA 19047 | | Trade Payable | | | | 126,905.08 |
| Baldor Specialty Foods PO Box 5411, New York, NY 10087 | | Trade Payable | | | | 95,656.79 |
| Samuels & Son 3407 S Lawrence St., Philadelphia, PA 19148 | | Trade Payable | | | | 94,725.60 |
| Beacon Hill Staffing Group, LLC PO Box 846193, Boston, MA 02284 | (617) 326-4000 | Trade Payable | | | | 91,871.89 |
| Party Rental LB#1123, Philadelphia, PA 19195 | (201) 727-4735 | Trade Payable | | | | 78,047.46 |

Official form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured claims    page 1

Debtor **Garces Restaurant Group, Inc.**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Singer Equipment Company 150 South Twin Valley Rd, Elverson, PA 19520 | | Trade Payable | | | | 71,291.44 |
| Farm Art 1111 E. Ashland Ave, Folcroft, PA 19032 | | Trade Payable | | | | 71,205.88 |
| Giordano Garden Grocers 419 Ballytour Circle, Wynnewood, PA 19096 | | Trade Payable | | | | 63,599.00 |
| First Choice Food Distributors 6700 Essington Ave, Philadelphia, PA 19153 | | Trade Payable | | | | 62,570.47 |
| Brandywine Cira L.P. c/o Brandywine Realty Trust, Philadelphia, PA 19182 | | Rent | | | | 62,379.65 |
| Phyllis Hart | pdhart320@gmail.com | Promissory Note | | | | 60,489.09 |
| Ambrogi 1400 Metropolitan Ave, Thorofare, NJ 08086 | | Trade Payable | | | | 55,419.00 |
| Baltz & Company, Inc. 49 W 23rd Street, New YUork, NY 10010 | (212) 982-8300 | Trade Payable | | | | 46,444.23 |
| Golenbock Eiseman Assor Bell & Peskoe 711Third Ave, New York, NY 10017 | | Trade Payable | | | | 42,929.00 |
| South Jersey Party Rentals 8550 A/B/C Remington Ave, Pennsauken, NJ 08110 | (856) 310-9990 | Trade Payable | | | | 42,663.21 |
| Arway PO Box 23035, Philadelphia, PA 19124 | | Trade Payable | | | | 40,483.11 |
| Caroline Funchion Schiavo, P.A. 407 Pugh Road, Wayne, PA 19087 | carolinefunchion@gmail.com | Event Deposit | | | | 40,000.00 |
| Nannas, Haines & 1407 Foulk Rd, Suite 100, Wilmington, DE 19803 | (302) 479-8800 | Professional Fees | | | | 37,125.00 |

Official form 204         Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured claims         page 2

Debtor **Garces Restaurant Group, Inc.**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Mary Avino** | maryavino6@gmail.com | Event Deposit | | | | 35,058.60 |
| **Kimmel Center Inc. 1500 Walnut Street Philadelphia, PA 19102** | maryavino6@gmail.com | Trade Payable | | | | 34,816.60 |
| **Kaitlin McMahon 283 N Keswick Ave Glenside, PA 19038** | kmcmahon0501@gmail.com | Event Deposit | | | | 31,949.00 |
| **Karina Lopez** | karina@kcyouthere.com | Event Deposit | | | | 31,904.82 |
| **2401 Walnut LP c/o Bedrock Group, LLC 2401 Walnuts St. Suite 100 Philadelphia, PA 19103** | | Rent | | | | 30,786.36 |
| **Featherstone Foods, Inc. 1164 east 156 St. Bronx, NY 10474** | | Trade Payable | | | | 28,788.53 |
| **Mazars USA, LLP 501 Office Center Drive, Fort Washington, PA 19034** | | Professional Fees | | | | 27,700.00 |

# United States Bankruptcy Court
## District of New Jersey

In re  **Garces Restaurant Group, Inc.**  
Debtor(s)

Case No.  
Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Jose Garces<br>2929 Arch Street Suite B-06<br>Philadelphia, PA 19104 | | 100% | |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Interim CEO** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date **May 2, 2018**    Signature **/s/ John Fioretti**  
**John Fioretti**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.  
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
### District of New Jersey

In re **Garces Restaurant Group, Inc.**

Debtor(s)

Case No.

Chapter **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Garces Restaurant Group, Inc.** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**May  2, 2018**
Date

**/s/ Warren J. Martin Jr.**
**Warren J. Martin Jr.**
Signature of Attorney or Litigant
Counsel for **Garces Restaurant Group, Inc.**
**Porzio, Bromberg & Newman, P.C.**
**100 Southgate Parkway**
**Morristown, NJ 07962**
**973-538-4006 Fax:973-538-5146**
**wjmartin@pbnlaw.com**