UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
(973) 538-4006
(973) 538-5146 Facsimile
Warren J. Martin Jr., Esq. (wjmartin@pbnlaw.com)
Kelly D. Curtin, Esq. (kdcurtin@pbnlaw.com)
Rachel A. Parisi, Esq. (raparisi@pbnlaw.com)
*Proposed Counsel to Debtors*

In Re:

Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*,[1]

Debtors.

**Order Filed on May 4, 2018 by
Clerk U.S. Bankruptcy Court
District of New Jersey**

Case No.: 18-19054 (JNP)

(Joint Administration Pending)

Chapter: 11

**Hearing Date and Time:
May 3, 2018, at 2:00 p.m.**

## INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D) SETTING A FINAL HEARING

The relief set forth on the following pages, nu

hereby **ORDERED**.

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

**DATED: May 4, 2018**

---

[1] The Debtors in these Chapter 11 Cases (joint administration pending) and the last four digits of their employee identification numbers are: GRGAC1, LLC d/b/a Amada (7047); GRGAC2, LLC d/b/a Village Whiskey (7079); GRGAC3, LLC d/b/a Distrito Cantina (7109); GRGAC4, LLC (0542); Garces Restaurant Group, Inc. d/b/a Garces Group (0697); Latin Valley 2130, LLC; La Casa Culinary, LLC d/b/a Amada Restaurant (4127); Garces Catering 300, LLC d/b/a Garces Catering (3791); Latin Quarter Concepts, LLC d/b/a Tinto d/b/a Village Whiskey (0067); UrbanFarm, LLC d/b/a JG Domestic (3014); GR300, LLC d/b/a Volver (0347); GRG2401, LLC (7222); GRGChubb1, LLC (8350); GRGFC1, LLC (2040); GRGKC1, LLC; GRGWildwood, LLC (9683); and GRGNY2, LLC (0475).

3934178

3934178

Page: 2
Debtors:       Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:      18-19054 (JNP)
Caption:       INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
               ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
               SETTING A FINAL HEARING

**THIS MATTER** having been opened by the above-captioned debtors-in-possession,

Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.* (the "Debtors"), upon their Motion[2] for

authority to use cash collateral on an interim basis pursuant to Bankruptcy Rule 4001 and 11

U.S.C. §§ 361 and 363 of the Bankruptcy Code; and the Court finding that (i) it has jurisdiction

over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best

interests of the Debtors' estates, creditors, and employees; (iv) adequate notice of the Motion and

the hearing thereon has been given and no other or further notice is necessary; and (v) upon the

record herein, after due deliberation thereon, good and sufficient cause exists for the granting of

the relief as set forth herein, the Debtors hereby stipulate and it is hereby found:

A.      Notice and Hearing.  Notice of the Motion and Order Regarding Application for

Expedited Consideration of First Day Matters pursuant to D.N.J. LBR 9013-5(f) and Rule 9006(c)

of the Bankruptcy Rules for the preliminary hearing on the Debtors' use of cash collateral has

been served in accordance with section 102(1) of the Bankruptcy Code and Rule 4001(b) of the

Bankruptcy Rules, which notice is appropriate in the particular circumstances and is sufficient for

all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the

relief requested.

B.      Chapter 11 Filed.  The Debtors each filed their petition under chapter 11 of the

Bankruptcy Code on May 2, 2018 (the "Petition Date") and are presently operating as debtors-in-

possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3934178
3934178

Page: 3
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:       18-19054 (JNP)
Caption:        INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
                ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
                SETTING A FINAL HEARING

C.    <u>Prepetition Debt</u>.  M&T Bank, also known as Manufacturers and Traders Trust Company, a New York-chartered bank ("<u>M&T</u>", the "<u>Bank</u>") has asserted a secured claim against the Debtors in the approximate principal amount of $6,765,518.03, plus accrued and unpaid interest, plus fees and costs pursuant to the M&T Loan Documents (the "<u>Pre-Petition Debt</u>") as of April 30, 2018.

D.    <u>Pre-Petition Collateral</u>.  The Bank has a first priority, perfected security interest in substantially all of the Debtors' assets (the "<u>Collateral</u>") as described more particularly in the Motion.

E.    <u>Cash Collateral</u>.  "Cash Collateral" as defined by section 363(a) of the Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of property subject to a security interest as provided in section 552(b) and as the term "proceeds" is described in UCC section 9-306. The Debtors' receivables represent cash collateral as defined in section 363(a) of the Bankruptcy Code.

F.    <u>Necessity and Best Interest</u>.  The Debtors do not have sufficient unencumbered cash or other assets with which to continue to operate their businesses in chapter 11. The Debtors require immediate authority to use cash collateral as defined herein in order to continue their business operations without interruption toward the objective of formulating an effective plan of reorganization. The Debtors use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estates pending a final hearing.  Subject to subsection G below, the amount of cash collateral authorized to be used during the time period from the Petition Date through May 21, 2018 (the "<u>Interim Period</u>") is not

3934178
3934178

Page: 4
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:       18-19054 (JNP)
Caption:        INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
                ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
                SETTING A FINAL HEARING

to exceed the amounts reflected in the Debtors' budget for the Interim Period, annexed hereto as

**Exhibit A** (the "Budget").

G.      Purposes.   The Debtors are authorized, during the Interim Period, to use cash

collateral in accordance with the Budget to meet the ordinary cash needs of the Debtors for the

payment of actual expenses of the Debtors necessary to maintain and preserve their assets, and

continue operation of their business, including payroll and payroll taxes, insurance, restructuring

and professional fees expenses as reflected in the Budget provided, however, that the Debtors may

(i) exceed any line item expenditure in the Budget by up to five percent (5%) thereof and (ii)

exceed any line item expenditure in the Budget by more than five percent (5%) thereof for so long

as, on any date of determination and after giving effect to such expenditures, the total aggregate

expenditures of the Debtors since the Petition Date do not exceed one hundred five percent

(105%) of the total aggregate expenditures of the Debtors projected in the Budget as of such date.

The amounts and categories described in the Budget are deemed a carve-out of the Bank's

collateral.

        The Court having determined that there is a reasonable likelihood that the Debtors will

prevail upon the merits at the final hearing of the Motion as required by section 363(c)(3) of the

Bankruptcy Code, and for good cause shown,

        **IT IS HEREBY ORDERED** as follows:

        1.      Use of Cash Collateral. The Debtors are authorized, during the Interim Period to

use the cash collateral in accordance with the Budget attached hereto as **Exhibit A**, including for

the following purposes: (a) maintenance and preservation of their assets; (b) the continued

operation of their business, including but not limited to payroll, payroll taxes, employee expenses,

3934178
3934178

Page: 5
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:       18-19054 (JNP)
Caption:        INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
                ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
                SETTING A FINAL HEARING

and insurance costs; (c) the purchase of supplies; and (d) other expenses reflected in the Budget,

including statutory fees pursuant to 28 U.S.C. § 1930(a)(6), to the extent and up to the amounts

set forth in the Budget; provided, however, that the Debtors may (i) exceed any line item

expenditure in the Budget by up to ten percent (10%) thereof and (ii) exceed any line item

expenditure in the Budget by more than ten percent (10%) thereof for so long as, on any date of

determination and after giving effect to such expenditures, the total aggregate expenditures of the

Debtors since the Petition Date do not exceed one hundred ten percent (110%) of the total

aggregate expenditures of the Debtors projected in the Budget as of such date. The amounts and

categories described in the Budget are deemed a carve-out of the Bank's collateral.

2.      <u>Budget Maintenance</u>. The Budget and any modifications to, or extensions,

amendments or updates of, the Budget shall be in form and substance acceptable to and approved

in writing by the Bank, in its sole discretion, or as ordered by Court. The Budget may be amended

or modified in writing from time to time only with the written consent of the Bank, in its sole

discretion, or by Court order.

3.      <u>Restructuring Professional Fees & Costs</u>. Retained Professionals in these cases,

other than the Debtors' investment banker (whose fees will be transaction based) shall be paid in

accordance with the Budget, plus, a backstopping carve-out by M&T, up to $350,000, subject to

appropriate fee applications and approval by the Bankruptcy Court (collectively, the "<u>Carve-out</u>").

For purposes of this Order, "Retained Professionals" shall mean (i) the Debtors' counsel, Porzio,

Bromberg & Newman, P.C., (ii) the Debtors' financial advisor; (iii) the retained counsel for the

Official Committee of Unsecured Creditors, if any, appointed in these cases; and (iv) the retained

3934178
3934178

Page: 6
Debtors:     Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:    18-19054 (JNP)
Caption:     INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
             ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
             SETTING A FINAL HEARING

financial advisor for the Official Committee of Unsecured Creditors, if any, appointed in these

cases.

    4.      Adequate Protection. As adequate protection for use of cash collateral, the Bank is

GRANTED:

    a.   Replacement Lien. Subject to statutory fees pursuant to 28 U.S.C. §
        1930(a)(6) and the Carve-out, a replacement perfected security interest
        under section 361 of the Bankruptcy Code to the extent the Bank's cash
        collateral is used by the Debtors and to the extent of any diminution in the
        value of the collateral, with the same priority in the Debtors' post-petition
        collateral, and proceeds thereof, that the Bank held in the Debtors' pre-
        petition collateral.

    b.   Priority of Replacement Lien. The Replacement Liens shall be enforceable
        against the Debtors, their estates and any successors thereto, including
        without limitation, any trustee or other estate representative appointed in
        these chapter 11 cases, or any case under chapter 7 of the Bankruptcy Code
        upon the conversion of these chapter 11 cases, or in any other proceedings
        superseding or related to any of the foregoing (collectively, a "Successor
        Case"). Except as provided herein, the Replacement Lien shall not be made
        subject to or *pari passu* with any lien or security interest by any court order
        heretofore or hereafter entered in these chapter 11 cases or any Successor
        Case, and shall be valid and enforceable against any trustee appointed in
        these chapter 11 cases or any Successor Case, or upon the dismissal of
        these chapter 11 cases or any Successor Case. The Replacement Liens shall
        not be subject to sections 506(c) (effective upon entry of the Final Order),
        510, 547, 549, or 550 of the Bankruptcy Code. No lien or interest avoided
        and preserved for the benefit of the estates pursuant to section 551 of the
        Bankruptcy Code shall be made *pari passu* with or senior to the
        Replacement Lien. The Replacement Lien shall not include avoidance
        actions pursuant to 11 U.S.C. §§ 544, 547, 548, 549 and 550.

    c.   Adequate Protection Superpriority Claims. As further adequate protection
        against any diminution in value of the interests of M&T in the pre-petition
        collateral, to the extent the Replacement Lien provided for hereby proves
        insufficient to protect M&T's interest in and to the cash collateral, M&T is

Page: 7
Debtors:       Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:      18-19054 (JNP)
Caption:       INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
               ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
               SETTING A FINAL HEARING

hereby granted as and to the extent provided by sections 503(b) and 507(b) of the Bankruptcy Code allowed superpriority administrative expenses claims in these chapter 11 cases in the amount of the Pre-Petition Debt (the "Adequate Protection Superpriority Claim").

d.  Priority of Adequate Protection Superiority Claims. The Adequate Protection Superpriority Claims, to the extent the Replacement Lien is deemed insufficient, shall have priority over all administrative expense claims and unsecured claims against the Debtors or their estates, now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in ordered pursuant to sections 105, 326, 328, 330, 331, 364, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 1113 and 1114 of the Bankruptcy Code, except and subject to fees pursuant to 28 U.S.C. § 1930(a)(6) and the Carve-out.

e.  Modification of Automatic Stay. The automatic stay under Bankruptcy Code section 362(a) is hereby modified as necessary to effectuate all of the terms and provisions of this Interim Order, including, without limitation, to: (a) permit the Debtors to grant the Replacement Lien and Adequate Protection Superpriority Claims; (b) permit the Debtors to perform such acts as M&T may request, in its sole discretion, to assure the perfection and priority of the liens granted herein; and (c) authorize the Debtors to pay, and M&T to retain and apply, payments made in accordance with the terms of this Interim Order.

f.  Deemed Perfected. The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of the Bank taking possession, filing financing statements, mortgages or other documents. Although not required, upon reasonable request by the Bank, the Debtors shall execute and deliver to the Bank any and all UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other instruments or documents considered by the Bank to be necessary in order to perfect the security interests and liens in the Debtors' post-petition collateral and proceeds granted by this Order, and the Bank is authorized to receive, file and record the foregoing at the Bank's own expense, which actions shall not be deemed a violation of the automatic stay.

Page: 8
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:       18-19054 (JNP)
Caption:        INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
                ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
                SETTING A FINAL HEARING

g.  Adequate Protection Payments. As additional adequate protection, the Debtors shall make payments to M&T in accordance with the Budget and at the time designated in the Budget (the "Adequate Protection Payments"); provided that no monthly interest payment to the Bank is less than $37,038.56.

h.  Perfection of Replacement Lien. This Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Replacement Lien, without the necessity of filing or recording any mortgage, financing statement or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect (in accordance with applicable non- bankruptcy law) the Replacement Lien, or to entitle M&T to the priorities granted herein. Notwithstanding the foregoing, the Debtors are authorized and directed to execute and deliver promptly to M&T all such financing statements, mortgages, notices and other documents as M&T may reasonably request, and M&T may file a photocopy of this Interim Order as a financing statement with any filing or recording office or with any registry of deeds or similar office, in addition to or in lieu of such financing statements, notices of lien or similar instruments.

5.  The Debtors' Obligations. The Debtors shall serve M&T and its counsel with a copy of each monthly operating report filed by the Debtors in these chapter 11 cases as required by the Court, the U.S. Trustee or applicable law.

6.  Disposition of Collateral. The Debtors shall not sell, transfer, lease, encumber or otherwise dispose of any material portion of the Collateral without the prior written consent of M&T, unless otherwise ordered by the Court.

Page: 9
Debtors:   Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:   18-19054 (JNP)
Caption:   INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
SETTING A FINAL HEARING

7.   Events of Default. The occurrence of any of the following events, unless waived by

M&T or otherwise ordered by the Court, shall constitute an event of default (collectively, the

"Events of Default"):

    a.   the failure by the Debtors to perform, in any respect, any of the terms, provisions,

        conditions, covenants, or obligations to M&T under this Interim Order;

    b.   the Debtors' obtaining of credit or the incurring of indebtedness that is (i) secured

        by a security interest or other lien on all or any portion of the Collateral which is

        equal or senior to any security interest or other lien of M&T, or (ii) entitled to

        priority administrative status which is equal or senior to that granted to M&T;

    c.   any lien or security interest purported to be created under the M&T Loan

        Documents shall be asserted by Debtors not to be, a valid and perfected lien on or

        security interest in any Collateral, with the priority required by the M&T Loan

        Documents or herein;

    d.   the entry of an order by the Court granting relief from or modifying the automatic

        stay of section 362 of the Bankruptcy Code (i) to allow any creditor to execute

        upon or enforce a lien on or security interest in any Collateral, or (ii) with respect

        to any lien on or the granting of any lien on any Collateral to any state or local

        environmental or regulatory agency or authority, which in either case would have a

        material adverse effect on the business, operations, property, assets, or condition,

        financial or otherwise, of the Debtors;

    e.   reversal, vacatur, or modification (other than a modification with the express prior

        written consent of M&T, or by Court order) of this Interim Order;

Page: 10
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:       18-19054 (JNP)
Caption:        INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
                ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
                SETTING A FINAL HEARING

f.   dismissal of these chapter 11 cases (or any of them) or conversion of these chapter 11 cases (or any of them) to a chapter 7 case, or appointment in these chapter 11 cases of a chapter 11 trustee or examiner with enlarged powers or other responsible person;

g.   any misrepresentation of a material fact made after the Petition Date by the Debtors or its agents to M&T about the financial condition of the Debtors, the nature, extent, location or quality of any Collateral, or the disposition or use of any Collateral, including Cash Collateral;

h.   a material default by the Debtors in reporting financial information as and when required under this Interim Order;

i.   the sale of any material portion of the Debtors' assets outside the ordinary course of business without a Court order or the prior written consent of M&T;

j.   the filing by the Debtors of any motion seeking, or the granting of any motion providing for, reversal or modification of this Interim Order.

k.   any failure to of the Debtors to establish and meet any of the deadlines set forth below with respect to any sale of the Debtors' assets:

Bid Deadline of June 7, 2018
Auction to be held on June 12, 2018
Sale Hearing to occur on June 21, 2018

8.   <u>Rights and Remedies Upon Event of Default</u>. Immediately upon the occurrence and during the continuation of an Event of Default, M&T may declare a termination, reduction or restriction of the ability of the Debtors to use any Cash Collateral (any such declaration, shall be referred to herein as a "<u>Termination Declaration</u>"). The Termination Declaration shall be given by

3934178
3934178

Page: 11
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:       18-19054 (JNP)
Caption:        INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
                ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
                SETTING A FINAL HEARING

email or facsimile (or other electronic means) to counsel to the Debtors, counsel to any Creditors'

Committee, and the U.S. Trustee (the earliest date any such Termination Declaration is made shall

be referred to herein as the "Termination Declaration Date"). Upon the passage of five (5) days

from the Termination Declaration Date, the Debtors' right to use Cash Collateral shall

automatically cease absent further Court order or unless the Debtors shall have cured such Event

of Default in full prior to the expiration of such five (5) day period and the Debtors shall no longer

have the right to use or seek to use Cash Collateral.   During such five (5) day period, the Debtors

shall have the right to seek a hearing solely for the purpose of seeking a determination of whether

an Event of Default has occurred. Upon the passage of seven (7) days from the Termination

Declaration Date, the automatic stay shall automatically be terminated without further notice or

order, and M&T shall be permitted to exercise all remedies set forth herein and in the M&T Loan

Documents and as otherwise available at law against the Collateral, without further order of or

application or motion to the Court, and without restriction or restraint by any stay under sections

362 or 105 of the Bankruptcy Code, or otherwise, against the enforcement of the liens and

security interest in the Collateral or any other rights and remedies granted to M&T with respect

thereto pursuant to the M&T Loan Documents or this Interim Order, as applicable. The Creditors'

Committee, if any, or any other party in interest other than the Debtors may contest termination of

the automatic stay or any Event of Default.

       9.    <u>Limitations on the Cash Collateral</u>.

          a.  From and after the date of entry of this Interim Order, the proceeds of the

              Collateral and Cash Collateral shall not, directly or indirectly, be used to pay any

              expenses, payments, and/or disbursements of the Debtors or incurred by the

3934178
3934178

Page: 12
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:       18-19054 (JNP)
Caption:        INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
SETTING A FINAL HEARING

Debtors except for those items which are then due, expressly permitted under the Budget or this Interim Order, and in such amounts as clearly identified in the Budget and/or this Interim Order. Upon entry of the Final Order, in no event shall any costs or expenses of administration be imposed upon M&T or any of the Collateral pursuant to sections 105(a), 506(c) and/or 552 of the Bankruptcy Code or otherwise without a Court order or the prior written consent of M&T, and no such consent shall be implied from any action, inaction or acquiescence by M&T; and

b. Notwithstanding anything herein, the Cash Collateral may only be used in accordance with the Budget and, in any event, the Cash Collateral may not be used: (a) in connection with or to finance in any way any action, suit, arbitration, proceeding, application, motion or other litigation of any type (i) against M&T or seeking relief that would impair their rights and remedies under the M&T Loan Documents or this Interim Order, including, without limitation, (A) to assert, commence, or prosecute any claims or causes of action whatsoever, including, without limitation, any actions for lender liability against M&T, any actions under section 105 of the Bankruptcy Code against M&T, any actions under chapter 5 of the Bankruptcy Code against M&T, or any actions under applicable, non-bankruptcy law or otherwise against M&T, (B) to prosecute an objection to, contest in any manner, or raise any defenses to, the validity, extent, amount, perfection, priority, or enforceability of any of the rights and obligations of M&T or seeking affirmative relief against M&T, or (C) for the payment of any services

3934178
3934178

Page: 13
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:       18-19054 (JNP)
Caption:        INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
                ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
                SETTING A FINAL HEARING

rendered by the professionals retained by the Debtors or any Creditors' Committee in connection with the assertion of or joinder in any claim, counterclaim, action, proceedings, application, motion, objection, defense or other contested matter, the purpose of which is to seek, or the result of which would be to obtain, any order, judgment determination, declaration or similar relief that would impair the ability of M&T to recover on the M&T indebtedness, as applicable, (ii) invalidating, setting aside, avoiding or subordinating, in whole or in part, the Pre-Petition Debt, (iii) for monetary, injunctive or other affirmative relief against M&T or its Collateral, or (iv) preventing, hindering or otherwise delaying the exercise by M&T of any rights and/or remedies under this Interim Order, the M&T Loan Documents, or applicable law, or the enforcement of realization (whether by foreclosure, credit bid, further order of the Court or otherwise) by M&T upon any of the Collateral; (b) to make any distribution under a plan of reorganization in these chapter 11 cases; (c) to make any payment in settlement of any claim, action or proceeding, before any court, arbitrator or other governmental body without prior written consent of M&T, unless otherwise ordered by the Court; (d) to pay any fees or similar amounts to any person who has proposed or may propose to purchase interests in the Debtors without the prior written consent of M&T, unless otherwise ordered by the Court, (e) to object, contest, or interfere with in any way the enforcement or realization upon any of the Collateral by M&T once an Event of Default has occurred; (f) to sell or otherwise dispose of Collateral without the prior consent of M&T, unless otherwise ordered by the Court; (g) to the extent

3934178
3934178

Page: 14
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:       18-19054 (JNP)
Caption:        INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
                ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
                SETTING A FINAL HEARING

such Cash Collateral represents insurance proceeds constituting Collateral, without the prior consent of M&T; (h) to pay indebtedness outside the ordinary course of business without the prior written consent of M&T, unless otherwise ordered by the Court, unless otherwise ordered by the Court; (i) to incur any new indebtedness without the prior written consent of M&T, unless otherwise ordered by the Court; (j) to object to or challenge in any way the claims, liens, or interests (including interests in the Collateral) held by or on behalf of M&T; (k) to pay any costs or expenses that are not ordinary course operating expenses of the Debtor; or (l) to modify or seek to modify the rights of M&T under this Interim Order.

10.    <u>No Third Party Rights</u>. Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

11.    <u>Challenge Period</u>.    Any Official Committee of Unsecured Creditors (the "Committee"), appointed under § 1102 of the Bankruptcy Code, has a minimum of 60 days (or such longer period as the Committee may obtain for cause shown before the expiration of such period) from the date of the order approving the appointment of counsel to the Committee to investigate the facts including the validity of Pre-Petition Debt and bring any appropriate proceedings as representative of the estate.  If no Committee is appointed, any party-in-interest has a minimum of 75 days (or such longer period for cause shown before the expiration of such period) from the entry of the final cash collateral order to investigate the facts including the validity of Pre-Petition Debt and bring any appropriate proceedings as representative of the estate.

Page: 15
Debtors:       Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:      18-19054 (JNP)
Caption:       INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
               ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
               SETTING A FINAL HEARING

12.      <u>Section 506(c) Claims</u>. Except and subject to fees pursuant to 28 U.S.C. §

1930(a)(6) and the Carve-out, upon entry of the Final Order, no costs or expenses of

administration which have been or may be incurred in these chapter 11 cases at any time shall be

charged against M&T or any of its claims or the Collateral pursuant to sections 105 or 506(c) of

the Bankruptcy Code, or otherwise.

13.      <u>No Marshaling/Application of Proceeds</u>. Upon entry of the Final Order, M&T shall

not be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect

to any of the Collateral, as the case may be, and proceeds shall be received and applied in

accordance with this Interim Order notwithstanding any other agreement or provision to the

contrary.

14.      <u>Section 552(b)</u>. Upon entry of the Final Order, M&T shall be entitled to all of the

rights and benefits of section 552(b) of the Bankruptcy Code, and the "equities of the case"

exception under section 552(b) of the Bankruptcy Code shall not apply to M&T with respect to

proceeds, product, offspring or profits of any of the Collateral.

15.      <u>Rights Preserved</u>. Notwithstanding anything herein to the contrary, the entry of this

Interim Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly:

(a) M&T's right to seek any other or supplemental relief in respect of the Debtors, including the

right to seek additional adequate protection; (b) any of the rights of M&T under the Bankruptcy

Code or under non-bankruptcy law, including, without limitation, the right to (i) request

modification of the automatic stay of section 362 of the Bankruptcy Code, (ii) request dismissal of

these chapter 11 cases or a Successor Case, conversion of these chapter 11 cases to cases under

chapter 7, or appointment of a chapter 11 trustee or examiner with expanded powers, or (iii)

Page: 16
Debtors:     Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:    18-19054 (JNP)
Caption:     INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
             ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
             SETTING A FINAL HEARING

propose, subject to the provisions of section 1121 of the Bankruptcy Code, a chapter 11 plan or

plans.

16.     Section 507(b) Reservation. Nothing herein shall impair or modify the application

of section 507(b) of the Bankruptcy Code in the event that the adequate protection provided to

M&T hereunder is insufficient to compensate for any diminution in value of M&T's interests in

their its prepetition Collateral during these chapter 11 cases or any Successor Case. Nothing

contained herein shall be deemed a finding by the Court, or an acknowledgement by M&T, that

the adequate protection granted herein does in fact adequately protect M&T against any

diminution in value of its interest in the Collateral (including Cash Collateral).

17.     No Waiver by Failure to Seek Relief. The failure of M&T to seek relief or

otherwise exercise its rights and remedies under this Interim Order or applicable law, as the case

may be, shall not constitute a waiver of any rights hereunder, thereunder, or otherwise of M&T.

Nothing contained herein shall be deemed a finding by the Court, or an acknowledgement by

M&T, that the adequate protection granted herein does in fact adequately protect M&T against

any diminution in value of its interest in the Collateral (including Cash Collateral).

18.     Proofs of Claim. M&T will not be required to file a proof of claim in these chapter

11 cases or any Successor Case or Cases for its claims to be allowed, and the Debtors' stipulations

that (i) the Bank has asserted a secured claim against the Debtors in the approximate principal

amount of $6,765,518.03, plus accrued and unpaid interest, plus fees and costs pursuant to the

M&T Loan Documents as of April 30, 2018 and (ii) that the Bank has a first priority, perfected

security interest in substantially all of the Debtors' assets, shall be deemed to constitute a timely

filed proof of claim. Any order entered by the Court in relation to the establishment of a bar date

3934178
3934178

Page: 17
Debtors: Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.: 18-19054 (JNP)
Caption: INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D) SETTING A FINAL HEARING

for any claim (including, without limitation, administrative claims) in these chapter 11 cases or any Successor Case or Cases shall not apply to M&T.

19.    Good Faith. M&T has acted in good faith in connection with this Interim Order and its reliance on this Interim Order is in good faith.

20.    Access to Debtors. The Debtors shall permit representatives, agents and/or employees of M&T, including professionals retained by M&T's legal professionals, to have reasonable access to its premises and records during normal business hours and shall cooperate, consult with and provide to such persons all such non-privileged information as they may reasonably request.

21.    Escrow. The Debtors shall escrow the amount of $55,000.00 for the contingent benefit of J. Ambrogi Food Distribution, Inc., which asserts an interest in Debtors' assets under the trust provision of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(2) ("PACA"), which the Debtors dispute.   The Debtors shall fund this escrow over the thirteen-week budget period provided in **Exhibit A**. This escrow provision is made without prejudice to any interested Party's right to move to increase or decrease the amount escrowed or object to the timing or the funding of the escrow, and no funds shall be disbursed from this escrow without further order of this Court.

22.    PACA Reservation of Rights. Nothing in this Order impairs or affects the rights of creditors of the Debtors from asserting statutory trust claims under Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c), or impairs any defenses of the Debtors, M&T, or any other party in interest to such claims

3934178
3934178

Page: 18
Debtors:      Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:     18-19054 (JNP)
Caption:      INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
SETTING A FINAL HEARING

23.    Binding Effect of Interim Order. This Interim Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable *nunc pro tunc* to the Petition Date immediately upon entry. Immediately upon entry by this Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Interim Order shall become valid and binding upon and inure to the benefit of the Debtors, M&T, the U.S. Trustee, all other creditors of any of the Debtors, any committee appointed in these chapter 11 cases, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in these chapter 11 cases, any Successor Case or Cases, or upon dismissal of these chapter 11 cases or a Successor Case or Cases. In the event of any inconsistency between the provisions of this Interim Order and any other order (including any "First Day" Pleadings and Orders relating thereto), the provisions of this Interim Order shall govern and control. Any payments to be made under any order (including any "First Day" order) shall be made in accordance with this Interim Order and the Budget.

24.    No Modification of Interim Order. The Debtors irrevocably waive any right to seek any amendment, modification or extension of this Interim Order without the prior written consent of M&T, and no such consent shall be implied by any other action, inaction or acquiescence of M&T. In the event any or all of the provisions of this Interim Order are hereafter modified, amended or vacated by a subsequent order of this Court or any other court, such modification, amendment or vacatur shall not affect the validity, perfection, priority, allowability, enforceability or non-availability of any advances, payments or use of cash whether previously or hereunder, or lien, claim or priority authorized or created hereby. Any liens or claims granted to M&T hereunder arising prior to the effective date of any such modification, amendment or

3934178
3934178

Page: 19
Debtors:       Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:      18-19054 (JNP)
Caption:       INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
               ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
               SETTING A FINAL HEARING

vacatur of this Interim Order shall be governed in all respects by the original provisions of this Interim Order, including entitlement to all rights, remedies, privileges and benefits granted herein.

25.    Survival. The provisions of this Interim Order and any actions taken pursuant hereto shall survive entry of any order which may be entered: (a) confirming any plan of liquidation in these chapter 11 cases; (b) converting these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code; (c) dismissing these chapter 11 cases or any Successor Case or Cases; or (d) pursuant to which this Court abstains from hearing these chapter 11 cases or a Successor Case or Cases. The terms and provisions of this Interim Order, including the claims, liens, security interests and other protections granted to M&T pursuant to this Interim Order, notwithstanding the entry of any such order, shall continue in these chapter 11 cases, in any Successor Case or Cases, or following dismissal of these chapter 11 cases or any Successor Case or Cases, and shall maintain their priority as provided by this Interim Order until the Pre-Petition Debt has been indefeasibly paid in full.

26.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

27.    This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from this Order.

28.    Notwithstanding anything to the contrary in the Federal Rules of Bankruptcy Procedure or otherwise, the effectiveness of this Order shall not be stayed, and this Order shall be immediately effective upon its entry.

## SECOND INTERIM HEARING ORDER

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or

3934178
3934178

Page: 20
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:       18-19054 (JNP)
Caption:        INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
                ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
                SETTING A FINAL HEARING

other interested party having any objection to this Interim Order shall file with the Clerk of this

Court and serve upon counsel for the Debtors before the 14th day of May, 2018,  written

objection and shall appear to advocate said objection at  a Second Interim Hearing to be held on

the 21st day of May, 2018, at 10:00 a.m. in Courtroom 4C in the United States Bankruptcy Court,

Camden, New Jersey.

### NOTICE OF ORDER

IT IS FURTHER ORDERED that the Debtors serve a copy of this Order by first class

mail within one (1) business day from the date hereof, on upon (i) the Office of the United States

Trustee for the District of New Jersey, One Newark Center, Suite 2100, 1085 Raymond

Boulevard, Newark, NJ 07102; (ii) counsel for the M&T, c/o Diane E. Vuocolo, Greenberg

Traurig, LLP, 2700 Two Commerce Square, 2001 Market Street, Philadelphia, PA 19103; (iii) the

Debtors' secured creditors; (iv) the Internal Revenue Service, 2970 Market Street, Mail Stop 5-

Q30.133, Philadelphia, PA 19104-5016 (overnight mail address); (v) the New Jersey Division of

Taxation Compliance and Enforcement Bankruptcy Unit, 50 Barrack Street, P.O. Box 245, 9th

Floor, Trenton, NJ 08695; (vi) the Office of the Attorney General of the State of New Jersey,

Division of Law, Richard J. Hughes Justice Complex, 25 Market Street, Trenton, NJ 08625; (vii)

the Office of the United States Attorney, Peter Rodino Federal Building, 970 Broad Street, Suite

700, Newark, NJ 07102; (viii) the United States Attorney General, United States Department of

Justice, Ben Franklin Station, P.O. Box 683, Washington, DC 20044; (ix) the Debtors'

consolidated thirty largest unsecured creditors; and (x) those parties who have filed a notice of

appearance and request for service of pleadings in this Chapter 11 case pursuant to Fed. R. Bankr.

3934178
3934178

Page: 21
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*
Case No.:       18-19054 (JNP)
Caption:        INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING
                ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D)
                SETTING A FINAL HEARING

P. 2002.

**Cash Receipts and Disbursements**
**Garce Restaurant Group**

| | April 4/24-4/30 | May 5/1-5/7 | May 5/8-5/14 | May 5/15-5/21 | May 5/22-5/28 | June 5/29-6/4 | June 6/5-6/11 | June 6/12-6/18 | June 6/19-6/25 | June 6/26-7/2 | July 7/3-7/9 | July 7/10-7/16 | July 7/17-7/23 | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cash Receipts:** | | | | | | | | | | | | | | |
| Gross Receipts - Restaurants | 492,866 | 550,962 | 550,962 | 550,962 | 550,962 | 528,383 | 528,383 | 528,383 | 528,383 | 528,383 | 375,062 | 375,062 | 375,062 | 6,463,837 |
| Gross Receipts - Catering | 349,439 | 417,847 | 348,241 | 333,145 | 323,096 | 368,789 | 281,194 | 323,487 | 275,225 | 282,999 | 191,142 | 226,040 | 202,535 | 3,923,177 |
| Less Escrowed Catering Deposits | (85,249) | (124,615) | (55,010) | (39,923) | (29,874) | (95,080) | (7,485) | (49,778) | (1,516) | (9,290) | (21,029) | (55,927) | (32,422) | (617,236) |
| Release of Escrowed Catering Deposits | 0 | 38,841 | 98,759 | 60,950 | 18,926 | 18,660 | 72,178 | 3,536 | 30,263 | 1,516 | (21,029) | 290 | 61,956 | 405,837 |
| Receipts - Management | | | | | | | | | | | | 96,188 | | 343,274 |
| Gift Card Sales | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Other | | | | | | | | | | | | | | 0 |
| **Total Cash Receipts** | 747,057 | 883,025 | 942,943 | 1,044,137 | 863,110 | 820,752 | 874,270 | 913,654 | 832,355 | 803,608 | 545,464 | 641,363 | 607,131 | 10,518,880 |
| | | | | | | | | | | | | | | |
| **Cash Disbursements:** | | | | | | | | | | | | | | |
| Payroll, Taxes and Benefits (PTEB) | 263,000 | 350,000 | 390,000 | 390,000 | 390,000 | 390,000 | 390,000 | 390,000 | 278,000 | 390,000 | 278,000 | 380,000 | 268,000 | 4,251,000 |
| Health & Dental Insurance | | 86,000 | 86,000 | | | | | | 86,000 | | | | | 258,000 |
| Rent | | 125,387 | | | 125,387 | | | | 125,387 | | | | | 376,161 |
| Fees Paid to Venue - Kimmel & Volker | 24,286 | 23,691 | 23,691 | 23,691 | 21,050 | 21,050 | 21,050 | 21,050 | 21,050 | 21,050 | 8,735 | 8,735 | 8,735 | 256,593 |
| Insurance | 4,886 | 17,209 | 4,342 | 45,728 | 7,836 | 20,551 | 37,293 | 10,772 | 5,498 | 17,209 | 38,087 | 41,315 | | 250,733 |
| Utilities | 15,073 | 17,063 | 17,063 | 17,063 | 17,063 | 16,169 | 16,169 | 16,169 | 16,169 | 16,169 | 10,991 | 10,991 | 10,991 | 197,142 |
| Property Taxes | 7,500 | | | | | 5,000 | | | | 5,000 | | | | 0 |
| Food Purchases | 91,625 | 99,762 | 99,762 | 99,762 | 99,762 | 94,770 | 94,770 | 94,770 | 94,770 | 94,770 | 61,784 | 61,784 | 61,784 | 1,140,271 |
| Beverage Purchases | 36,944 | 40,278 | 40,278 | 40,278 | 40,278 | 38,274 | 38,274 | 38,274 | 38,274 | 38,274 | 25,065 | 25,065 | 25,065 | 462,637 |
| Rental and Labor Cost | 59,410 | 58,391 | 58,391 | 58,391 | 58,391 | 54,058 | 54,058 | 54,058 | 54,058 | 54,058 | 21,711 | 21,711 | 21,711 | 707,538 |
| Direct Operating | 90,438 | 102,376 | 102,376 | 102,376 | 102,376 | 97,015 | 97,015 | 97,015 | 97,015 | 97,015 | 65,945 | 65,945 | 65,945 | 1,183,507 |
| Sales Tax/Liquor Tax | | | 145,250 | 145,259 | | | | | 299,556 | | | | 354,329 | 740,394 |
| Credit Card Fees | | | | | | | | | | | | | | 0 |
| Other-credit card and bank fees | | 35,000 | | | | | 35,000 | | | 35,000 | | | | 105,000 |
| Other-Penalties and fines | | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 24,000 |
| **Total Operating Disbursements** | 593,162 | 911,156 | 625,902 | 1,010,337 | 629,386 | 873,722 | 626,886 | 750,628 | 997,664 | 879,210 | 496,440 | 614,318 | 945,875 | 9,954,762 |
| | | | | | | | | | | | | | | |
| Net Cash Flow Before Debt Service, Restruct Pro Fees & CapEx | 153,895 | (28,131) | 317,041 | 33,800 | 233,714 | (52,970) | 247,384 | 163,026 | (165,309) | (75,613) | 49,024 | 27,045 | (338,744) | (825,780) |
| | | | | | | | | | | | | | | |
| BRT 2017 Past due installments | | | | 26,000 | | | 27,000 | | | | | | | |
| Court Ordered Escrow | | | | | | | | | | | | | | 0 |
| Annex Loan Settlement Repayment ($412k left as of 04.18) | 20,808 | 22,662 | 22,662 | 22,662 | 22,662 | 23,144 | 23,144 | 23,144 | 23,144 | 23,144 | 13,884 | 13,884 | 18,334 | 18,334 |
| M&T Interest | | | | | | | | | | 37,039 | | | | 37,039 |
| CapEx | | 68,000 | | | | | | | | | 46,667 | 46,667 | 46,667 | |
| UST Fees | | | | | | | | | | | | | 40,000 | |
| 2017 Tax Returns fees | | | | | | 70,000 | | | | | | | | 70,000 |
| Restructuring Professional Fees & Costs | 75,000 | 65,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 60,551 | 155,924 | 1,395,262 |
| **Total Non-Operating Disbursements** | 95,808 | 87,662 | 140,662 | 114,995 | 143,144 | 104,240 | 91,477 | 110,183 | 110,551 | 155,924 | |
| | | | | | | | | | | | | | | |
| **Net Cash Flow** | 58,087 | (115,793) | 176,379 | (38,862) | 118,719 | 104,240 | 62,882 | (185,795) | (256,785) | (185,795) | (61,526) | (33,506) | (494,668) | (825,780) |
| | | | | | | | | | | | | | | |
| **DIP Funds** | | | | | | | | | | | | | | |
| Beginning Cash Balance | 300,000 | 358,087 | 242,294 | 418,673 | 379,811 | 498,530 | 335,377 | 439,617 | 502,500 | 245,715 | 100,000 | 33,506 | 364,887 | 500,000 |
| Net Cash Flow | 58,087 | (115,793) | 176,379 | (38,862) | 118,719 | (163,153) | 104,240 | 62,882 | (256,785) | (185,795) | 100,000 | 100,000 | 100,000 | 500,000 |
| **Ending Cash Balance** | 358,087 | 242,294 | 418,673 | 379,811 | 498,530 | 335,377 | 439,617 | 502,500 | 245,715 | 100,000 | 100,000 | (29,781) | (29,781) | (29,781) |
| | | | | | | | | | | | | | | |
| **DIP Balance** | 300,000 | | | | | 500,000 | | | | | | 135,113 | 500,000 | |