| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Warren J. Martin Jr., Esq. (wjmartin@pbnlaw.com)<br>Kelly D. Curtin, Esq. (kdcurtin@pbnlaw.com)<br>Rachel A. Parisi, Esq. (raparisi@pbnlaw.com)<br>*Proposed Counsel to Debtors* | |
| In Re:<br><br>Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*,[1]<br><br>Debtors. | Case No.: 18-19054 (JNP)<br><br>(Jointly Administered)<br><br>Chapter: 11<br><br>**Hearing Date and Time:**<br>May _____, 2018, at ___:___ __.m. |

**CERTIFICATION OF JOHN FIORETTI IN SUPPORT OF DEBTOR'S MOTION FOR AN ORDER APPROVING DEBTORS' KEY EMPLOYEE INCENTIVE PROGRAM AND AUTHORIZING, BUT NOT DIRECTING PAYMENTS THEREUNDER**

John Fioretti, of full age, hereby certifies and says as follows:

1.     I am the interim Chief Executive Officer ("CEO") of Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.* (collectively, the "Debtors"), in the above-captioned chapter 11 bankruptcy proceedings.

2.     In my capacity as interim CEO, I am familiar with the operations and business and financial affairs of the Debtors, and have sufficient knowledge of the matters set forth herein

---

[1] The Debtors in these cases and the last four digits of their employee identification numbers are: GRGAC1, LLC d/b/a Amada (7047); GRGAC2, LLC d/b/a Village Whiskey (7079); GRGAC3, LLC d/b/a Distrito Cantina (7109); GRGAC4, LLC (0542); Garces Restaurant Group, Inc. d/b/a Garces Group (0697); Latin Valley 2130, LLC; La Casa Culinary, LLC d/b/a Amada Restaurant (4127); Garces Catering 300, LLC d/b/a Garces Catering (3791); Latin Quarter Concepts, LLC d/b/a Tinto d/b/a Village Whiskey (0067); UrbanFarm, LLC d/b/a JG Domestic (3014); GR300, LLC d/b/a Volver (0347); GRG2401, LLC (7222); GRGChubb1, LLC (8350); GRGFC1, LLC (2040); GRGKC1, LLC; GRGWildwood, LLC (9683); and GRGNY2, LLC (0475).

3942287

to make this certification in support of the Debtor's motion for an order approving debtors' key employee incentive program and authorizing, but not directing payments thereunder (the "Motion").[2]

3. On May 2, 2018 (the "Petition Date"), each of the Debtors commenced their bankruptcy cases by filing voluntary petitions under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.

4. The Debtors also considered ways to ensure the commitment of certain key personnel vital to the Debtors' operations. In concert with their professionals, the Debtors designed a key employee incentive program (the "KEIP") with the goal of ensuring effective and stable management of the Debtors' operations in a cost-effective way in order to maximize the value of the Debtors assets for the benefit of all interested parties. The KEIP was designed to reduce disruption to employees while improving morale and incentivizing job performance. The Debtors worked to ensure that the KEIP was competitive within the industry and that the incentives were appropriate to encourage loyalty by, among other things, reviewing similar incentive-based programs recently approved in chapter 11 cases.

A. **Description of the Key Employee Incentive Program**

5. In the summer of 2017, the Debtors began to roll out the KEIP. The agreements relating to the KEIP are identical except for the names, dates and amounts of the lump sum bonuses (the "Bonuses"). A redacted KEIP agreement is attached as **Exhibit A**.[3]

6. Currently, there are thirty (30) employees, which are listed in **Exhibit B**[4] (the "Program Participants"), whose knowledge and skill have been and will continue to be essential

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.
[3] Exhibit A has been redacted to remove names, dates and amounts.
[4] Exhibit B has been filed under seal to protect the privacy of the Program Participants and minimize detrimental impacts on employee morale.

to maximizing the value of the Debtors' estates. The amounts of each of the Bonuses are also redacted, but the most frequently occurring Bonus amount is $5,000.

7. The KEIP provides that the Program Participants would receive a Bonus if and after certain conditions are satisfied, primary of which is the closing of a financing or sale transaction. The KEIP also required the Program Participants to sign the KEIP agreement, not resign employment or be terminated for misconduct or poor performance and must satisfactorily perform the tasks and responsibility that are assigned.

8. The Program Participants are active employees of the Debtors—largely middle management and not high level executives—who are working hard every day to ensure the Debtors' success in these cases and ensure the hospitality level and food quality continue to excel. I am not a Program Participant and neither is Mr. Garces. A Chief Cultural Officer, Chief Financial Officer and three (3) Vice Presidents are Program Participants. Notwithstanding their titles, the Chief Cultural Officer and Chief Financial Officer are the Debtors' second line of management below me and Mr. Garces, and the Vice Presidents that are Program Participants are a third tier level of management. Thus, although five of the Program Participants have senior titles, these individuals are not persons in control of the Debtors.

9. In addition to maintaining most of their normal responsibilities related to the Debtors' operations, the Program Participants already have, and will continue to, assume significantly greater responsibilities as a result of these chapter 11 cases.

10. Payments made under the KEIP are necessary to demonstrate consistency and commitment to the Program Participants, ensure the Program Participants focus their efforts on the successful operations of the Debtors' businesses, to maximize the recoveries assets, and minimize operational expenses. Without the incentives provided for in the KEIP, the Debtors

likely would lose the Program Participants that are most essential to their efforts and difficult to replace. The Debtors' ability to maintain their business operations, preserve the value of their assets, and maximize stakeholder recoveries through a successful and expedient restructuring process hinges on the Debtors' ability to incentivize and retain key employees during this critical period. Accordingly, the Debtors approval of the KEIP to motivate key employees to advance the Debtors' business and restructuring goals during the pendency of these Cases.

[signature page follows]

3942287

I certify, under penalty of perjury, that the foregoing statements made by me are true and correct, to the best of my knowledge, information, and belief.

Date: May 7, 2018                         By: _____
                                               John Fioretti

# **EXHIBIT A**

**Personal & Confidential**

Date: ███████

To: ███████

From: Jose Garces

RE: <u>Retention Bonus</u>

**Objective:** The Key Employee Retention Plan of Garces Restaurant Group (the "Company") is designed to encourage the retention of certain employees who are essential to the Company's operational and financial restructuring and will aid in maximizing the value of the Company for the benefit of its shareholders.

**The Plan:** The Company is offering an incentive to key employees to continue to remain employed by the Company and promote the long-term financial and cultural success of business operations. The Company is offering the retention bonus in recognition of the essential nature of your work, commitment, loyalty and leadership, and the positive impact you are expected to have during the restructuring process and on the Company's future growth.

I am writing to inform you that, in appreciation for your continued support of Garces Restaurant Group, the Company is offering you the opportunity to earn a retention bonus. The Company is offering this retention bonus because it wants to reward you with additional compensation provided that all of the conditions specified below are satisfied.

You will receive a lump sum retention bonus of $ ███████ (less applicable withholdings and deductions) if and after the following conditions are all satisfied:

(1) You must sign this Agreement in the space provided below and return it to the Company by no later than ███████;

(2) The Company achieves a "Capital Event", which is defined to mean the closing of a financing or sale transaction, whether it be from debt, equity or a combination of both, with the financing replacing all existing debt from M&T Bank;

(3) You must not resign your employment or be terminated for misconduct or poor performance prior to the Company's achievement of a Capital Event. If the Company terminates your employment for reasons other than misconduct or poor performance prior to achievement of a Capital Event, and all of the remaining conditions for the retention bonus are subsequently satisfied, including, but not limited to, the future achievement of a Capital Event, you will receive a pro-rated retention bonus based upon on the amount of time were employed with the Company between the date you executed this Agreement in timely fashion and the date you were terminated for other than misconduct or poor performance as compared to the time period between the date you executed this Agreement in timely fashion and the date of Capital Event is achieved provided you execute and do not revoke a waiver and general release of claims in a mutually acceptable form. For

example, if you signed this Agreement on or before █████ and the Company terminated your employment other than for misconduct or poor performance on █████ █████, and the Company subsequently achieved a Capital Event on █████, then you would receive a prorated payment equal to forty percent (40%)(e.g., approximately 60 days divided by 150 days) of the above-listed retention bonus amount less applicable withholdings and deductions; and

(4) You must satisfactorily perform the tasks and responsibility that are assigned to you through the date of Closing of the Capital Event.

If the conditions for you to receive the retention bonus or prorated retention bonus, as applicable, are all met, the payment, less applicable withholdings and deductions, would be made to you on or before fourteen (14) days following the date on which all of the conditions have been satisfied.

Please note that your employment remains "at will," meaning either you or the Company have the right to terminate your employment without prior notice at any time and for any reason.

If the Company should subsequently file for bankruptcy, the Company shall promptly petition the Bankruptcy Court to approve this Agreement.

The validity, interpretation and performance of this Agreement shall, in all respects, be governed by the laws of the Commonwealth of Pennsylvania.

No provision of this Agreement may be modified, altered or amended, except by collective agreement between the Company and you in writing. Notwithstanding anything in this Agreement to the contrary, you agree, without any further consideration, to consent to any amendment necessary to avoid penalties under Section 409A of the Internal Revenue Code.

EMPLOYEE ACKNOWLEDGEMENT AND SIGNATURE:

Although I understand that my employment is "at-will," and that this Agreement does not change my "at-will" status or my ability to resign my employment for any reason and at any time, by signing below I represent that I currently intend to continue employment with the Company in my current position through at least █████. I understand that the Company is offering the retention bonus described above in reliance upon my representation. I also agree that this Agreement and the terms contained herein will remain strictly confidential and, except as required by law, will not be disclosed by me under any circumstances other than to my immediate family members, my financial or legal advisors, or governmental agencies acting within the scope of their investigative authority.

Employee Signatu█████    Date: █████

Jose Garces Signat█████    Date: █████

# EXHIBIT B

# FILED UNDER SEAL