|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1** |  |
| **PORZIO, BROMBERG & NEWMAN, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Warren J. Martin Jr., Esq. (wjmartin@pbnlaw.com)<br>Kelly D. Curtin, Esq. (kdcurtin@pbnlaw.com)<br>Rachel A. Parisi, Esq. (raparisi@pbnlaw.com)<br>*Proposed Counsel to Debtors* |  |
| In Re:<br><br>Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*,[1]<br><br>Debtors. | Case No.: 18-19054 (JNP)<br><br>(Jointly Administered)<br><br>Chapter: 11<br><br>**Hearing Date and Time:**<br>May _____, 2018, at ___:___ __.m. |

**ORDER APPROVING DEBTORS' KEY EMPLOYEE INCENTIVE PROGRAM AND AUTHORIZING, BUT NOT DIRECTING PAYMENTS THEREUNDER**

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

---

[1] The Debtors in these cases and the last four digits of their employee identification numbers are: GRGAC1, LLC d/b/a Amada (7047); GRGAC2, LLC d/b/a Village Whiskey (7079); GRGAC3, LLC d/b/a Distrito Cantina (7109); GRGAC4, LLC (0542); Garces Restaurant Group, Inc. d/b/a Garces Group (0697); Latin Valley 2130, LLC; La Casa Culinary, LLC d/b/a Amada Restaurant (4127); Garces Catering 300, LLC d/b/a Garces Catering (3791); Latin Quarter Concepts, LLC d/b/a Tinto d/b/a Village Whiskey (0067); UrbanFarm, LLC d/b/a JG Domestic (3014); GR300, LLC d/b/a Volver (0347); GRG2401, LLC (7222); GRGChubb1, LLC (8350); GRGFC1, LLC (2040); GRGKC1, LLC; GRGWildwood, LLC (9683); and GRGNY2, LLC (0475).

3942288

Page: 2
Debtors: Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.: 18-19054 (JNP)
Caption: ORDER APPROVING DEBTORS' KEY EMPLOYEE INCENTIVE PROGRAM AND AUTHORIZING, BUT NOT DIRECTING PAYMENTS THEREUNDER

**THIS MATTER** having been opened by the above-captioned debtors and debtors-in-possession, Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.* (the "Debtors"), upon the Motion[2] for an Order approving debtors' key employee incentive program and authorizing, but not directing payments thereunder ; and the Court finding that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; (d) adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (e) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein,

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED to the extent set forth in this Order.

2. The KEIP is hereby approved for the Program Participants listed on **Exhibit B** to the Fioretti Certification, except that the KEIP is not approved for any participant whose employment with the Debtors ceased prior to the occurrence of the Capital Event as defined in the KEIP agreement attached as **Exhibit A** to the Fioretti Certification, and any further references to the KEIP in this Order shall refer to the KEIP as modified herein.

3. To the extent the Program Participants remain employed with the Debtors through the occurrence of the Capital Event as defined in the KEIP agreement, all amounts earned and payable under the KEIP to the Program Participants shall have administrative expense priority under sections 503(a) and 507(a)(2) of the Bankruptcy Code for all purposes in these chapter 11

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Case 18-19054-JNP    Doc 48-2    Filed 05/07/18    Entered 05/07/18 17:23:46    Desc
Proposed Order    Page 3 of 3

Page: 3
Debtors:    Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:    18-19054 (JNP)
Caption:    ORDER APPROVING DEBTORS' KEY EMPLOYEE INCENTIVE PROGRAM AND AUTHORIZING, BUT NOT DIRECTING PAYMENTS THEREUNDER

cases and in any other cases under the Bankruptcy Code to which these cases may be converted.

4.    The Debtors are hereby authorized, but not required, to take any and all actions necessary or appropriate to implement the KEIP and to make all payments provided under the KEIP to the Program Participants.

5.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is intended to constitute, the assumption or adoption of any contract or agreement under 11 U.S.C. § 365.

6.    Nothing in this Order is intended to, and shall not, constitute (i) an admission as to the validity or priority of any claim against the Debtors or any objection thereto or (ii) the assumption of any agreement.

7.    The Court finds and determines that the requirements set forth in Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

8.    To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are hereby waived.

9.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10.    This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from this Order.

11.    Notwithstanding anything to the contrary in the Federal Rules of Bankruptcy Procedure or otherwise, the effectiveness of this Order shall not be stayed, and this Order shall be immediately effective upon its entry.

3942288