Case 18-19054-JNP    Doc 218    Filed 05/30/18    Entered 05/30/18 14:04:12    Desc Main
                                Document      Page 1 of 7

NOT FOR PUBLICATION

FILED
JEANNE A. NAUGHTON, CLERK
MAY 30 2018
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:

GARCES RESTAURANT GROUP, INC., d/b/a GARCES GROUP, et al.,

Debtors.

Case No. 18-19054(JNP)
(Jointly Administered)

Chapter 11

Judge: Jerrold N. Poslusny, Jr.

## OPINION DENYING SPINNER FAMILY HOLDINGS, LLC'S AND JIM SORKIN'S MOTIONS FOR STAY PENDING APPEAL

Before the Court is the motion of Spinner Family Holdings, LLC ("SFH") for a stay pending appeal of this Court's Orders of May 22, 2018, denying SFH's motions to dismiss the Chapter 11 cases of La Casa Culinary, LCC (Case No. 18-19059, "LCC") and Latin Quarter Concepts, LLC (Case No. 18-19060, "LQ"). Jim Sorkin filed a joinder to the motion (SFH's motion to for a stay pending appeal and Sorkin's joinder are collectively referred to as the "Motion") and also requested a stay of proceedings in the Chapter 11 case of GRGBookies, LLC ("Bookies"). Because neither SFH nor Sorkin satisfied its burden for a stay pending appeal, the Motion will be denied.

A. Background

On May 2, 2018, LCC, LQ and various other related parties filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code. Bookies filed is Chapter 11 petition on May 17. SFH and Sorkin are minority members of LCC and LQ. Sorkin is also a minority member of Bookies. SFH and Sorkin filed motions to dismiss (the "Motions to Dismiss") LCC's, LQ's, and (in the case of Sorkin) Bookies' Chapter 11 cases arguing that these debtors did not have authority under their respective "Operating Agreements" to file the Chapter 11 petitions. LCC, LQ, and Bookies opposed the Motions to Dismiss. On May 21, the parties presented argument related to the Motions to Dismiss. The parties agreed to certain facts and argued that the

1

Operating Agreements are not ambiguous such that the Court could rule on the Motions to Dismiss in a manner similar to summary judgment. SFH and Sorkin argued that the relevant sections of the Operating Agreements show that LCC, LQ and Bookies did not obtain the requisite votes to file the Chapter 11 petitions, and thus the Motions to Dismiss should be granted. LCC, LQ, and Bookies argued that those same provisions show that the necessary votes had been cast, and that filing the petitions was authorized.

On May 22, the Court placed its opinion denying the Motions to Dismiss on the record. The Court determined that Mr. Garces's assignments of a portion of his membership interests in LCC, LQ, and Bookies to other wholly owned entities and then having those entities vote in favor of filing the Chapter 11 petitions was allowed under the unambiguous terms of the Operating Agreements. Orders denying the Motions to Dismiss were entered on May 22.

The Motion asks the Court to stay or enjoin LCC, LQ, and Bookies from: (a) disposing of any assets outside the ordinary course of business; (b) retaining bankruptcy professionals; (c) compromising, settling, waiving, or releasing any rights, remedies, claims or defenses of LCC's, LQ's, or Bookies' estate; and (d) seeking any relief from the Court other than to enforce the automatic stay.[1] In other words, the Motions seek to stay the bankruptcy cases of LCC, LQ, and Bookies while SFH's and Sorkin's appeals proceed.

The Court heard argument on the Motion on May 29; at the conclusion of argument the Court stated that the Motion would be denied and an opinion stating the basis for the decision would be forthcoming.

---

[1] The Motion was filed prior to LCC, LQ, and Bookies filing appeals of the Orders, which is permitted by Fed. R. Bankr. P. 8007(a)(2). No appeal have been filed as of the date of this Opinion.

B.  Discussion

Bankruptcy Rule 8007 requires a party to initially seek a stay pending appeal in the Bankruptcy Court. See Fed. R. Bankr. P. 8007(a). The Motion seeks a stay of proceedings while SFH's and Sorkin's appeals proceed in the District Court pursuant to Bankruptcy Rule 8007(a)(1)(C).

In In re Revel AC, Inc., 802 F.3d 558 (3d Cir. 2015), the Third Circuit noted that the following four factors "come into play" when seeking a stay pending appeal:

(1) whether the appellant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. at 568 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). The first two factors are the most important in the Court's consideration of a request for a stay pending appeal. See id. (citing Nken v. Holder, 556 U.S. 418, 434 (2009)). The Court should employ a sliding scale approach related to those factors. See id. For example, if the chance of success is low and the likelihood of irreparable injury is also low, a stay should not be granted. See id. However, if SFH and Sorkin satisfy the first two factors, the Court should consider the harm to the non-moving parties and the public policy implications. See id. at 569.

Because the Court determines that SFH and Sorkin did not make the requisite showing on the first two factors, the Court need not consider the remaining factors. See Revel, 802 F.3d at 571. Nevertheless, as discussed below, even if SFH and Sorkin were able to show that the first and second factors fell in their favor, the Court would still determine that a stay pending appeal is not appropriate because of the harm to the non-moving parties and the public interest.

*1.  Likelihood of Success*

To show a likelihood of success, SFH and Sorkin must show "a reasonable chance, or probability, of winning." Revel, 802 F.3d at 568 (quoting Singer Mgmt. Consultants, Inc. v.

Milgram, 650 F.3d 223, 229 (3d Cir. 2011)). So, while SFH and Sorkin must show that their chances of success are more than negligible, they need not show that it is more likely than not that the appeal will be successful. See id. at 659 (citing Nken, 556 U.S. at 434, and Singer Mgmt. Consultants, 650 F.3d at 229).

The Motion and arguments of counsel at the hearing were essentially that SFH and Sorkin disagree with the Court's decision. But SFH and Sorkin did not provide any argument to suggest why the Court's interpretation of the Operating Agreements may not have been correct, or why their proposed interpretation should be considered. Moreover, the Court has revisited its opinion related to the Motions to Dismiss and sees no basis to alter that decision. SFH's and Sorkin's attorneys confirmed at the hearing that the appeals will argue that the Court should have interpreted the Operating Agreements as SFH and Sorkin proposed in the Motions to Dismiss, including that Mr. Garces's assignments of part of his interests in LCC, LQ, and Bookies to wholly owned entities was an assignment of an economic interest only, and not of any governing interest. The Court explained in its decision denying the Motions to Dismiss, that the language of paragraph 13 of the LCC's and LQ's Operating Agreements and paragraph 15 of Bookies' Operating Agreement, did not limit the transfers to only economic interests, especially when considered with other paragraphs of the Operating Agreements, and with language at the end of paragraph 13 (for LCC and LQ) and 15 (for Bookies) that the assignee must agree to the terms and conditions of the rest of the respective Operating Agreement. Therefore, SFH and Sorkin have not shown a strong likelihood of success on appeal.

*2. Irreparable Harm to SFH and Sorkin*

SFH and Sorkin must show that "irreparable harm is likely [not merely possible] in the absence of [a] [stay]." Revel, 802 F.3d at 569 (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)) (emphasis and brackets in Revel). SFH and Sorkin argue that they will

suffer irreparable harm because LCC's, LQ's, and Bookies' bankruptcy cases will go forward without those entities having authority to be in Chapter 11, and that the proposed asset sale would also move forward. However, SFH and Sorkin have not shown how this result causes any harm, let alone irreparable harm, especially in light of the arguments and representations that all of the debtors are jointly and severally liable to M&T Bank for approximately $7.5 million, while the cash portion of stalking horse bid for all of the debtors' assets is $2 million. Moreover, LCC's Schedules list priority and unsecured claims of $910,000; and LQ's Schedules list priority and unsecured claims of $800,000.[2] As such, it appears that LCC, LQ, and Bookies are insolvent, and thus, there is no value to SFH's or Sorkin's equity interests in LCC, LQ, or Bookies; and that there would be no irreparable harm if a stay is not entered.

### 3. *Substantial Injury to Other Parties*

The potential harm to other parties could be substantial. The motion to sell assets seeks approval of the sale of substantially all of the assets of all of the Debtors, which includes the assets of LCC, LQ, and Bookies. If the Court were to impose a stay, that sale would not include assets LCC, LQ, and Bookies, which could result in the buyer reducing or withdrawing its offer. Removing LCC, LQ, and Bookies from the sale could also cause potential bidders to decide not participate or to offer substantially lower bids. This would result in a reduced recovery by M&T and other creditors in these cases. Moreover, if a stay were imposed, the present buyer may determine not to go forward with the sale, and another buyer may not immediately step forward. This would likely result in the debtors not being able to continue with their operations, which could result in all of the cases converting to Chapter 7, further reducing the value of the debtors' assets, which in turn would further reduce the recovery to M&T and other creditors. In addition, if the debtors cease operations, 750 employees would lose their jobs.

---

[2] Bookies has not yet filed its Schedules.

Therefore, other parties could suffer substantial harm if a stay pending appeal were put in place, and thus this factor falls in favor of not granting the Motion.

### 4. *Public Policy*

SFH did not provide an argument why the public policy favors granting a stay pending appeal, noting only that "the public interest surely lies in favor of granting the Stay/Injunction." SFH's Motion ¶ 8. Sorkin's joinder did not include any discussion of the public policy factor. At the hearing, SFH's counsel only stated that public policy falls in its favor and not the debtors' favor – but did not provide any factual in support of this statement. Sorkin's counsel joined SFH's argument and did not make any supplemental argument related to public policy. Therefore, SFH and Sorkin did not show any reason why the public policy favors the granting of a stay.

On the other hand, the Debtors and the Committee suggested several reasons why the public interest favors not imposing a stay. There is an interest in maintaining companies as going concerns, even if it is done through an asset sale. There is also a public interest in maintaining the value of gift cards and deposits made by customers. Finally, there is an interest in maintaining employment for 750 people. Therefore, this factor weighs in favor of not granting a stay pending appeal.

Therefore, SFH and Sorkin have not satisfied the requirements for the Court to impose a stay pending appeal.

Finally, SFH and Sorkin did not propose to post a bond in order to obtain a stay pending appeal. Mr. Martin suggested that if a bond were considered it should be in the amount of at least $14 million (the pre-petition offer for the sale of the assets). SFH and Sorkin objected to the posting of any bond. Because the Court concludes that SFH and Sorkin have not satisfied any of the factors discussed in Revel, and because SFH and Sorkin have not indicated a willingness to post a bond, the Court does not consider the appropriate amount or terms of a bond.

C. Conclusion

For the reasons discussed above, the Court concludes that SFH and Sorkin have not shown that there is a reasonable likelihood of success on the merits or likelihood of irreparable harm to SFH and Sorkin. Therefore, a stay pending appeal should not be entered, and the Motion must be denied. Even if SFH and Sorkin had shown a likelihood of success and irreparable harm, the harm to other parties in these cases is greater than the harm to SFH and Sorkin, and that the public policy falls in favor of not entering a stay pending appeal.

Therefore, the Motion is denied.

Dated: May 30, 2018

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE