| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Warren J. Martin Jr., Esq. (wjmartin@pbnlaw.com)<br>Kelly D. Curtin, Esq. (kdcurtin@pbnlaw.com)<br>Rachel A. Parisi, Esq. (raparisi@pbnlaw.com)<br>*Counsel to Debtors* | **Order Filed on June 28, 2018 by<br>Clerk U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*, [1]<br><br>    Debtors. | Case No.: 18- 19054 (JNP)<br><br>(Jointly Administered)<br><br>Chapter: 11<br><br>Judge: Jerrold N. Poslusny, Jr. |

# ORDER: (I) ESTABLISHING DEADLINE AND PROCEDURE FOR FILING CERTAIN ADMINISTRATIVE CLAIMS; AND (II) APPROVING FORM, MANNER, AND <u>SUFFICIENCY OF NOTICE THEREOF</u>

The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

**DATED: June 28, 2018**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of their employee identification numbers are: GRGAC1, LLC d/b/a Amada (7047); GRGAC2, LLC d/b/a Village Whiskey (7079); GRGAC3, LLC d/b/a Distrito Cantina (7109); GRGAC4, LLC (0542); Garces Restaurant Group, Inc. d/b/a Garces Group (0697); Latin Valley 2130, LLC; La Casa Culinary, LLC d/b/a Amada Restaurant (4127); Garces Catering 300, LLC d/b/a Garces Catering (3791); Latin Quarter Concepts, LLC d/b/a Tinto d/b/a Village Whiskey (0067); UrbanFarm, LLC d/b/a JG Domestic (3014); GR300, LLC d/b/a Volver (0347); GRG2401, LLC (7222); GRGChubb1, LLC (8350); GRGKC1, LLC; GRGWildwood, LLC (9683); GRGNY2, LLC (0475); GRGDC2, LLC d/b/a Latin Market (8878); GRGBookies, LLC d/b/a The Olde Bar (4779), and GRGAC5, LLC (9937).

3987601

Debtor: Garces Restaurant Group, Inc., d/b/a Garces Group
Case No.: 18-19054 (JNP)
Caption of Order:  ORDER: (I) ESTABLISHING DEADLINE AND PROCEDURE FOR FILING CERTAIN ADMINISTRATIVE CLAIMS; AND (II) APPROVING FORM, MANNER, AND SUFFICIENCY OF NOTICE THEREOF

THIS MATTER having been opened to the Court by Garces Restaurant Group, Inc., d/b/a Garces Group, et al. (the "Debtors"), by and through their counsel, Porzio, Bromberg & Newman, P.C., upon their motion (the "Motion") for entry of an Order (i) establishing **July 23, 2018 at 5:00 p.m. (prevailing Eastern Time)** (the "Administrative Claims Bar Date") as the deadline for filing proofs of claim that assert administrative expense claims (the "Administrative Claims") under section 503 of Title 11 of the United States Code (the "Bankruptcy Code"), (ii) approving the procedures for filing the Administrative Claims, including use of required Local Form *Request for Payment of Administrative Expense* pursuant to D.N.J. LBR 3001-1(a), and (iii) approving the notice of the Administrative Claims Bar Date; and the Court having considered all the pleadings filed in support of the Motion, the objections, if any, and the Court having determined that the relief requested in the Motion is in the best interest of the Debtors and their estates; and good cause appearing for the entry of this Order, it is hereby **ORDERED** as follows:

1. The Motion is granted as set forth herein.

2. Any and all Administrative Claims shall be asserted and determined in accordance with the following procedures:

> (a) Administrative Claims Bar Date.  A party asserting an Administrative Claim for all Administrative Claims arising on or prior to **June 30, 2018** shall file a Proof of Administrative Claim (as defined below) on or before the Administrative Claims Bar Date.
>
> (b) Approving Notice of Administrative Claims Bar Date.  The Debtors propose to mail notice of the Administrative Claims Bar Date, substantially in the form of the notice attached hereto as Exhibit B (the "Administrative Bar Date Notice"), upon certain parties of their creditor matrix (including all parties that they reasonably believe may be a holder of an Administrative Claim) by

Case 18-19054-JNP    Doc 361    Filed 06/28/18    Entered 06/28/18 18:05:53    Desc Main
Document    Page 3 of 11

Page 2
Debtor: Garces Restaurant Group, Inc., d/b/a Garces Group
Case No.: 18-19054 (JNP)
Caption of Order:  ORDER: (I) ESTABLISHING DEADLINE AND PROCEDURE FOR FILING CERTAIN ADMINISTRATIVE CLAIMS; AND (II) APPROVING FORM, MANNER, AND SUFFICIENCY OF NOTICE THEREOF

overnight mail no later than one (1) business days after entry of the Order.

(c) <u>Approving Procedures for Filing a Proof of Administrative Claim.</u> The Debtors propose that each claimant asserting an Administrative Claim must submit a proof of Administrative Claim (each, a "<u>Proof of Administrative Claim</u>"), utilizing Local Form *Request for Payment of Administrative Expense* pursuant to D.N.J. LBR 3001-1(a) and as attached hereto as Exhibit A, together with any supporting documentation (*e.g.,* invoices). The Administrative Claim must be actually received by the Court by no later than the Administrative Bar Date in order to be considered timely filed. Delivery of the Administrative Claim must be made to the Court either by electronic filing via the Court's CM/ECF system, U.S. Mail, messenger or overnight courier, and any Administrative Claim sent in any other manner, including by facsimile, telecopy or electronic mail transmission, will not be accepted. The Debtors request that any Administrative Claim that is not timely filed in accordance with the terms of this Proposed Order be disallowed and that the claimant holding such Administrative Claim shall be forever barred, estopped and enjoined from asserting such Administrative Claim against the Debtors or their estates or receiving any distribution on account of such Administrative Claim.

(d) <u>Claimants Exempt from Filing a Proof of Administrative Claim.</u> The following Administrative Claims need not be filed prior to the Administrative Claims Bar Date: (i) any party that has already properly filed an Administrative Claim with the Debtors that clearly sets forth the Debtor against which the party has asserted an Administrative Claim and that such party is asserting an Administrative Claim; (ii) any party whose Administrative Claim has been allowed by a prior order of the Court; (iii) any Debtor or Debtors holding an Administrative Claim against one or more other Debtors; (iv) any professional advisor (i.e., attorneys, financial advisors, accountants, claims agents) retained by the Debtors or the Committee under Sections 327, 328, 330, 331, 363, or 1103 of the Bankruptcy Code and whose Administrative Claim is for services rendered and/or reimbursement of expenses incurred in these Chapter 11 cases; (v) any member of the Committee for reimbursement of expenses incurred in connection with its service on the Committee, (vi) claims of trade and other administrative creditors arising after **June 30, 2018**, which claims shall either be paid in the ordinary course or be subject to a separate application,

3

Case 18-19054-JNP    Doc 361    Filed 06/28/18    Entered 06/28/18 18:05:53    Desc Main
Document    Page 4 of 11

Page 2
Debtor: Garces Restaurant Group, Inc., d/b/a Garces Group
Case No.: 18-19054 (JNP)
Caption of Order:  ORDER: (I) ESTABLISHING DEADLINE AND PROCEDURE FOR FILING CERTAIN
ADMINISTRATIVE CLAIMS; AND (II) APPROVING FORM, MANNER, AND
SUFFICIENCY OF NOTICE THEREOF

and (vii) any Administrative Claims of the Ballard Brands and/or its affiliates.

3. The Proof of Administrative Claim form contained within the New Jersey Local Forms, which the Debtors are sending out to potential administrative creditors, is attached hereto as <u>Exhibit A</u>. The Administrative Bar Date Notice attached hereto as <u>Exhibit B</u> is hereby approved and shall be deemed adequate and sufficient if served by the Debtors upon (i) all parties known by the Debtors to have provided post-petition goods and/or services to the Debtors after the Petition Date and prior to **June 30, 2018**; (ii) all creditors the Debtors reasonably believe may have supplied goods that the Debtors received in the 20 day period preceding the Petition Date; and (iii) all parties on the Core and Master Service Lists, by overnight mail no later than one (1) business days after entry of the Order.

4. The filing of this Motion should not be construed as a request to modify the General Bar Date.

5. Any claimant allegedly holding an Administrative Claim against the Debtors that is required to file a request for an Administrative Claim in these chapter 11 cases on or before the Administrative Bar Date but fails to do so in a timely manner shall be forever barred, estopped, and enjoined from asserting an administrative expense claim against the Debtors or the Debtors' estates (or filing any request with respect thereto), and any holder of such an Administrative Claim shall not be entitled to any payment or permitted to participate in any distribution in these chapter 11 cases on account of such Administrative Claim and shall not be entitled to receive any further notices regarding such Administrative Claim, and consistent with any confirmed chapter 11 plan, the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Claim.

Debtor: Garces Restaurant Group, Inc., d/b/a Garces Group
Case No.: 18-19054 (JNP)
Caption of Order: ORDER: (I) ESTABLISHING DEADLINE AND PROCEDURE FOR FILING CERTAIN ADMINISTRATIVE CLAIMS; AND (II) APPROVING FORM, MANNER, AND SUFFICIENCY OF NOTICE THEREOF

6. Nothing contained in the Motion or this Order shall affect, modify, or limit the rights of any claimant, the Debtors, or any other party-in-interest to challenge the allowance of any claim and all rights and defenses are preserved. The Debtors shall retain the right to dispute or assert offsets or defenses against any Administrative Claim as to nature, amount, liability, classification or otherwise.

7. The Debtors are authorized and empowered to take any and all actions necessary to implement or effectuate the terms of this Order.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.

# EXHIBIT A

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | | REQUEST FOR PAYMENT OF<br>ADMINISTRATIVE EXPENSE |
|---|---|---|
| In re: | Chapter 11<br><br>Case Number: | |

| NOTE: This form should not be used for an unsecured claim arising prior to the commencement of the case. In such instances, a proof of claim should be filed. |
|---|

| Name of Creditor:<br>(The person or other entity to whom the debtor owed money or property.)<br><br>Name and Addresses Where Notices Should Be Sent: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: | Check here if this request:<br>☐ replaces a previously filed request, dated:<br>☐ amends a previously filed request, dated: |
|---|---|

1. BASIS FOR CLAIM

    ☐ Goods Sold
    ☐ Services performed
    ☐ Money loaned
    ☐ Personal injury/wrongful death
    ☐ Taxes
    ☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries and compensations (Fill out below)

Provide last four digits of your social security number _____

2. DATE DEBT WAS INCURRED:

3. TOTAL AMOUNT OF REQUEST AS OF ABOVE DATE: _____

☐ Check this box if the request includes interest or other charges in addition to the principal amount of the request. Attach itemized statement of all interest or additional charges.

4. Secured Claim
☐ Check this box if your claim is secured by collateral (including a right of setoff).
    Brief Description of Collateral:

    ☐ Real Estate      ☐ Motor Vehicle
    ☐ Other (Describe briefly) _____

    Value of Collateral: $_____

☐ Check this box if there is no collateral or lien securing your claim.

5. **Credits**: The amount of all payments have been credited and deducted for the purposes of making this request for payment of administrative expenses.

6. **Supporting Documents**: *Attach copies of supporting documents*, such as purchase orders, invoices, itemized statements of running accounts, contracts as well as any evidence of perfection of a lien.

    DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain.
    If the documents are voluminous, attach a summary.

7. **Date-Stamped Copy**: To receive an acknowledgment of the filing of your request, enclose a self-addressed envelope and copy of this request.

THIS SPACE IS FOR COURT USE ONLY

| Date: | **Sign and print below the name and title, if any, of the creditor or other person authorized to file this request (attach copy of power of attorney, if any).**<br><br>_____ |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

NOTE: The filing of this request will not result in the scheduling of a hearing to consider payment of your administrative claim but will result in the registry of your administrative claim with the Bankruptcy Court. If you wish to have a hearing scheduled on your claim, you must file a motion in accordance with D.N.J. LBR 3001-1(b).      *rev.8/1/15*

# EXHIBIT B

**NOTICE OF ADMINISTRATIVE CLAIMS BAR DATE**

**GARCES RESTAURANT GROUP, INC., D/B/A GARCES GROUP,** *et al.*, [1]
**UNITED STATES BANKRUPTCY COURT, DISTRICT OF NEW JERSEY**
**CASE NO. 18-19054 (JNP) (JOINTLY ADMINISTERED)**

**DEADLINE TO FILE ADMINISTRATIVE CLAIMS: JULY 23, 2018 AT 5:00 P.M. (PREVAILING EASTERN TIME)**

**COMMENCEMENT OF CASES**: On May 2, 2018 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). All documents filed with the Court are available for inspection at the Office of the Clerk of the Bankruptcy Court, U.S. Post Office and Court House, 401 Market Street, Camden, New Jersey 08101 (the "Clerk's Office"). NOTE: The staff of the Clerk's Office is prohibited by law from giving legal advice.

**NOTICE OF ADMINISTRATIVE CLAIMS BAR DATE.** TO ALL CREDITORS, INCLUDING, WITHOUT LIMITATION, VENDORS, SUPPLIERS AND SERVICE PROVIDERS WITH CLAIMS ARISING UNDER 11 U.S.C. § 503 ON OR BEFORE JUNE 30, 2018. **PLEASE TAKE NOTICE** that the United States Bankruptcy Court for the District of New Jersey (the "Court") has established **5:00 p.m. Prevailing Eastern Time on July 23, 2018** (the "Administrative Bar Date"), as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file an administrative proof of claim based on claims against the Debtors arising under 11 U.S.C. § 503 on or before June 30, 2018 (an "Administrative Claim").

**FOR PURPOSES OF THIS NOTICE, A GENERAL ADMINISTRATIVE EXPENSE CLAIM IS A CLAIM AGAINST THE DEBTORS OR THE DEBTORS' ESTATES PURSUANT TO 11 U.S.C. §§ 503(B) AND 507(A)(2) THAT WAS INCURRED, ACCRUED, OR AROSE DURING EITHER (A) THE POSTPETITION PERIOD, I.E., FROM THE MAY 2, 2018 PETITION DATE THOUGH AND INCLUDING THE JUNE 30, 2018 EFFECTIVE TIME, INCLUDING, BUT NOT LIMITED TO, THE ACTUAL, NECESSARY COSTS AND EXPENSES, INCURRED ON OR AFTER THE PETITION DATE, OF PRESERVING THE DEBTORS' ESTATES AND OPERATING THE BUSINESS OF THE DEBTORS, INCLUDING WAGES, SALARIES OR COMMISSIONS FOR SERVICES RENDERED AFTER THE COMMENCEMENT OF THESE CHAPTER 11 CASES OR (B) THE 20 DAY PERIOD PRIOR TO THE PETITION DATE IF PURSUANT TO SECTION 503(B)(9) . THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH ONE OR MORE OF THE DEBTORS PRIOR TO AND DURING THEIR BANKRUPTCY CASES BUT MAY NOT HAVE AN UNPAID ADMINISTRATIVE CLAIM AGAINST ONE OR MORE OF THE DEBTORS. YOU SHOULD NOT FILE AN ADMINISTRATIVE CLAIM IF YOUR CLAIM AROSE PRIOR TO MAY 2, 2018, OR DOES NOT FALL UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE. DO NOT FILE A CLAIM IF YOU DO NOT HAVE AN ADMINISTRATIVE CLAIM AGAINST THE DEBTORS, OR IF THE CLAIM YOU HELD AGAINST ONE OR MORE OF THE DEBTORS HAS BEEN PAID OR OTHERWISE SATISFIED. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE AN ADMINISTRATIVE CLAIM OR**

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of their employee identification numbers are: GRGAC1, LLC d/b/a Amada (7047); GRGAC2, LLC d/b/a Village Whiskey (7079); GRGAC3, LLC d/b/a Distrito Cantina (7109); GRGAC4, LLC (0542); Garces Restaurant Group, Inc. d/b/a Garces Group (0697); Latin Valley 2130, LLC; La Casa Culinary, LLC d/b/a Amada Restaurant (4127); Garces Catering 300, LLC d/b/a Garces Catering (3791); Latin Quarter Concepts, LLC d/b/a Tinto d/b/a Village Whiskey (0067); UrbanFarm, LLC d/b/a JG Domestic (3014); GR300, LLC d/b/a Volver (0347); GRG2401, LLC (7222); GRGChubb1, LLC (8350); GRGKC1, LLC; GRGWildwood, LLC (9683); GRGNY2, LLC (0475); GRGDC2, LLC d/b/a Latin Market (8878); GRGBookies, LLC d/b/a The Olde Bar (4779), and GRGAC5, LLC (9937).

3987596

**THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE SUCH A CLAIM. WITH THE EXCEPTION OF SECTION 503(B)(9) OF THE BANKRUPTCY CODE, AN ADMINISTRATIVE CLAIM IS AN UNPAID CLAIM THAT AROSE FROM YOUR BUSINESS DEALINGS WITH THE DEBTORS DURING THE BANKRUPTCY CASE, I.E., BETWEEN MAY 2, 2018 AND JUNE 30, 2018. IF YOUR CLAIM AROSE PRIOR TO MAY 2, 2018, AND IS NOT COVERED BY SECTION 503(B)(9), YOU DO NOT HAVE AN ADMINISTRATIVE CLAIM AND SHOULD NOT FILE ONE.**

## WHAT TO FILE

You must submit your Administrative Claim in a form that substantially conforms to the form of proof of Administrative Claim (the "Proof of Administrative Claim") enclosed with this notice, Local Form *Request for Payment of Administrative Expense* pursuant to D.N.J. LBR 3001-1(a). You must attach to your Proof of Administrative Claim copies of any documents (*e.g.*, invoices) upon which such claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

## WHEN AND WHERE TO FILE

Except as provided for herein, all Administrative Claims must be submitted to the Court so as to be actually received by the Court on or before **5:00 p.m. Prevailing Eastern Time on July 23, 2018,** at the following address: Office of the Clerk of the Bankruptcy Court, U.S. Post Office and Court House, 401 Market Street, Camden, New Jersey 08101.

Administrative Claims will be deemed timely filed only if actually received by the Court on or before the Administrative Bar Date.

Administrative Claims must be sent by electronic filing via the Court's CM/ECF system, U.S. Mail, first class mail, overnight courier service, or hand delivery, and Administrative Claims sent by any other means, including by facsimile, telecopy transmission, or electronic mail transmission will not be accepted.

This Notice does not apply to: (i) any party that has already properly filed an Administrative Claim with the Debtors that clearly sets forth the Debtor against which the party has asserted an Administrative Claim and that such party is asserting an Administrative Claim; (ii) any party whose Administrative Claim has been allowed by a prior order of the Court; (iii) any Debtor or Debtors holding an Administrative Claim against one or more other Debtors; (iv) any professional advisor (i.e., attorneys, financial advisors, accountants, claims agents) retained by the Debtors or the Committee under Sections 327, 328, 330, 331, 363, or 1103 of the Bankruptcy Code and whose Administrative Claim is for services rendered and/or reimbursement of expenses incurred in these chapter 11 cases; (v) any member of the Committee for reimbursement of expenses incurred in connection with its service on the Committee, and (vi) claims of trade and other administrative creditors arising after June 30, 2018, which claims shall either be paid in the ordinary course or be subject to a separate application.

Additional information regarding the filing of administrative expense claims and/or a complete copy of the Debtors' application for an Order (I) Establishing Deadline and Procedure for Filing Certain Administrative Claims; and (II) Approving Form, Manner, and Sufficiency of Notice Thereof may be obtained from Debtors' counsel at the following address: PORZIO, BROMBERG & NEWMAN, P.C., Counsel for Garces Restaurant Group, Inc., d/b/a Garces Group., *et al.*, 100 Southgate Parkway, P.O. Box 1997, Morristown, New Jersey 07962-1997 (Attention: Neidy V. Fuentes, Paralegal), Telephone No. (973) 538-4006.

If a claimant wishes to receive acknowledgment of receipt of a filed Proof of Administrative Claim, the claimant must also submit concurrently with its original Proof of Administrative Claim: (a) a copy of the original Proof of Administrative Claim and (b) a self-addressed, stamped return envelope.

**CONSEQUENCES OF FAILURE TO TIMELY FILE**

**PLEASE TAKE FURTHER NOTICE THAT ANY CLAIMANT WHO FAILS TO FILE A PROOF OF ADMINISTRATIVE CLAIM IN A TIMELY MANNER AND IN ACCORDANCE WITH THE PROCEDURES SET FORTH IN THIS NOTICE ON OR BEFORE THE ADMINISTRATIVE CLAIMS BAR DATE AGAINST THE DEBTORS SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING ANY ADMINISTRATIVE CLAIM AGAINST THE DEBTORS OR THE DEBTORS' ESTATES. THE DEBTORS, THEIR ESTATES AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH CLAIM, AND SUCH HOLDER OF SUCH A CLAIM SHALL NOT BE ENTITLED TO ANY PAYMENT ON ACCOUNT OF SUCH ADMINISTRATIVE CLAIM SHALL NOT BE PERMITTED TO PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, AND SHALL NOT BE ENTITLED TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM AND ALL SUCH CLAIMS SHALL BE DISALLOWED AND EXPUNGED IN THEIR ENTIRETY.**

**YOU SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER YOU SHOULD FILE AN ADMINISTRATIVE CLAIM.**