UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
(973) 538-4006
(973) 538-5146 Facsimile
Warren J. Martin Jr., Esq. (wjmartin@pbnlaw.com)
Kelly D. Curtin, Esq. (kdcurtin@pbnlaw.com)
Rachel A. Parisi, Esq. (raparisi@pbnlaw.com)
*Counsel to the Debtors*

**Order Filed on July 11, 2018 by
Clerk U.S. Bankruptcy Court
District of New Jersey**

In Re:

Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*,[1]

Debtors.

Case No.: 18-19054 (JNP)

(Jointly Administered)

Chapter: 11

Judge: Jerrold N. Poslusny, Jr.

**ORDER (I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF CERTAIN ASSETS OF THE DEBTORS OUTSIDE OF THE ORDINARY COURSE OF BUSINESS; (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS; (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OR REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (IV) APPROVING A COMPROMISE AND SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019 AS EMBODIED BY THE TERM SHEET; (V) PROVIDING FOR DISTRIBUTION OF FUNDS; AND (VI) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through thirty-three (33), is

hereby **ORDERED.**

**DATED: July 11, 2018**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

---

[1] The Debtors in these cases and the last four digits of their employee identification numbers are: GRGAC1, LLC d/b/a Amada (7047); GRGAC2, LLC d/b/a Village Whiskey (7079); GRGAC3, LLC d/b/a Distrito Cantina (7109); GRGAC4, LLC (0542); Garces Restaurant Group, Inc. d/b/a Garces Group (0697); Latin Valley 2130, LLC; La Casa Culinary, LLC d/b/a Amada Restaurant (4127); Garces Catering 300, LLC d/b/a Garces Catering (3791); Latin Quarter Concepts, LLC d/b/a Tinto d/b/a Village Whiskey (0067); UrbanFarm, LLC d/b/a JG Domestic (3014); GR300, LLC d/b/a Volver (0347); GRG2401, LLC (7222); GRGChubb1, LLC (8350); GRGKC1, LLC; GRGWildwood, LLC (9683); and GRGNY2, LLC (0475); GRGDC2, LLC d/b/a Latin Market (8878); GRGBookies, LLC (4779); and GRGAC5, LLC (9937).

Page: 2
Debtors:          Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:         18-19054 (JNP)
Caption:          Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                  Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                  Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                  Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                  Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                  Distribution Of Funds; and (VI) Granting Related Relief

Upon the Debtors' (I) motion for entry of an order (A) approving the sale of substantially

all of the Debtors' assets; (B) approving bidding procedures and the form, manner and

sufficiency of notice; (C) scheduling (1) an auction sale and (2) a hearing to consider approving

the highest and best offer; (D) approving procedures for assumption and assignment of executory

contracts and unexpired leases and (E) granting related relief [Docket No. 64] (the "Sale

Motion"), and (II) motion for an order (A) approving a compromise and settlement by and

among the Debtors and Debtors-In-Possession (severally and collectively, the "Debtors"), the

Committee, M&T Bank, 3BM1, LLC, and Jose Garces (collectively, the "Settling Parties") under

Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the terms of

which are attached hereto as **Exhibit 1** (the "Term Sheet"); (B) providing for distribution of

funds; and (C) granting related relief [Docket No. 364] (the "9019 Motion", together with

the Sale Motion referred to herein collectively as the "Motions");[2] and the Court having entered

an order, inter alia, approving bidding procedures [Docket No. 236] (the "Bidding Procedures

Order"); and the Auction having been scheduled for June 26, 2018, at which only 3BM1, LLC

appeared and no other bidders appeared; and the Debtors having determined, in consultation with

the Committee and M&T Bank, that the highest and otherwise best offer for the Acquired Assets

was made by 3BM1, LLC (the "Successful Bidder" or "Buyer"); and the Court having held a

hearing on July 9, 2018 to consider the Motions; and the Court having found that (i) the Court

has jurisdiction to consider the Motions in accordance with 28 U.S.C. §§ 157 and 1334; (ii)

---

[2] Except where otherwise indicated, capitalized terms used but not defined shall have the meanings ascribed to them in the Motions, the Bidding Procedures Order, or the Agreement (defined below), as applicable.

Page: 3
Debtors:    Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:    18-19054 (JNP)
Caption:    Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
Distribution Of Funds; and (VI) Granting Related Relief

venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and (iii) consideration of

the Motions (the "Sale Hearing"), the relief requested therein, and the response thereto being a

core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having considered the Motions,

their supporting materials, and all responses thereto and the arguments of counsel and the

evidence proffered or adduced at the Sale Hearing; and after due deliberation thereon; and it

appearing that the entry of this order (the "Order") and granting the relief set forth herein are in

the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and

after due deliberation and for good and sufficient cause having been shown,

## IT IS HEREBY FOUND AND DETERMINED THAT:

A.     The findings and conclusions set forth herein constitute the Court's findings of

fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this

proceeding pursuant to Bankruptcy Rule 9014.   To the extent any findings of fact herein

constitute conclusions of law, they are adopted as such.   To the extent any conclusions of law

herein constitute findings of fact, they are adopted as such.

B.     The Court has jurisdiction over the Motions and the transactions contemplated by

the Term Sheet and the Agreement (defined below) pursuant to 28 U.S.C. §§ 157 and 1334 and

the Standing Order of Reference from the United States District Court for the District of New

Jersey, dated September 18, 2012, and this matter is a core proceeding pursuant to 28 U.S.C. §

157(b).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.     The statutory and rule bases for the relief requested in the Motions are (i) title 11

of the United States Code (the "Bankruptcy Code") §§ 105, 349, 363 and 365 and/or 1112 and

3

Page: 4
Debtors:       Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:      18-19054 (JNP)
Caption:       Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
               Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
               Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
               Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
               Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
               Distribution Of Funds; and (VI) Granting Related Relief

(ii) Bankruptcy Rules 2002(a)(2), 6004, 6006, 9014, 9019 and Local Rules for the United States

Bankruptcy Court District of New Jersey (the "<u>Local Rules</u>") 6004-1 and 6004-2.

D.    As evidenced by the certificates of service filed with the Court, proper, timely,

adequate, and sufficient notice of, and a reasonable opportunity to object or otherwise to be

heard regarding: the Motions, the Auction, the Sale Hearing, and the transactions contemplated

by (i) the Term Sheet and (ii) the Amended and Restated Asset Purchase Agreement effective as

of May 9, 2018 by and among Debtors as sellers and the Successful Bidder as buyer attached to

the Bidding Procedures Order (including all schedules and exhibits affixed thereto and all other

ancillary documents, and as modified by the Bidding Procedures Order, the Term Sheet and this

Order) (the "<u>Agreement</u>"), including the sale of the Debtors' Acquired Assets (the "<u>Sale</u>"), the

assumption and assignment of the Transferred Contracts, the releases, and distribution of funds,

has been provided. No other or further notice of, opportunity to object to, or other opportunity to

be heard regarding, the Motions, the Sale Hearing, or the entry of this Order need be given to any

entity.

E.    The Term Sheet represents a fair, prudent, and reasonable compromise of the

controversies resolved therein and is in the best interests of the Debtors' estates and creditors,

taking into account, among other things, the probability of success on the claims being

compromised as part of the Term Sheet, and the complexity of the litigation involved with

respect to the claims being compromised as part of the Term Sheet.

F.    The Settling Parties have demonstrated good, sufficient, and sound business

purpose and justification in entering into the Term Sheet.

Page: 5
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

G.      The Term Sheet was negotiated, proposed, and entered into by the Settling Parties without collusion, in good faith, and from arms' length bargaining positions.

H.      The Debtors have demonstrated a sufficient basis and compelling circumstances requiring them to enter into the Agreement, sell the Acquired Assets and assume and assign the Transferred Contracts under Bankruptcy Code sections 363 and 365 prior to confirmation of a plan of reorganization under Bankruptcy Code section 1129, and such actions are appropriate exercises of their reasonable business judgment and in the best interests of the Debtors, their estates and their creditors.

I.      The Debtors and their professionals actively marketed the Acquired Assets and conducted the sale process in accordance with the Bidding Procedures Order, and offered potential bidders a full and fair opportunity to obtain due diligence materials and information, to qualify as bidders and to make higher and better offers.

J.      The Auction was held on June 26, 2018 pursuant to procedures established in good faith and in compliance with the Bidding Procedures Order, and afforded a full, fair, and reasonable opportunity for any party that submitted a timely Qualified Bid to make a higher or otherwise better offer for the Acquired Assets than that of the Successful Bidder. The Debtors determined that the Successful Bidder's bid for the Acquired Assets, as described in the Agreement, was the highest or otherwise best bid and best value for the Acquired Assets and will provide a greater recovery for the Debtors' estates than would be provided by any other practical alternative. No other entity or group of entities has offered to purchase the Acquired Assets for greater economic value to the Debtors' estates than the Successful Bidder.

3990794
PHIL1 7115442v.2

Page: 6
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
Distribution Of Funds; and (VI) Granting Related Relief

K.      The offer to purchase the Acquired Assets made by the Successful Bidder, under

the terms and conditions set forth in the Agreement: (i) is the highest or otherwise best offer

obtained for the Acquired Assets; (ii) is for fair, adequate, and sufficient consideration that

constitutes reasonably equivalent value for the Acquired Assets being conveyed to the Successful

Bidder; (iii) is fair and reasonable; (iv) was not made for the purpose of hindering, delaying or

defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state,

territory, possession or the District of Columbia; (v) is in the best interests of the Debtors'

estates, creditors, and other parties in interest; and (vi) would not have been made by the

Successful Bidder absent the protections afforded to the Successful Bidder by the Bidding

Procedures Order, the Agreement, the Bankruptcy Code, and this Order.

L.      The Successful Bidder has offered to purchase the Acquired Assets free and clear

of all Liens (as defined below), excluding any Assumed Liabilities as provided in the Agreement,

with the same to attach to the proceeds of the Sale, if any, with the same validity and priority and

to the same extent as existed before the Sale. If the sale of the Acquired Assets to the Successful

Bidder were not free and clear of all Liens, or if the Successful Bidder would, or in the future

could, be liable for any Liens, the Successful Bidder would not have entered into the Agreement

and would not consummate the Sale or the transactions contemplated by the Agreement, thus

adversely affecting the Debtors, their estates, and their creditors.

M.      Each entity with a Lien (as defined below) in any of the Acquired Assets to be

transferred on the Closing Date (i) has consented to, or is deemed to have consented to, the Sale

free and clear of such Lien, subject to approval of the settlement set forth in the Term Sheet, (ii)

6

Page: 7
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

could be compelled in a legal or equitable proceeding to accept money in satisfaction of such Lien, or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code and has been satisfied as to all such Liens. Those holders of Liens who did not object, or who withdrew their objections, to the Sale or the Motions are deemed to have consented to entry of this Order pursuant to section 363(f)(2) of the Bankruptcy Code. Not selling the Acquired Assets free and clear of all Liens would adversely impact the Debtors' estates, and any sale of the Acquired Assets other than one free and clear of all Liens would be of substantially less value to the Debtors' estates. Therefore, approval of the Agreement and consummation of the Sale free and clear of Liens is appropriate pursuant to section 363(f) of the Bankruptcy Code.

N.      The Debtors are the sole and lawful owner of, and have clear and marketable title to, the Acquired Assets to be sold pursuant to the Agreement. Debtors have full corporate power and authority to execute, deliver, and perform under the Agreement and to consummate all transactions contemplated thereby, without any further consent or approval required. No other consents or approvals, other than as may be expressly provided for in the Agreement or this Order, are required by the Debtors.

O.      The Agreement and the transactions contemplated thereunder were negotiated and entered into in good faith within the meaning of section 363(m) of the Bankruptcy Code, based on arms-length bargaining, and without collusion or fraud of any kind. Neither the Debtors nor the Successful Bidder have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code, or cause the application of or implicate section 363(n) of the Bankruptcy Code to the Agreement or to the consummation of the Sale and transfer of the

7

Page: 8
Debtors:    Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:    18-19054 (JNP)
Caption:    Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For Distribution Of Funds; and (VI) Granting Related Relief

Acquired Assets and the Transferred Contracts to the Successful Bidder. Accordingly, the Successful Bidder is entitled to all the protections and immunities of section 363(m) of the Bankruptcy Code.

P.    The Successful Bidder is not an "insider" or "affiliate" of any Debtor, as those terms are defined in the Bankruptcy Code.   The Transfer of the Acquired Assets and the assumption of the Assumed Liabilities does not, and will not, subject the Successful Bidder to any liability whatsoever, with respect to the operation of the Debtors' business prior to the closing of the Sale Transaction or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, in any theory of law or equity including, without limitation, any laws affecting successor, transferee, or vicarious liability.   The Successful Bidder is not a mere continuation, and is not holding itself out as a mere continuation of the Debtors or the Debtors' estates and there is no substantial continuity, or continuity of enterprise, between the Successful Bidder and the Debtors.   The Sale does not amount to a consolidation, merger or de facto merger of the Successful Bidder and any of the Debtors, and the Successful Bidder does not constitute a successor to the Debtors or the Debtors' estates.

Q.    The Debtors and the Successful Bidder have, to the extent necessary, satisfied the requirements of section 365 of the Bankruptcy Code, including sections 365(b)(1)(A), (B), and 365(f), in connection with the Sale and the assumption and assignment of the Transferred Contracts. The Successful Bidder has demonstrated adequate assurance of future performance with respect to all Transferred Contracts pursuant to section 365(b)(1)(C) of the Bankruptcy

3990794
PHIL1 7115442v.2

Page: 9
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

Code. The assumption and assignment of the Transferred Contracts pursuant to the terms of this

Order is integral to the Agreement and is in the best interests of the Debtors, their estates, their

creditors, and other parties in interest, and represents the exercise of sound and prudent business

judgment by the Debtors.

R.      Notwithstanding any requirement for approval or consent by any person, the

transfer of the Acquired Assets to the Successful Bidder and the assumption and assignment of

the Transferred Contracts is a legal, valid, and effective transfer of the Acquired Assets and any

Transferred Contracts.  The Transferred Contracts are assignable notwithstanding any provisions

contained therein to the contrary, or providing for the termination thereof upon assignment or the

insolvency or commencement of the Debtors' chapter 11 cases. The Successful Bidder has

provided for appropriate cures and/or other payments or actions required for the Debtors to

assume and assign the Transferred Contracts to the Successful Bidder.

S.      In the absence of a stay having been entered pending appeal prior to Closing, the

Successful Bidder is acting in good faith, pursuant to section 363(m) of the Bankruptcy Code, in

closing the transactions contemplated by the Agreement at any time on or after the entry of this

Order.

T.      Time is of the essence in consummating the Sale. In order to maximize the value

of the Acquired Assets, it is essential that the Sale of the Acquired Assets occur within the time

constraints set forth in the Agreement. The Debtors and the Successful Bidder intend to close the

sale under the Agreement as soon as practicable. Accordingly, there is cause to determine

inapplicable the stays contemplated by Bankruptcy Rules 6004 and 6006.

Page: 10
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

## IT IS HEREBY ORDERED THAT:

1.      The Motions are GRANTED in all respects as set forth herein.

2.      Except as otherwise set forth herein, all objections and responses to the Motions that have not been overruled, withdrawn, waived, settled, or resolved, and all reservations of rights included therein, are hereby overruled on the merits and denied with prejudice.

3.      Except as otherwise set forth herein, the Term Sheet attached as **<u>Exhibit 1</u>** is approved in its entirety.

4.      Notwithstanding Exhibit A to the Term Sheet, the Debtors are only authorized to pay ordinary operating expenses, including, without limitation, payroll and payment of taxes, as they become due in ordinary course.  Payment of all other claims or expenses, including without limitation, payments of section 503(b)(9) claims, priority claims or professional fee claims are subject to further Order of the Court.

5.      This Order does not approve a structured dismissal and all parties' rights to seek or oppose a structured dismissal are reserved.

6.      The Settling Parties' entry into a formal settlement pursuant to the Term Sheet is authorized and ratified pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, and each Settling Party is hereby authorized, empowered, and directed to enter into and perform, and consummate the transactions, under the Term Sheet.  All the provisions of the Term Sheet are hereby approved and are binding in all respects on all creditors and parties in interest in these cases, including without limitation, the Debtors, the Debtors' estates, the Committee, M&T Bank, the Buyer, and Jose Garces.

3990794
PHIL1 7115442v.2

Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

7.      The Settling Parties are hereby authorized to take any and all actions and execute any and all documents and instruments that are reasonably necessary or appropriate to implement and effectuate the Term Sheet.

8.      The Sale of the Acquired Assets free and clear of all Liens, the bid by the Successful Bidder, the Agreement, and the transactions contemplated thereby and all of the terms and conditions thereof, are the highest or otherwise best offer for the Acquired Assets and hereby are authorized and approved in all respects.

9.      The Debtors and their officers, employees, and agents are hereby authorized to fully perform under, consummate, and implement the terms of the Agreement and the Term Sheet, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Agreement, this Order, and the Sale of the Acquired Assets contemplated thereby, and to perform such other acts and execute, deliver, file and record the Agreement, this Order and such other documents, as are consistent with and necessary or appropriate to implement, effectuate, and consummate the Agreement, any related ancillary agreements, this Order, and the transactions contemplated thereby, without any further corporate action or orders of the Court.

10.     The proceeds allocation and distribution scheme contemplated by the Term Sheet annexed as **Exhibit 1**, the payment into escrow of the GUC Fund, and the releases set forth therein are approved and authorized. The parties are directed to execute mutual general releases in accordance with the terms of the Term Sheet. In addition, for avoidance of doubt, this Order does not approve the disbursement of the GUC Fund unless as directed by further order of the

Page: 12
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

Court including, without limitation through a confirmed plan, dismissal or conversion to chapter

7, and the right of the Acting United States Trustee to oppose how and to whom the GUC Fund

is distributed is reserved.

11.     <u>Releases Among M&T Bank, the Buyer, the Committee and/or Jose Garces</u>:

Except for the obligations of the parties under the Agreement, the Term Sheet or this Order,

effective as of the Closing, (a) M&T Bank, (b) the Buyer, (c) the Committee and (d) Jose Garces

and each of them forever release, waive and discharge any and all liabilities, claims and causes

of action, including without limitation, breach of fiduciary duty, avoidance actions, successor

liability and fraudulent transfer claims, by among or against each other, and/or their respective

current, and former officers, directors, stockholders, partners, managers, employees, agents,

affiliates, successors, assigns, consultants, attorneys and their professionals retained in

connection with this matter as applicable, whether pursued directly, derivatively, or otherwise,

liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown,

foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are

based in whole or in part on any act, omission, transaction, event, or other occurrence taking

place on or prior to the Closing.

12.     <u>Releases by the Debtors and the Debtors' Estates</u>: Except for the obligations of the

parties under the Agreement, the Term Sheet or this Order, effective as of the Closing, the

Debtors and the Debtors' Estates forever release, waive and discharge any and all liabilities,

claims and causes of action, including without limitation, breach of fiduciary duty, avoidance

actions, successor liability and fraudulent transfer claims, against (a) M&T Bank, (b) the Buyer,

Page: 13
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

(c) the Committee and (d) Jose Garces and each of them, and/or their respective current, and

former officers, directors, stockholders, partners, managers, employees, agents, affiliates,

successors, assigns, consultants, attorneys and their professionals retained in connection with this

matter as applicable, (including the Debtors and the Debtors' Estates, each a "Settling Party,"

and collectively, the "Settling Parties"), whether pursued directly, derivatively, or otherwise,

liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown,

foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are

based in whole or in part on any act, omission, transaction, event, or other occurrence taking

place on or prior to the Closing.

13.    Releases of the Debtors and the Debtors' Estates:  Except for the obligations of

the parties under the Agreement, the Term Sheet or this Order, effective as of the Closing, (a)

M&T Bank, (b) the Buyer, (c) the Committee and/or (d) Jose Garces forever release, waive and

discharge any and all liabilities, claims and causes of action, including without limitation, breach

of fiduciary duty, avoidance actions, successor liability and fraudulent transfer claims, against

the Debtors and/or the Debtors' estates, and/or their respective current, and former officers,

directors, partners, managers, employees, agents, consultants, attorneys and their professionals

retained in connection with this matter as applicable, whether pursued directly, derivatively, or

otherwise, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or

unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise,

that are based in whole or in part on any act, omission, transaction, event, or other occurrence

taking place on or prior to the Closing; provided, however, that the foregoing release given by

13

Page: 14
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

Garces in not intended to and shall not be construed to release any indemnification claims of

Garces to the extent such claims are covered by available insurance coverage.

14.     Nothing herein shall be construed to (a) affect, impair, or prejudice any direct

claims, causes of action, and/or defenses that any non-Settling Party (including, but not limited

to, Jim Sorkin, Julius Silvert, Inc., Thomas Spinner, and Spinner Family Holdings, LLC) may

have against any Settling Party or other non-Settling Party in any manner, whether now existing

or hereafter arising (the "Third Party Claims"), all of which are expressly retained; or (b) have

any preclusive effect on the Third Party Claims for any reason whatsoever including, but not

limited to, under the doctrines of *res judicata* and collateral estoppel.

15.     Nothing herein shall release claims against the Debtors' members other than Jose

Garces who is being released as provided herein, or any claims against Julius Silvert, Inc.,

including those asserted in adversary proceeding number 18-01241 pending before the United

States Bankruptcy Court for the District of New Jersey.

16.     Notwithstanding any other provision of this Order, the general release granted to

Buyer by the Debtors' estates shall include, without limitation, avoidance actions and successor

liability claims, but shall exclude claims of intentional common law fraud.

17.     Except as otherwise provided in the Agreement or this Order, all of the Debtors'

interests in the Acquired Assets to be acquired by the Successful Bidder under the Agreement

shall be, as of the Closing Date under the Agreement, transferred to and vested in the Successful

Bidder.  Except as otherwise provided in the Agreement or this Order, upon the occurrence of the

Closing Date, this Order shall be considered and constitute for any and all purposes a full and

14

Page: 15
Debtors:      Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:     18-19054 (JNP)
Caption:      Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
              Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
              Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
              Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
              Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
              Distribution Of Funds; and (VI) Granting Related Relief

complete general assignment, conveyance, and transfer of the Acquired Assets acquired by the

Successful Bidder under the Agreement and/or a bill of sale or assignment transferring good and

marketable, indefeasible title and interest in the Acquired Assets to the Successful Bidder.

18.     Pursuant to sections 105 and 363(b) and (f) of the Bankruptcy Code, title to the

Acquired Assets shall pass to the Successful Bidder on the Closing Date, free and clear of any

and all Liens. For purposes of this Order, Liens shall mean and include mechanic's,

materialmen's, other consensual and nonconsensual liens and statutory liens, security interests,

interests, encumbrances and claims against the Debtors, including, but not limited to, any

"claim" as defined in section 101(5) of the Bankruptcy Code, reclamation claims, mortgages,

deeds of trust, pledges, any liabilities or obligations under any State or Federal law, any

liabilities or obligations under COBRA, covenants, restrictions, hypothecations, charges,

indentures, loan agreements, instruments, contracts, leases, licenses, options, rights of first

refusal, rights of offset, recoupment, rights of recovery, judgments, orders and decrees of any

court of foreign or domestic governmental entity, claims for reimbursement, contribution,

indemnity or exoneration, assignments, debts, charges, suits, rights of recovery, interests,

products liability, alter-ego, environmental, transferee liability, successor liability, tax and other

liabilities, causes of action, and claims, including without limitation all claims arising in any way

in connection with any agreements, acts or failures to act of the Debtors or any of their

predecessors, affiliates, officers, or related entities, whether known or unknown, contingent or

otherwise, and whether arising before or after commencement of these cases, (each a "Lien" and

collectively, the "Liens"), to the fullest extent of the law or equity, in each case whether secured

15

Page: 16
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or

unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent

or noncontingent, liquidated or unliquidated, matured or unmatured, material or non-material,

disputed or undisputed, or know or unknown, whether arising prior to, on, or subsequent to the

Petition Date, whether imposed by Agreement, understanding, law, equity or otherwise, with all

such Liens hereby unconditionally released, discharged, and terminated as against either the

Acquired Assets or the Successful Bidder and its members, agents, affiliates, subsidiaries,

successors and assigns, effective as of the Closing; provided, however that any Assumed

Liabilities as set forth in the Agreement shall be excluded from the definition of Liens.  Subject

to the Term Sheet, including the proceed allocation and distribution scheme set forth in the Term

Sheet, any such Liens shall attach to the proceeds of the sale of the Acquired Assets with the

same priority, validity, force, and effect (if any) as existed with respect to the Acquired Assets as

of the Petition Date.

19.     The provisions of this Order authorizing the Sale of the Acquired Assets free and

clear of Liens shall be self-executing, notwithstanding any requirement for approval or consent

by any person, and neither the Debtors nor the Successful Bidder shall be required to execute or

file releases, termination statements, assignments, consents, or other instruments in order to

effectuate, consummate, and implement the foregoing provisions of this Order; provided,

however, that this paragraph shall not excuse such parties from performing any and all of their

respective obligations under this Order or the Agreement, and the Debtors (at the Successful

Bidder's sole expense) and the Successful Bidder, and each of their respective officers,

16

Page: 17
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

employees, and agents are hereby authorized and empowered to take all actions and execute and

deliver any and all documents and instruments that either the Debtors or the Successful Bidder

deem necessary or appropriate to implement and effectuate the terms of the Agreement and this

Order. All persons and entities (a) holding Liens on the Acquired Assets, (b) that have filed

financing statements, mortgages, or other documents or instruments evidencing claims against

the Acquired Assets, or (c) otherwise asserting claims against the Acquired Assets shall, and

hereby are directed to, execute and deliver to the Successful Bidder such releases or termination

statements to effectuate the Sale of the Acquired Assets to the Successful Bidder free and clear

of any and all Liens.

20.      Upon consummation of the transactions set forth in the Agreement, if any person

or entity that has filed financing statements, mechanic's liens, *lis pendens,* or other documents or

agreements evidencing Liens against or in the Acquired Assets, has not delivered to the Debtors

prior to closing under the Agreement, in proper form for filing and executed by the appropriate

parties, termination statements, instruments of satisfactions, releases of all Liens that such person

or entity has with respect to the Acquired Assets (unless otherwise assumed in the Agreement),

or otherwise, then: (a) the Debtors are hereby authorized to execute and file such statements,

instruments, releases, and other documents on behalf of the person or entity with respect to the

Acquired Assets; and (b) the Successful Bidder is hereby authorized to file, register, or otherwise

record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall

constitute conclusive evidence of the release of all Liens in the Acquired Assets of any kind or

nature. For the avoidance of doubt, to the extent necessary, upon consummation of the

17

Page: 18
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For Distribution Of Funds; and (VI) Granting Related Relief

transactions set forth in the Agreement, the Successful Bidder is authorized to file termination statements, lien terminations, or other amendments in any required jurisdiction to remove and record, notice filings or financing statements recorded to attach, perfect, or otherwise notice any Lien or encumbrance that is extinguished or otherwise released pursuant to this Order under section 363 of the Bankruptcy Code.

21.    Without further order of the Court, and subject to state law, the Successful Bidder shall be authorized, as of the Closing Date under the Agreement, to: (a) operate any Restaurant, property, or any other business transacted with respect to the Acquired Assets under all licenses, permits, registrations, and governmental authorizations and approvals, including but not limited to all of the Debtors' beer, wine, spirits, and liquor licenses, permits, registrations, or governmental authorizations or approvals that are Acquired Assets pursuant to the Agreement (collectively, the "Liquor licenses"); (b) purchase and sell alcohol under the Liquor Licenses; and (c) obtain and pay any and all fees associated with any lawful license or permit, until such time that the Successful Bidder is able to cause said licenses, permits, registrations, or governmental authorizations or approvals to be transferred to the Successful Bidder or until such time that the Successful Bidder is able to obtain replacement licenses and permits. The Successful Bidder is authorized and directed to take possession of and operate in the place of the Debtors under the Liquor Licenses, together with all permits associated therewith, and to take any action permitted thereunder. The Successful Bidder shall request that the relevant liquor licensing authorities transfer the Liquor Licenses, including any associated permits to the Successful Bidder.

3990794
PHIL1 7115442v.2

Debtors:       Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:      18-19054 (JNP)
Caption:       Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
               Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
               Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
               Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
               Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
               Distribution Of Funds; and (VI) Granting Related Relief

22.     The Debtors shall, at the Successful Bidder's expense: (i) cooperate in the transfer of all licenses and permits, including but not limited to the Liquor Licenses, to the Successful Bidder; (ii) execute and deliver such documentation and certificates as are necessary or required to operate, transfer, or cancel the licenses and permits, including Liquor Licenses; and (iii) not engage in any acts that would interfere with the Successful Bidder's operation, transfer, or cancellation of licenses or permits, including Liquor Licenses.

23.     Subject to the terms of the Agreement and the occurrence of the Closing Date thereunder, and pursuant to section 365(a), (b), (c), and (f) of the Bankruptcy Code, the Debtors are hereby authorized to assume the Transferred Contracts and assign such contracts to the Successful Bidder, with the Successful Bidder's consent to and acceptance of such assignment; provided, however, that there shall be no assumption of any such Transferred Contract absent simultaneous assignment thereof to the Successful Bidder. The Transferred Contracts identified as assumed in **Exhibit 2** hereto are deemed assumed by the Debtors and assigned to the Successful Bidder effective as of the Closing Date.  The contracts identified as rejected on Exhibit 2 attached hereto are deemed rejected as of the Closing Date.  The contracts identified as "TBD" on Exhibit 2 attached hereto may be assumed or rejected by the Debtors effective as of the Closing Date via a Notice of Assumption or Rejection of Contracts to be filed by the Debtors with the consent of the Successful Bidder on or before the Closing Date.

24.     In the event that the Sale does not close, none of the Transferred Contracts shall be assumed or rejected by virtue of this Order.

Page: 20
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

25.     The Cure Amounts are hereby fixed at the amounts set forth in Exhibit 2 hereto, and the non-Debtor counterparties to the Transferred Contracts are forever bound by such Cure Amounts and are hereby precluded from objecting to the Cure Amounts (if any) related to such Transferred Contracts and the assumption and assignment of any Transferred Contracts and enjoined from taking any action against the Successful Bidder or the Acquired Assets with respect to any claim for cure, or any other claim, under any Transferred Contract.

26.     The Cure Costs relating to Transferred Contracts to which the Debtors and the applicable contracting counterparty have agreed or that have been fixed by operation of the Bidding Procedures Order as to the allowed Cure Costs shall be paid on or as promptly after the Closing Date as is practical. Cure Costs for Transferred Contracts for which disputes exist shall be paid the later of (a) on or as promptly after the Closing Date as is practical, or (b) fifteen (15) days after a final, non-appealable order is entered by the Court resolving such dispute.

27.     Payment of the Cure Costs shall be deemed to discharge all of the Debtors' obligations to: (x) cure, or provide adequate assurance that the Debtors will promptly cure, any defaults under the Transferred Contracts; and (y) compensate, or provide adequate assurance that the Debtors will promptly compensate, any counterparty to the Transferred Contracts for any actual pecuniary loss resulting from any default under the Transferred Contracts. The counterparties to the Transferred Contracts shall be forever barred and estopped from asserting or claiming against the Debtors or the Successful Bidder that any amounts are due or other defaults exist under such Transferred Contracts as of the date of the assignment of such Transferred Contract.

Page: 21
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

28.     The Successful Bidder has satisfied any and all requirements under sections 365(b)(1) and 365(f)(2) to provide adequate assurance or future performance under all Transferred Contracts. The Successful Bidder shall not be required to provide any further evidence of any adequate assurance to any counterparty of a Transferred Contract.

29.     Pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall have no liabilities for any claims arising or relating to or accruing post-Closing under any of the Transferred Contracts.

30.     In accordance with section 365(b)(2) and (f) of the Bankruptcy Code, upon assignment of the Transferred Contracts to the Successful Bidder on the Closing Date, and subject only to payment of the appropriate Cure Cost, if any, (i) the Successful Bidder shall have all of the rights of the Debtors thereunder and each provision of such Transferred Contracts shall remain in full force and effect for the benefit of Successful Bidder notwithstanding any provision in any such Transferred Contract or in applicable law that prohibits, restricts, or limits in any way such assignment or transfer, and (ii) no Transferred Contract may be terminated, or the rights of any party modified in any respect, including without limitation, pursuant to any "change of control" clause, by any other party thereto as a result of the consummation of the transactions contemplated by the Agreement.

31.     No sections or provisions of any Transferred Contract that purports to provide for additional payments, penalties, charges, or other financial accommodations in favor of the counterparty to the Transferred Contract shall have any force or effect with respect to the transactions contemplated by the Agreement and assignments authorized by this Order, and such

21

Page: 22
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:        18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

provisions constitute unenforceable antiassignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e), and no assignment of any Transferred Contract pursuant to the terms of the Agreement in any respect constitutes a default under any Transferred Contract.

32.    To the maximum extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license, including but not limited to Liquor Licenses, relating to the operation of the Acquired Assets sold, transferred, or conveyed to the Successful Bidder on account of the filing or pendency of the Debtors' chapter 11 cases or the consummation of the Sale as contemplated by the Agreement.

33.    Unless otherwise stated in the Agreement or this Order, the counterparties to each Transferred Contract shall be deemed to have consented to such assignment under section 365(c)(1)(B) of the Bankruptcy Code, and the Successful Bidder shall enjoy all of the rights and benefits under each such Transferred Contract as of the applicable date of assumption and assignment without the necessity of obtaining such counterparty's written consent to the assumption or assignment of such Transferred Contract. Any party having the right to consent to the assumption or assignment of any Transferred Contract that failed to object to such assumption or assignment is deemed to have consented to such assumption and assignment as required by section 365(c) of the Bankruptcy Code.

34.    The failure of the Debtors or the Successful Bidder to enforce, at any time, one of more terms or conditions of any Transferred Contract shall not be a waiver of such terms and

Page: 23
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

conditions or of the Debtors' or the Successful Bidder's rights to enforce every term and

condition of the Transferred Contracts

35.    With respect to the transactions consummated pursuant to the Agreement and this

Order, this Order shall be the sole and sufficient evidence of the transfer of title to the Successful

Bidder.  This Order and the Agreement shall be effective as a determination that upon Closing of

the Sale, all Liens existing as to the Debtors or the Acquired Assets prior to the Closing have

been unconditionally released, discharged and terminated, and shall be binding upon and govern

the acts of all persons and entities, including, without limitation, the Debtors and the Successful

Bidder, their respective successors and permitted assigns, and including, without limitation, any

trustee, all creditors, members and shareholders of the Debtors (whether known or unknown),

governmental units (as defined in sections 101(27) and 101(41) of the Bankruptcy Code), state

licensing authorities, including but not limited to beer, wine, spirits, and liquor licensing

authorities, filing agents, filing officers, title agents, title companies, recorders of mortgages,

recorders of deeds, administrative agencies, governmental departments, and federal, state, and

local officials, recording agencies, secretaries of state, and all persons and entities who may be

required by operation of law, the duties of their office or contract, to accept, file, register, or

otherwise record or release any documents or instruments, or who may be required to report or

insure any title in or to the Acquired Assets, and on all parties in interest in the Debtors' chapter

11 cases. Each of such persons and entities is hereby directed to accept this Order as sole and

sufficient evidence of such transfer of title and accept for filing any and all of the documents and

instruments necessary and appropriate to consummate the transactions contemplated by the

Page: 24
Debtors:      Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:     18-19054 (JNP)
Caption:      Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
              Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
              Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
              Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
              Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
              Distribution Of Funds; and (VI) Granting Related Relief

Agreement, and shall rely upon this Order in consummating the transactions contemplated

hereby.

36.    The consideration provided by the Successful Bidder for the Acquired Assets is

fair and reasonable and constitutes reasonably equivalent value and fair consideration under the

laws of the United States, any state, territory, possession, or the District of Columbia.

37.    The Successful Bidder is a good faith purchaser and is entitled to all of the

benefits and protections afforded by section 363(m) of the Bankruptcy Code to a good faith

purchaser, including, without limitation, with respect to the Sale and the transfer of the Acquired

Assets, pursuant to section 365 of the Bankruptcy Code and this Order.

38.    Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions

of this Order are hereafter reversed, modified, or vacated by a subsequent order of the Court or

any other court, such reversal, modification, or vacatur shall not affect the validity and

enforceability of the Agreement, Sale and Closing any transfer under the Agreement or any

obligation or right granted pursuant to the terms of this Order (unless this Order has been stayed

pending appeal prior to Closing), and notwithstanding any reversal, modification, or vacatur,

shall be governed in all respects by the original provisions of this Order and the Agreement, as

applicable.

39.    Neither the Successful Bidder nor the Debtors are required to comply with any

"bulk sale" or similar laws relating to the transfer of the Acquired Assets.

40.    Upon Closing, the Successful Bidder shall not be deemed to (a) be the successor

to any of the Debtors, (b) be the mere continuation, alter ego or substantial continuation of the

Page: 25
Debtors:          Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:         18-19054 (JNP)
Caption:          Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                  Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                  Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                  Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                  Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                  Distribution Of Funds; and (VI) Granting Related Relief

Debtors or their enterprise or (c) have, de facto or otherwise, merged with or into the Debtors.

The Successful bidder is not a successor to the Debtors or their estates by reason of any theory of

law or equity, and except for the Assumed Liabilities, the Successful Bidder shall not assume, or

be deemed to assume, or in any way be responsible for any liability or obligation of any of the

Debtors and/or their estates, with respect to the Acquired Assets or otherwise, including, but not

limited to, any doctrine or theory of successor liability, transferee liability or similar theory or

basis of liability.  Except for the Assumed Liabilities, the Successful Bidder shall not have any

liability, responsibility, or obligation for any claims, liabilities, or other obligations of the

Debtors or their estates, including without limitation, any claims, liabilities, or other obligations

relating to the Acquired Assets prior to Closing Date.  Under no circumstances shall the

Successful Bidder be deemed successors of or to the Debtors for any Liens against, in, or to the

Debtors or the Acquired Assets.  All references herein to the Successful Bidder shall include its

affiliates, assignees, and their respective members.

41.    Effective as of the Closing, the Debtors and the Debtors' estates, on the one hand,

and the Successful Bidder and its agents, affiliates, members and assigns, on the other hand,

hereby release each other from any and all claims except for such claims that arise from the

Agreement and this Order after the Closing.

42.    The Agreement and any related ancillary document, documents, or other

instruments may be modified, amended, or supplemented by the parties thereto in accordance

with the terms thereof without further order of the Court; provided, that any such modification,

Page: 26
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

amendment, or supplement is not material and substantially conforms to, and effectuates, the Agreement and any related ancillary documents.

43.    The Sale of the Acquired Assets is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code or other applicable law or statute.

44.    To the extent there are any inconsistencies between the terms of this Order, the Agreement, the Term Sheet, and any prior order or pleading with respect to the Motion in the Debtors' chapter 11 cases, the terms of this Order shall govern.

45.    In the event of the dismissal of one or more of these chapter 11 cases, the terms of this Order shall remain in effect notwithstanding section 349 of the Bankruptcy Code.

46.    The Successful Bidder shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Agreement or any other Sale-related document. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified to the extent necessary to implement the preceding sentence.

47.    Notwithstanding the provisions of Rules 6004(h), 6006(d), and 7062 of the Bankruptcy Rules, the 14-day stay provided by or referred to in such rules is waived and shall not apply.  This Order shall not be stayed for 14 days after entry and shall be effective and enforceable immediately upon entry, and its provisions shall be self-executing, and the Debtors and the Successful Bidder are authorized to close the Sale immediately upon entry of this Order. The Successful Bidder has acted in good faith, and, in the absence of any person or entity having obtained entry of a stay pending appeal prior to Closing, if the Debtors and the Successful Bidder

Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*

Case No.:       18-19054 (JNP)

Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For Distribution Of Funds; and (VI) Granting Related Relief

close under the Agreement, then the Successful Bidder shall be entitled to the protections of section 363(m) of the Bankruptcy Code as to all aspects of the transactions under and pursuant to the Agreement if this Order or any authorization contained herein is reversed or modified on appeal.

48.      All persons and entities with notice of this Bankruptcy Case or this Order shall be, and hereby are, stayed and enjoined from exercising self-help or taking any action in any court or before any tribunal or arbitration panel or other dispute resolution mechanism inconsistent with, or that has the effect of interfering with, the relief granted pursuant to this Order.

49.      All persons and entities who are presently, or on the Closing Date may be, in possession of any of the Acquired Assets are hereby directed to surrender possession of such assets to the Successful bidder on the Closing Date.   Except as expressly permitted by the Agreement or this Order, all persons and entities, including but not limited to, all debt holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade creditors, dealers, employees, litigation claimants, and other creditors, holding Liens or other interests of any kind or nature whatsoever, including, without limitation, rights or claims based on any taxes or successor or transferee liability, against or in a Debtor or the Transferred Assets (whether legal or  equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtors, the Transferred Assets or the operation of the Transferred Assets before the Closing Date, or the transactions contemplated by the Agreement, including, without limitation, the Sale and the assumption and assignment of the Transferred Contracts, are forever barred, estopped,

Page: 28
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:        18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
        Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
        Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
        Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
        Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
        Distribution Of Funds; and (VI) Granting Related Relief

and permanently enjoined from asserting against the Successful Bidder, their successors and assigns, their respective property and the Transferred Assets, such persons' or entities' Liens, Encumbrances or other interests of any kind or nature whatsoever, including, without limitation, rights or claims based on any taxes or successor or transferee liability.

50.    The failure to mention any provision of the Term Sheet or the Agreement in this Order shall not impair its efficacy, it being the intent and effect of this Order that the Term Sheet and the Agreement are approved in all respects and all relief contemplated by the Term Sheet and the Agreement is hereby granted.

51.    In full resolution of the informal objection of New York Midtown Hotel LLC and 41st Midtown LLC, the Restaurant Management Agreement (the "ORTZI RMA") between debtor GRGNY2 and New York Midtown Hotel LLC is hereby assumed and assigned to the Successful Bidder on the Closing Date subject to the modifications agreed to by the parties in a separate amendment agreement (the "ORTZI Amendment"). For the avoidance of doubt, the ORTZI Amendment modifies section 24.1(B) of the ORTZI RMA and section 36.4 of the ORTZI RMA. Moreover, any monies held by the Debtors in trust as a payroll prepayment from New York Midtown Hotel LLC and/or 41st Midtown LLC shall be remitted to the Successful Bidder upon the Closing Date.

52.    In full resolution of the informal objection of American Express National Bank successor by merger to American Express Bank, FSB ("AmEx"), the Debtors and Amex have agreed to the following:  The Debtors and Amex are parties to that certain Business Loan and

Page: 29
Debtors:          Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:         18-19054 (JNP)
Caption:          Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                  Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                  Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                  Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                  Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                  Distribution Of Funds; and (VI) Granting Related Relief

Security Agreement, by and between AmEx and GRGNY1, LLC, Garces Catering 300, LLC,

Latin Quarter Concepts, LLC and La Casa Culinary LLC, dated as of August 9, 2017 (the

"AmEx Loan Agreement").  As of the Petition Date, the Debtors owed to AmEx $ 375,300.36

under the AmEx Loan Agreement. On the Closing Date, the Successful Bidder shall wire to

Debtors' counsel, Porzio, Bromberg & Newman, P.C., in immediately available funds of

$375,300.36, which shall be immediately remitted to Amex in full satisfaction of the amounts

due under the AmEx Loan Agreement.  As of the Closing Date, Amex consents to the release of

any funds held by the Debtors to the Debtors' estates representing the non-default Repayment

Rate under the AmEx Loan Agreement that would have accrued between the Petition Date and

the Closing Date.

53.    The Objection to Cure and Reservation of Rights filed by Restaurant Associates,

Inc. [Docket No. 310] and Objection of Kimmel Center, Inc. to Cure and Reservation of Rights

[Docket No. 311] together with any objections to sale filed by Restaurant Associates, Inc. or

Kimmel Center, Inc., are hereby resolved as follows:  the Debtors shall assume and assign that

certain Food Services Subcontract Agreement dated March 7, 2012 effective June 1, 2012 (the

"Subcontract") to the Successful Bidder subject to the modifications agreed to by the parties in

the Amendment Number Two to Concession Agreement. The parties agree that the Subcontract

cure amount as of May 28, 2018 shall be set at $ 505,177.01 and paid directly to Restaurant

Associates, Inc.  Any additional amounts due and owing after May 28, 2018 shall be paid by the

Successful Bidder.  The Debtors' and Successful Bidders' consent to the Amendment Number

Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

Two and the assumption and assignment of the Subcontract to the Successful Bidder is effective as of the Closing.

54.     The Reservation of Rights to the Debtors' Sale Motion filed by Chubb [Docket No. 325] is hereby fully and finally resolved as follows:  the Successful Bidder agrees that the Master Services Agreement dated April 2, 2016, as amended by (i) an Amendment to Master Services Agreement effective as of January 1, 2018, and (ii) a Second Amendment to Master Services Agreement effective as of November 1, 2017 by and between Conference Facilities, Inc., d/b/a The ACE Conference Center ("Chubb") and Garces Catering 300 LLC (the "MSA") shall be assumed and assigned to the Successful Bidder on the Closing Date and the Successful Bidder shall reconcile the $150,000 payroll advance deposit upon termination of the MSA. Moreover, any monies held by the Debtors in trust as a payroll prepayment from Chubb, which amount equaled $91,481 as of the close of business on July 5, 2018 and is subject to adjustment on the day of the Closing, shall be remitted to the Successful Bidder upon the Closing Date.

55.     The Limited/Conditional Objection of Luigi Adamo to the Proposed Assumption and Assignment of Leases Between Adamo and Latin Quarter Concepts LLC and Related Sale of Assets [Docket No. 357] is hereby fully and finally resolved as follows:  Notwithstanding any other provision of this Order, of the final asset purchase agreement between the Debtors and Successful Bidder or of any other document executed in connection therewith, the assets of Latin Quarter Concepts LLC are conveyed subject to, and the Successful Bidder takes such assets subject to, any liens, claims and encumbrances on such assets contained in that certain June 16, 2006 Rider to Lease Agreement between Luigi Adamo and Latin Quarter, that certain Consent of

Page: 31
Debtors:      Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:     18-19054 (JNP)
Caption:      Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
              Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
              Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
              Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
              Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
              Distribution Of Funds; and (VI) Granting Related Relief

Garces and Latin Quarter Concepts, LLC regarding that certain February 7, 2008 Easement &

Unity of Use Agreement between and among Adamo and Meyer Fitler II LLC, and that certain

April 2008 Addendum to Lease Agreement between Adamo and Latin Quarter (which are also

being assumed). For avoidance of doubt and without limitation, this includes, but is not limited

to the option granted to Luigi Adamo or his assignee to purchase the Liquor License, which

option is contained in paragraph 20 of the Rider to Lease Agreement identified above. No

alteration or revision of this provision may be sought without thirty days' notice to Adamo and

an opportunity to be heard.

56.    The objections of 2401 Walnut, LP and 2401 Walnut Café, LLP (collectively

"2401 Walnut") are resolved as follows: the lease with 2401 Walnut is rejected as of July 10,

2018 and the Debtors will vacate the property by July 31, 2018.  If the Debtors remain in the

premises after July 31, 2018, this Sale Order does not prevent 2041 Walnut from seeking a claim

against the Debtors, Buyer or any party in possession after July 31, 2018 for holdover rent or any

other claim under the lease.  Moreover, this Sale Order does not affect the Debtors or 2401

Walnut's rights to assert claims and interest with respect to any fixtures, office furniture, or

equipment at the test kitchen and the Debtors and 2401 Walnut reserve all of their rights.  The

restaurant management agreement with 2401 Walnut is rejected as of July 16, 2018.  The

Debtors will pay amounts owed for May stub rent due to 2401 Walnut within three (3) business

days after Closing.  2401 Walnut's rights with respect to rejection claims are reserved.

57.    The objection of TH Restaurant Management, LLC ("TH Restaurant") is resolved

as follows: any provision in the Agreement that conditions Closing upon Buyer's receipt of an

Page: 32
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

executed management services agreement with La Ciudad, LLC is hereby waived.  Buyer and TH Restaurant reserve all rights with respect to La Ciudad LLC, including but not limited to any management services agreement which may be executed by La Ciudad LLC.

58.    The objection of Ameristar Casino Kansas City, LLC ("Ameristar") is resolved as follows: the management agreement between Ameristar and GRGKC1, LLC is rejected as of July 10, 2018.

59.    Nothing contained in any plan of reorganization or liquidation confirmed in these cases or any order of this Court confirming such plans or in any other order in these cases, including any order entered after any conversion of these cases to a case under Chapter 7 of the Bankruptcy Code or dismissing these cases, shall alter, conflict with, or derogate, the terms of the Agreement or this Order.  The provisions of this Order and the Agreement and any actions taken pursuant hereto or thereto shall survive entry of a dismissal order or any order which may be entered confirming or consummating any plan of reorganization of the Debtors, or which may be entered converting these cases from Chapter 11 to Chapter 7 of the Bankruptcy Code, and the terms and provisions of the Agreement as well as the rights and interests granted pursuant to this Order and the Agreement shall continue in these Cases or any superseding case and shall be specifically performable and enforceable against and binding upon the Debtors and their estates and their successors and permitted assigns, including any trustee, responsible officer, or other fiduciary hereafter appointed as a legal representative of the Debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code.

Page: 33
Debtors:        Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*
Case No.:       18-19054 (JNP)
Caption:        Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the
                Debtors Outside of the Ordinary Course of Business; (II) Authorizing The Sale of Assets Free and
                Clear of All Liens; (III) Authorizing the Assumption and Assignment or Rejection of Certain
                Executory Contracts and Unexpired Leases; (IV) Approving A Compromise And Settlement
                Pursuant To Bankruptcy Rule 9019 As Embodied By The Term Sheet; (V) Providing For
                Distribution Of Funds; and (VI) Granting Related Relief

60.     The Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order, the Agreement, the Term Sheet and the Bidding Procedures Order in all respects and to resolve any disputes concerning this Order, the Agreement, the Term Sheet and the Bidding Procedures Order or the rights and duties of the parties hereunder or thereunder, as applicable, or any issues relating to this Order, the Agreement, the Term Sheet and the Bidding Procedures Order, including, but not limited to, the interpretation of the terms, conditions, and provisions hereof and thereof, the status, nature, and extent of the Acquired Assets and any Transferred Contracts, and all issues and disputes existing in connection with the relief authorized herein, inclusive of those concerning the transfer of the Acquired Assets free and clear of all Liens.

61.     This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

33

# EXHIBIT 1

SUBJECT TO FRE 408
CONFIDENTIAL

**Term Sheet for Garces Restaurant Group, Inc., *et al.* (June 26, 2018)**
**Case No. 18-19054**

THIS IS A TERM SHEET (THE "<u>TERM SHEET</u>") FOR A SETTLEMENT BY AND AMONG THE DEBTORS AND DEBTORS-IN-POSSESSION (COLLECTIVELY "<u>THE DEBTORS</u>"), M&T BANK A/K/A MANUFACTURERS AND TRADERS TRUST COMPANY ("<u>M&T BANK</u>"), 3BM1, LLC (THE "<u>BUYER</u>"), JOSE GARCES, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (THE "<u>COMMITTEE</u>")

| Term | Summary |
|------|---------|
| **Primary Economic Terms** | ▪ The definition of "Purchase Price" pursuant to the Amended and Restated Asset Purchase Agreement by and among the Debtors and Buyer, as modified by Court Order [ECF # 236] (the "<u>APA</u>"), shall be amended to reflect that the cash portion has been increased to $3.5 million (the "<u>Cash Sale Proceeds</u>" with the increase being referred to herein as the "<u>Purchase Price Increase</u>"). |
| | ▪ Buyer shall have until the Closing Date (hereinafter defined) to advise the Debtors as to which executory contracts and unexpired leases it wishes the Debtors to assume and assign to Buyer (or its affiliated designee(s)).  It is anticipated that the closing on the APA will be on or about July 10, 2018 (the "<u>Closing Date</u>"). |
| | ▪ All other terms of the APA remain the same unless and to the extent otherwise stated herein. |
| | ▪ M&T Bank shall receive $1.5 million from the Cash Sale Proceeds (the "<u>M&T Bank Sale Proceeds Portion</u>").  The M&T Bank Sale Proceeds Portion, in its entirety, shall be paid directly to M&T Bank by the Buyer on behalf of the Debtors via wire transfer on the Closing Date. |
| | ▪ Jose Garces shall contribute $500,000 to fund the global settlement, which shall be paid directly to M&T Bank (the "<u>Garces Contribution</u>").  While paid on account of guaranty liability and to facilitate the global settlement addressed in this Term Sheet, the Garces Contribution, in its entirety, shall be paid directly to M&T Bank via wire transfer on the Closing Date. |
| | ▪ M&T Bank will carve-out $2.0 million from the Cash Sale Proceeds for administrative and priority claims (the "<u>M&T Sale Proceeds Carveout</u>"), which is anticipated to be allocated as follows: |
| | ▪ $338,000 in priority claims; and |
| | ▪ $1.662 million in administrative claims (including, but not limited to, 503(b)(9) claims, PACA claims, stub rent, US Trustee fees, and estate professional claims). |
| **Escrow Funding** | ▪ On the Closing Date, the M&T Sale Proceeds Carveout shall be escrowed with Porzio, Bromberg & Newman, P.C. ("<u>Porzio</u>"). The M&T Sale Proceeds Carveout, in its entirety, shall be transferred directly by Buyer to Porzio via wire transfer on the Closing Date. |
| | ▪ On the Closing Date, the GUC Fund in the amount of $250,000 provided for in the APA shall be escrowed by the Buyer with Porzio provided the Buyer, the Committee and Porzio have entered into an escrow agreement satisfactory to Buyer (the "<u>GUC Escrow</u>").  The Committee's professionals shall act as disbursing agent with respect to same. |
| **Budget** | ▪ The Debtors are revising the budget in order to continue operations through an anticipated closing on or about July 10, 2018.  A copy of the budget is attached as **Exhibit A**. |

| Term | Summary |
|---|---|
| **Releases** | ▪ The Debtors' Estates shall release all claims against M&T Bank in exchange for M&T's funding of the M&T Sale Proceeds Carveout.<br><br>▪ The Debtors' Estates shall release all claims against Jose Garces in exchange for the Garces Contribution.<br><br>▪ The Debtors' Estates shall release all claims against Buyer in consideration of the Purchase Price Increase, the GUC Escrow, and other good and valuable considerations.<br><br>▪ There shall be general mutual releases of any and all claims by and among the Debtors, the Debtors' Estates, M&T Bank, the Buyer, the Committee and Jose Garces and their respective current, future and former officers, directors, stockholders, partners, members, managers, employees, agents, affiliates, successors, consultants, attorneys and their professionals retained in connection with this matter as applicable, including, without limitation, releases as between M&T Bank and Jose Garces of claims related to Jose Garces' guaranty of the M&T Bank debt.<br><br>▪ Upon receipt by M&T Bank of the M&T Bank Sale Proceeds Portion in its entirety and the Garces Contribution in its entirety. M&T Bank shall release and terminate all security interests, liens and mortgages upon any and all assets and properties of (1) the Debtors, (2) any and all non-Debtor affiliates obligated under the M&T Bank debt and (3) Jose Garces.<br><br>▪ In consideration for the M&T Sale Proceeds Carveout, the Debtors' Estates and all Debtors' Estates' and Committee's professionals release M&T Bank from any funding obligations after the date of execution of this term sheet of the Carve-Out referenced in the cash collateral order and budget, which is attached to the cash collateral order [ECF 307]. |
| **Procedure / Support of Sale and Global Settlement** | ▪ The Debtors shall request the Court to approve the terms of this settlement pursuant to a 9019 motion. The Debtors shall further request that the Bankruptcy Court schedule the approval hearing on or before July 9, 2018, at which time approval of sale pursuant to the APA, as amended herein, shall be heard.<br><br>▪ The settlement approval order shall be in form and substance acceptable to the Debtors, Buyer, M&T Bank, the Committee and Jose Garces, providing, among other things, that no party will be allowed to pursue any estate claims, including breach of fiduciary duty, avoidance actions, and fraudulent transfer claims released by the global settlement described herein. The general release granted to Buyer by the Debtors' Estates shall include, without limitation, avoidance actions and successor liability claims, but shall exclude claims of intentional common law fraud.<br><br>▪ M&T Bank and the Committee will consent to and support approval of the sale and the global settlement described herein. |
| **Administrative Claims** | ▪ Unless otherwise ordered, or the administrative claimant agrees to a different treatment, administrative creditors shall be paid in full. The estate professionals have agreed to discount their fees through June 27, 2018 and shall be paid in accordance with those discounted amounts.[1] |

---

[1] To the extent the parties consent to a certain administrative claim amount, the parties shall not object to such claim amount sought by such party. Otherwise, all rights are reserved to object to claims asserted in these cases, including administrative claims. The estate professionals reserve all rights with respect to their fees and expenses incurred after June 27, 2018, and M&T Bank reserves its rights with respect to same.

2

| Term | Summary |
|---|---|
| **Binding Nature of Term Sheet** | ▪ All parties shall be obligated to proceed in good faith as expeditiously as possible to negotiate, finalize, execute and deliver all such documentation necessary to carry out this settlement. Notwithstanding the foregoing, this Term Sheet is a binding agreement among the parties upon Bankruptcy Court approval.<br><br>▪ Notwithstanding the foregoing, if the Bankruptcy Court declines to approve the sale pursuant to the APA and the global settlement described herein despite the reasonable efforts of the parties hereto, then this Term Sheet will be null and void and of no force or effect and the parties' respective rights with respect to the matters addressed in this term sheet shall be fully preserved.<br><br>▪ The parties agree that the Bankruptcy Court for the District of New Jersey shall retain jurisdiction over the parties to enforce the terms of this Term Sheet and any documentation relating thereto, and to enter such other relief as the Court deems appropriate.<br><br>▪ Upon confirmation of agreement by each of the Debtors, the Committee, M&T Bank, Jose Garces and the Buyer, this Term Sheet shall be binding in all respects. Confirmation of agreement shall be transmitted by electronic mail by the counsel of record for each party to be submitted to counsel for the Debtors with simultaneous copy to counsel of record for each of the other parties.<br><br>▪ The parties agree that this Term Sheet shall be filed publicly by the Debtors within one business day of the Term Sheet being agreed to by each the Debtors, the Committee, M&T Bank, Jose Garces and the Buyer. |
| **Support of Chapter 11 Cases** | ▪ The Debtors, the Committee, and M&T Bank will support and act to implement a structured dismissal that preserves all of the terms of this settlement and facilitates distributions to M&T Bank and creditors of these estates. |
| **M&T Bank Participation as a Creditor** | ▪ M&T Bank shall participate as a creditor in any distributions realized from liquidation of the Debtors' assets that have not been included and/or sold under the APA.<br><br>▪ M&T Bank shall not participate as a creditor and thus shall not receive any distribution and/or dividend in or from the GUC Fund.<br><br>▪ M&T Bank reserves and preserves all of its rights to any and all distributions and dividends arising from the sale and/or liquidation and/or disposition of Debtors' assets not otherwise sold or transferred under the APA, including, but not limited to, recoveries and/or judgments from potential causes of actions and/or claims.<br><br>▪ To the extent the Debtors' Estates have additional or excess cash or receive any rebates, refunds etc., M&T Bank shall participate as a creditor in the distribution of same.<br><br>▪ M&T Bank will not be contributing any additional funds to the Debtors' Estates and/or towards the payment of administrative claims, including, but not limited to, Debtors' Estates' and Committee's professionals' fees other than the funds representing the M&T Bank Sale Proceeds Carve Out. |

3

# EXHIBIT A

## [Budget]

**Garce Restaurant Group, Inc.**
**Case No. 18-109054**

| | 10 | 11 | 12 | 13 |
|---|---|---|---|---|
| Week No. | | | | |
| Week Ending | 7/2/2018 | 7/9/2018 | 7/16/2018 | Post 7/16 |
| | BTB | catering | BTB | catering |
| **Cash Receipts:** | | | | |
| Gross Receipts - Restaurants | 375,576 | 319,971 | | |
| Gross Receipts - Catering | 176,571 | 92,125 | | |
| Less: Escrowed Catering Deposits | - | - | - | - |
| Release of Escrowed Catering Deposits | - | - | - | - |
| Receipts - Management | 12,811 | 53,583 | | |
| Gift Card Sales | - | - | - | - |
| Other/AR | 152,000 | - | - | - |
| Sale Proceeds/Professional Escrow Release | | | 2,000,000 | 275,000 |
| Total Cash Receipts | 716,958 | 465,679 | 2,000,000 | 275,000 |
| **Cash Disbursements:** | BTB | catering | BTB | catering |
| Payroll, Taxes and Benefits (PTEB) | 375,000 | 233,000 | 380,000 | 111,500 |
| Health & Dental Insurance | | | | 25,800 |
| Rent | 125,387 | - | (88,984) | 20,000 |
| Fees Paid to Venue - Kimmel & Volver | 87,041 | - | | 65,000 |
| Insurance | 42,762 | 2,766 | | 21,026 |
| Utilities | 11,561 | 8,464 | | - |
| Property Taxes | | 5,000 | (3,548) | |
| Food Purchases | 133,794 | 46,492 | | |
| Beverage Purchases | 14,343 | 15,000 | | |
| Rental Cost | 17,000 | 5,000 | | |
| Direct Operating | 34,682 | 25,391 | | 152,543 |
| Sales Tax/Liquor Tax | | - | - | 93,000 |
| April Sales/Liquor Tax | | - | - | - |
| Other-credit card and bank fees | 35,000 | - | - | - |
| Other-Penalties and fines | - | - | - | 60,000 |
| Total Operating Disbursements | 876,569 | 341,112 | 287,467 | 548,869 |
| | | | | |
| Net Cash Flow Before Debt Service, Restruct Pro Fees & CapEx | (159,610) | 124,567 | 1,712,533 | (273,869) |
| | | | | |
| BIRT 2017 Past due Installments | | | | 51,000 |
| Court Ordered Escrow (PACA-credited against estimated claims) | | 18,333 | - | - |
| Amex Loan Settlement Repayment ($412k left as of 04.18) | | | | - |
| M&T Interest | 37,039 | - | - | - |
| BIRT 2018 | | | | 30,000 |
| UST Fees | - | - | - | 105,000 |
| PACA Claims | - | - | - | 96,000 |
| 503(b)(9) Claims | - | - | - | 200,000 |
| Restructuring Professional Fees & Costs | | | | 1,280,000 |
| Total Non-Operating Disbursements | 37,039 | 18,333 | 0 | 1,762,000 |
| | | | | |
| **Net Cash Flow** | **(196,649)** | **106,234** | **1,712,533** | **(2,035,869)** |
| | | | | |
| DIP Funds | | | | |
| Beginning Cash Balance | 417,100 | 220,451 | 326,685 | 2,039,217 |
| Net Cash Flow | (196,649) | 106,234 | 1,712,533 | (2,035,869) |
| Ending Cash Balance | 220,451 | 326,685 | 2,039,217 | 3,348 |

# EXHIBIT 2

| DEBTOR | CONTRACT COUNTERPARTY | AMOUNT | ADDRESS | DESCRIPTION OF CONTRACT OR LEASE | ASSUME / REJECT | ASSIGNEE |
|---|---|---|---|---|---|---|
| GRGAC1, LLC | Revel Entertainment Group, LLC | $0.00 | 500 Boardwalk    Atlantic City  NJ  08401 | Lease Agreement | Assume | 3BMI Restaurant Management, LLC |
| GRGAC2, LLC | Revel Entertainment Group, LLC | $0.00 | 500 Boardwalk    Atlantic City  NJ  08401 | Lease Agreement | Assume | 3BMI Restaurant Management, LLC |
| GRGAC3, LLC | Revel Entertainment Group, LLC | $0.00 | 500 Boardwalk    Atlantic City  NJ  08401 | Lease Agreement | Assume | 3BMI Restaurant Management, LLC |
| GRGAC1, LLC GRGAC2, LLC, GRGAC3, LLC | ACOWRE, LLC and AC Ocean Walk, LLC | $0.00 | 500 Boardwalk    Atlantic City  NJ  08401 | Settlement Agreement and Release of Possessory Interests | Assume | 3BMI Restaurant Management, LLC |
| Garces Catering 300, LLC | 121 Walnut Street Restaurant Associates, LP | $0.00 | Attn: Stanley Tairala c/o Renaissance Properties 1926 Arch Stree | Lease Agreement | Assume | 3BMI Olde Bar, LLC |
| Garces Restaurant Group, Inc. | 2401 Walnut, LP | $21,876.06 | c/o Bedrock Group, LLC 2401 Walnut St., Suite 100, Philadelphia | Lease Agreement | Reject | N/A |
| La Casa Culinary LLC | TJJ Real Co. , LLC | $0.00 | 217-219 Chestnut Street Unit 100 Philadelphia PA 19106 | Property Lease | Assume | 3BMI Amada, LLC |
| Latin Quarter Concepts LLC | Meyer Fitler II, LP | $0.00 | 1824 Spruce Street Suite 100 Philadelphia PA 19103 | Tinto Lease Agreement | Assume | 3BMI LQ, LLC |
| Latin Quarter Concepts LLC | Meyer Fitler II, LP | $0.00 | 1824 Spruce Street Suite 100 Philadelphia PA 19103 | Village Whiskey Lease Agreement | Assume | 3BMI LQ, LLC |
| Latin Quarter Concepts LLC | Luigi Adamo | $17,707.17 | 130 Maureen Rd    Holland  PA  18966 | Property Lease | Assume | 3BMI LQ, LLC |
| UrbanFarm, LLC | Brandywine CIRA, LP | $0.00 | 555 E Lancaster Ave. Suite 100 Radnor  PA  19087 | Property Lease | Assume | 3BMI JGD, LLC |
| GRGDC2, LLC | 1250 4th St (Edens), LLC | $0.00 | c/o Edens Limited Partnership 1221 Main Street Suite 1000   Col | Lease Agreement | Reject | N/A |
| Numerous Entities | EcoLab | $3,366.08 | PO Box 32027 New York NY | Dishmachine Lease Agreement GR300, LLC | Assume | 3BMI Catering, LLC |
| | | | | Dishmachine Lease Agreement Latin Quarter Concepts, LLC | Assume | 3BMI LQ, LLC |
| | | | | Dishmachine Lease Agreement La Casa Culinary, LLC | Assume | 3BMI Amada, LLC |
| | | | | Dishmachine Lease Agreement UrbanFarm, LLC | Assume | 3BMI JGD, LLC |

1

39962238

| Debtor | Counterparty | Cure Amount | Address | Contract or Lease | Assume / Reject | Assignee |
|---|---|---|---|---|---|---|
| Garces Restaurant Group, Inc. | M&M Mechanical | $0.00 | 1280 Dexter Ave, Deptford NJ 08096 | Product and Services Supply Agreement — Garces Restaurant Group, Inc. | Assume | 3BMI Management Services, LLC |
| Garces Restaurant Group, Inc. | | | | Multiple Equipment Rental Leases – GTC, Amada, Olde Bar, Tinto | Assume | 3BMI Management Services, LLC |
| Garces Catering 300 | Penske Truck Leasing Co., LP | $8,122.84 | PO Box 827380 Philadelphia PA 19182-738 | Multiple Equipment Rental Leases – 24 | Reject | N/A |
| Garces Restaurant Group, Inc. | Penske Truck Leasing Co., LP | $15,816.29 | PO Box 827380 Philadelphia PA 19182-738 | Vehicle Lease | Reject | N/A |
| GRG300 LLC | Vero Water, Inc. | $1,215.00 | 1680 Michigan Ave, PH7 Miami Beach FL 33139 | Rental Agreement | Reject | N/A |
| Garces Restaurant Group, Inc. | Wells Fargo | $0.00 | P.O. BOX 70239 PHILADELPHIA PA 19176-0239 | Equipment Lease Agreement | Assume | 3BMI Catering, LLC |
| Garces Restaurant Group, Inc. | Xerox | $2,088.16 | PO Box 660501 Dallas TX 75266-0501 | Restaurant printers lease | Assume | 3BMI Management Services, LLC |
| Garces Restaurant Group, Inc. | | | | Menu printer Lease | Assume | 3BMI Management Services, LLC |
| Garces Restaurant Group, Inc. | 2401 Walnut Café, LLC | $0.00 | c/o Bedrock Group, LLC 2401 Walnut St, Suite 100 Philadelphia | Shared Kitchen Agreement | Reject | N/A |
| Garces Restaurant Group, Inc. | Baldor Specialty Foods, Inc. | $115,337.94 | 155 Food Center Drive, Bronx NY 10474 | Food Purchasing Agreement | Reject | N/A |
| Garces Restaurant Group, Inc. | Arway Apron & Uniform Rentals, Inc. | $44,708.36 | PO Box 23035, Philadelphia PA 19124 | Vendor Contract | Reject | N/A |
| Garces Restaurant Group, Inc. | | | | Rental Agreement dated May 1, 2017 | Reject | N/A |
| Numerous Entities | Atmosphere Music, Inc. | $960.00 | PO Box 54487, Philadelphia PA 19148 | Atmosphere Music Service Agreement GRGBookies, LLC | Assume | 3BMI Olde Bar, LLC |
| | | | | Atmosphere Music Service Agreement Latin Quarter Concepts. LLC | Assume | 3BMI LQ, LLC |
| | | | | Atmosphere Music Service Agreement GR300, LLC | Assume | 3BMI Catering, LLC |
| | | | | Atmosphere Music Service Agreement La Casa Culinary, LLC | Assume | 3BMI Amada, LLC |

2

| | | | | Vendor Contract | | |
|---|---|---|---|---|---|---|
| Garces Restaurant Group, Inc. | Garda CL Atlantic | $9,601.46 | 3209 Momentum Place Chicago IL 60689-5332 | | Reject | N/A |
| Numerous Entities | Kitchen Exhaust Professionals, LLC d/b/a HOODZ of Cherry Hill, LB and Egg Harbor | $7,527.39 | 606 Ryan Ave Ste. Q1, Westville NJ 08093 | Kitchen Exhaust System Maintenance Latin Quarter Concepts, LLC – Village Whiskey | Assume | 3BMI LQ, LLC |
| | | | | Kitchen Exhaust System Maintenance Latin Quarter Concepts, LLC - Tinto | Assume | 3BMI LQ, LLC |
| | | | | Kitchen Exhaust System Maintenance UrbanFarm LLC | Assume | 3BMI JGD, LLC |
| | | | | Kitchen Exhaust System Maintenance GRGMoorestown, LLC | Assume | 3BMI Restaurant Management, LLC |
| | | | | Kitchen Exhaust System Maintenance GRGBookies, LLC | Assume | 3BMI Olde Bar, LLC |
| | | | | Kitchen Exhaust System Maintenance La Casa Culinary, LLC | Assume | 3BMI Amada, LLC |
| "Restaurants in association with the Garces Group" | Caviar | $0.00 | 1455 Market ST Suite 600, San Francisco CA 94103 | Delivery Service Agreement - Tinto, Amada, Village Whiskey, UrbanFarm, LLC, Distrito, Garces Trading Co., Rosa Blanca | Assume | 3BMI Management Services, LLC |
| Numerous | Coca-Cola | $5,744.35 | 25000 Windy Ridge Pkway SE, Atlanta GA 30339 | Vendor Contract | Assume | 3BMI Management Services, LLC |
| Garces Restaurant Group, Inc. | Roadrunner Recycling, Inc. | $9,387.57 | PO Box 6011, Hermitage PA 16148 | Materials Management Services Agreement - Olde Bar, Amada, Tinto, Village Whiskey | Assume | 3BMI Management Services, LLC |
| Garces Restaurant Group, Inc. | Ctuit | $1,031.00 | 773 San Marin Dr., Novato CA 94945 | Business Intelligence Reporting | Assume | 3BMI Management Services, LLC |
| Garces Restaurant Group, Inc. | OpenTable | $8,922.57 | 29109 Network Place, Chicago IL 60673-1291 | Reservation management system | Assume | 3BMI Management Services, LLC |
| Garces Group [sic] | Tip Network | $6,900.00 | 739 Fourth Avenue Suite 201 San Diego CA 92101 | Tip reporting software | Assume | 3BMI Management Services, LLC |
| GRGKC1, LLC | Ameristar Casino Kansas | $0.00 | 3980 Howard Hughes Parkway | Management Agreement | Reject | N/A |

39962381

| | City, LLC | Las Vegas NV 89169 | | | | |
|---|---|---|---|---|---|---|
| GRGWildwood LLC | The Morey Organization | 3501 Boardwalk, Wildwood NJ 08260 | $0.00 | Consulting Services Agreement | Assume | 3BMI Restaurant Management, LLC |
| GRGAC4 LLC | Tropicana Atlantic City Corp. a/b/a Tropicana Casino & Resort | Broghton and the Boardwalk Atlantic City NJ 08401 | $0.00 | Management Agreement | Assume | 3BMI Restaurant Management, LLC |
| GRG 2401 LLC | 2401 Walnut Café, LLC | c/o Bedrock Group, LLC 2401 Walnut St. Suite 100, Philadelphia | $0.00 | Amended and Restated Restaurant Management Agreement | Reject | N/A |
| GRG NY2 LLC | New York Midtown Hotel LLC | 433 California Street 7th Floor San Francisco CA 94104 | $0.00 | Restaurant Management Agreement | Assume | 3BMI Restaurant Management, LLC |
| Numerous | Restaurant Associates, Inc. | 330 Fifth Avenue, New York NY 10001 | $505,177.01 | Food Services Subcontract Agreement | Assume | 3BMI Catering, LLC |
| Garces Catering 300, LLC / Restaurant Associates, Inc. | Kimmel Center, Inc. | 260 S. Broad Street Suite 901 Philadelphia PA 19102 | $201,441.03 | Concession Agreement | N/A | N/A |
| Garces Catering 300, LLC | Conference Facilities, Inc. | 800 Ridge Pike    Lafayette Hill PA 19444 | $0.00 | Master Services Agreement | Assume | 3BMI Catering, LLC |
| Garces Catering 300, LLC | 50 S. Main Street LLC | 50 S. Main Street    New Hope PA 18938 | $0.00 | Management Agreement - Playhouse Inn Property, LLC | Reject | N/A |
| Garces Restaurant Group, Inc. | Philadelphia 76ers, L.P. | 1 - 99 S Front Street    Camden NJ 08103 | $0.00 | Catering Agreement | Reject | N/A |
| Garces [sic] | NCR Silver | 864 Spring Street    Atlanta GA 30308 | $0.00 | POS Contract at Spruce Street Harbor | Assume | 3BMI Management Services, LLC |
| Garces Restaurant Group, Inc. | Paycomm Payroll | 225 E. John Carpenter Freeway Suite 1500   Irving   TX  75062 | $0.00 | Payroll Provider | Assume | 3BMI Management Services, LLC |
| Garces Restaurant Group | Reserve Interactive | 3215 Golf Rd Suite 165    Delafield WI 53018 | $0.00 | Event Scheduling Tracking Agreement | Assume | 3BMI Management Services, LLC |
| La Casa Culinary LLC | Thi Quan & Van Hung Hua | 7230 Hilltop Road    Upper Darby PA 19082 | $0.00 | License Agreement | Assume | 3BMI Amada, LLC |
| Garces Restaurant Group, Inc. | TrendMicro Antivirus and CMS | 225 E. John Carpenter Freeway Suite 1500   Irving   TX  75062 | $0.00 | AntiVirus Protection | Assume | 3BMI Management Services, LLC |
| Garces Restaurant Group, Inc. | Comstar Technologies | 1155 Phoenixville Pike    West Chester PA 19380 | $4,506.71 | Phone Services - All Restaurants | Assume | 3BMI Management Services, LLC |
| Garces Restaurant Group, Inc. | Hot Schedules | 3440 Preston Ridge Rd. Suite 350 Alpharetta GA 30005 | $1,748.12 | Employee Scheduling Service Agreement | Assume | 3BMI Management Services, LLC |
| Garces Catering 300 | ProtoCall | 1 Mall Drive Suite 203   Cherry Hill NJ 08002 | $460.87 | Vendor Contract | Assume | Assume |

39996238

| Numerous | The Chef's Warehouse | $246,466.69 | 240 Food Center Drive   Bronx NY 10474 | Food Purchasing Agreement | Reject | N/A |
|---|---|---|---|---|---|---|
| Numerous | Termac Corporation | $13,084.07 | 7330 Tulip St., Philadelphia PA 19136 | Lease, Service and Rental Agreement | Reject | N/A |
| Garces Catering 300 | Adam Delosso | - | 123 Marielle Lane   East Norriton PA 19401 | Employee Contract | Assume | 3BMI Management Services, LLC |
| Garces Restaurant Group, Inc. | Melissa Scully | - | 2401 Walnut Street Suite 300 Philadelphia PA 19103 | Employee Contract | Reject, subject to delivery of new employment agreement at closing | N/A |
| Garces Restaurant Group, Inc. | Gregg Ciprioni | - | 2401 Walnut Street Suite 300 Philadelphia PA 19103 | Employee Contract | Reject, subject to delivery of new employment agreement at closing | N/A |

5

39962238