| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1** | |
| **ARCHER & GREINER, P.C.**<br>Gerard DiConza, Esq. (admission pending)<br>Jerrold S. Kulback, Esq.<br>Lance A. Schildkraut, Esq.<br>630 Third Avenue<br>New York, NJ 10017<br>Telephone: (212) 682-4940<br>Email:  gdiconza@archerlaw.com<br>            jkulback@archerlaw.com<br>            lschildkraut@archerlaw.com<br>*Counsel to CohnReznick Capital Markets Securities,*<br>*LLC* | |
| In Re:<br><br>Garces Restaurant Group, Inc., d/b/a Garces Group, e*t al.*,[1]<br><br>             Debtors. | Case No.: 18-19054 (JNP)<br><br>(Jointly Administered)<br><br>Chapter: 11<br><br>Hon. Jerrold N. Poslusny Jr. |

### COHNREZNICK CAPITAL MARKET SECURITIES LLC'S OMNIBUS REPLY TO OBJECTIONS TO THE FEE REQUEST AND RESERVATION OF RIGHTS TO SEEK ATTORNEYS' FEES

CohnReznick Capital Market Securities, LLC ("**CRC**"), by its undersigned counsel,

submits this Reply to the objections to the Consolidated First and Final Fee Application of CRC

dated August 7, 2018 [Dkt. No. 420] (the "**Fee Application**") filed by Official Committee of

Unsecured Creditors (the "**Committee**") [Dkt. Nos. 448 & 457], the United States Trustee (the

---

[1]  The Debtors in these cases and the last four digits of their employee identification numbers are: GRGAC1, LLC d/b/a Amada (7047); GRGAC2, LLC d/b/a Village Whiskey (7079); GRGAC3, LLC d/b/a Distrito Cantina (7109); GRGAC4, LLC (0542); Garces Restaurant Group, Inc. d/b/a Garces Group (0697); Latin Valley 2130, LLC; La Casa Culinary, LLC d/b/a Amada Restaurant (4127); Garces Catering 300, LLC d/b/a Garces Catering (3791); Latin Quarter Concepts, LLC d/b/a Tinto d/b/a Village Whiskey (0067); UrbanFarm, LLC d/b/a JG Domestic (3014); GR300, LLC d/b/a Volver (0347); GRG2401, LLC (7222); GRGChubb1, LLC (8350);  GRGKC1, LLC; GRGWildwood, LLC (9683); and GRGNY2, LLC (0475); GRGDC2, LLC d/b/a Latin Market (8878); GRGBookies, LLC (4779); and GRGAC5,LLC (9937).

"**U.S. Trustee**") [Dkt No. 450] and M&T Bank [Dkt. No. 437], and reservation of rights to request attorneys' fees in connection with responding to the objections and otherwise prosecuting the Fee Application.

## Preliminary Statement[2]

CRC was retained by the Debtors as their exclusive investment banker "to assist with strategic investment banking services in connection with the marketing and sale process of substantially all of its assets as a going concern." (*See* Debtors' Application to Retain CRC [Dkt. No. 83] (the "**Retention Application**") ¶ 3.) By Order entered June 11, 2018 [Dkt. No. 293] (the "**Retention Order**"), this Court approved the engagement of CRC as investment banker to the Debtors, pursuant to section 328(a) of the Bankruptcy Code. (Retention Order ¶ 2.) The $318,006 transaction fee (the "**Fee**") requested CRC pursuant to the Fee Application was determined in accordance with section 2(c) of CRC's Court-approved engagement agreement with the Debtors, a copy of which was annexed to the Retention Order (the "**Engagement Agreement**").

The Retention Order directed CRC to seek compensation by filing fee applications as required by section 330 of the Bankruptcy Code, but made clear that any review of CRC's fees would be subject to review "only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code," not section 330. (*Id.* ¶ 3.) Notwithstanding the applicability of section 328(a), the Retention Order gave the Committee, U.S. Trustee and M&T Bank (collectively, the "**Interested Parties**") the ability to object to CRC's fees based on "the reasonableness standard provided in section 330 of the Bankruptcy Code *consistent with other investment banking fees earned during an expedited §363 marketing process*." (*Id.* ¶ 4.) In other words, the Retention Order limited the review of CRC's fee by the Interested Parties to the customary fees charged by

---

[2] Capitalized terms not defined herein shall have the meaning given those terms in the Fee Application.

investment bankers in comparable and similar circumstances.  None of the other factors set forth in section 330(a)(3) (*i.e.*, hours spent, rates charged, and whether the services were necessary and beneficial) apply here.  Most importantly, none of the Interested Parties allege that CRC's fee is not consistent with the fees charged by comparable investment bankers in similar circumstances.

When Congress enacted section 328(a) of the Bankruptcy Code in 1978 it sought to avoid exactly what the Committee and U.S. Trustee are attempting to accomplish here.  Through section 328(a), the Bankruptcy Code is designed to incentivize highly qualified professionals to practice before the Bankruptcy Court.  A professional retained in a bankruptcy case must be assured that it will be compensated according to the terms and conditions it agrees to, and that the court approves, at the outset of the engagement.  Here, the Court approved CRC's engagement under section 328(a), and the Retention Order, Retention Application and Engagement Agreement all clearly and expressly spell out how CRC's fee is determined.  This Court should not revisit the amount of the Fee requested by CRC unless it finds it was improvident, *i.e.*, the fee was ill-advised due to circumstances that could not have been contemplated at the time of the retention.  Neither the Committee nor the U.S. Trustee allege that CRC's Fee is improvident.

M&T filed a limited objection on the basis that payment of CRC's Fee should await determination until the Debtors provide M&T with information "as to the 'go forward' game plan regarding the Debtors' bankruptcy cases."  M&T Limited Objection [Dkt. No. 437] ¶ 4.  M&T's limited objection should also be denied.  The Debtors received sufficient proceeds to pay the Fee and CRC's expenses in full and the Retention Order and Engagement Agreement contemplate payment of CRC's Fee promptly upon the Debtors' receipt of the sale consideration.

The Retention Order also approved the indemnification provisions set forth in CRC's Engagement Agreement.  Pursuant to those provisions, CRC is entitled to indemnification from

3

the Debtors' estates as a result of and in connection with "claims, direct damages, losses and actual out-of-pocket reasonable expenses, *including court costs and reasonable attorneys' fees* ...." (CRC Engagement Agreement, Dkt. No. 83-2 ¶ 8.)  CRC has incurred, and continues to incur, damages and losses, including attorneys' fees, in prosecuting and defending the objections to its Fee Application.  Accordingly, CRC reserves its right to seek reimbursement from the Debtors' estates for its costs and reasonable attorneys' fees.

<u>**Argument**</u>

**A.  <u>Section 328(a) Governs CRC's Fee Request</u>**

1.     Through the Fee Application, CRC seeks approval of the Fee (which includes a $50,000 pre-petition retainer) earned by CRC upon sale of the Debtors' assets.  (*See* CRC Engagement Agreement ¶ 2(c) (authorizing Fee upon sale of Debtors' assets); Order Approving Sale of Debtors' Assets [Dkt. No. 403] (approving asset purchase agreement for the sale of substantially all the Debtors' assets).)

2.     CRC's Fee was approved under section 328(a) and may not be revised unless the Court finds the fee to have been "improvident" or incapable of being anticipated at the time of CRC's retention.  *See In re Northwestern Corp.*, 332 B.R. 534, 537 (D. Del. 2005).  Section 328(a) of the Bankruptcy Code provides, in pertinent part, that a debtor "may employ . . . a professional person under section 327 . . . on any reasonable terms and conditions of employment, including . . . a contingent fee basis.  Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, *if such terms and conditions prove to have been improvident in light of the developments not capable of being anticipated at the time of the fixing of such terms and conditions*."  11 U.S.C. § 328(a) (emphasis added).

3.      The standard to revisit fees approved under section 328 fees is high and an objecting party must show that the approved fees were improvident or incapable of being anticipated at time of retention.  No such improvidence is alleged or exists here.

4.      CRC's Fee is a typical, contingent fee charged by investment bankers in similar matters.  *See In re Relativity Fashion, LLC*, No. 15-11989 (MEW), 2016 Bankr. LEXIS 4339, \*\*8-9, 2016 WL 8607005, at \*3 (Bankr. S.D.N.Y. Dec. 16, 2016) ("Transaction fees are not unique to bankruptcy. It has long been the practice of investment bankers to charge for their services in this exact same way outside of bankruptcy.").  The Fee approved by the Court in the Retention Order is customary and similar to transaction fees approved in other bankruptcy cases under similar circumstances.  *See In re NephroGenex, Inc.*, 2017 WL 3189861, at \*4 (Bankr. D. Del. July 26, 2017) (approving transaction fee of greater of $500,000 or 3.5% of entire sale consideration); *see also In re SkyMall, LLC*, Case No. 15-bk-00679-BKM, Dkt. No. 240 (Bankr. D. Ari. March 12, 2015) (approving compensation structure where CRC received transaction fee of greater of $200,000 or 5.0 percent of first $5 million and 3.0 percent of anything over $5 million of all consideration, meaning the full transaction value); *In re NJOY, Inc.*, Case No. 16-12076-CSS, Dkt. No. 127 (Bankr. D. Del. Oct. 7, 2016) (approving application for CRC retention where fee structure allowed for greater of $300,000 or 3.0 percent of aggregate cash proceeds to Debtor, or $300,000 plus 3.0 percent of cash raised to cover administrative expenses in a credit bid) (copies of the SkyMall and NJOY retention papers are annexed as Exhibit A.)

5.      The Committee argues that Fee sought by CRC was not approved under section 328(a) since CRC did not bring the purchasers of the Debtors' assets "to the table" (Committee Obj. ¶ 4) and CRC did not bring any other bidders to the auction held on June 26, 2018. (Committee Obj. ¶ 5.)  The Committee argument is specious and without merit.

6.      CRC's Retention Application expressly states that CRC was being retained under section 328(a) to provide investment banking services in connection with the marketing and sale process of substantially all the Debtors' assets.  (Retention App. ¶¶ 3, 5, 6.)  The Retention Order, along with the approved Engagement Agreement, expressly approved CRC's contingent fee under section 328(a) in contemplation of a sale of the Debtors' assets.

7.      As set forth in the Certification of Jeffrey R. Manning dated September 20, 2018 filed in response to the fee objections [Dkt. No. 463] (the "**Manning Certification**"), CRC worked extensively on the sale transaction ultimately approved by the Court (Manning Cert. ¶¶ 7-12), including, among other services, meeting with several interested parties during the post-petition period,[3] assisting interested parties with due diligence, including site visits, and negotiating terms of the sale.  CRC professionals worked extensively with several interested purchasers, including with representatives of 3BM1 LLC, the ultimate buyer of the Debtors' assets.  (Manning Cert. ¶¶ 9-12.)  CRC was intimately involved in the auction and sale, negotiating heavily with all interested parties so that a transaction could be consummated.  The sale ultimately approved by the Court under the Sale Order called for the sale of the Debtors' assets to 3BM1 LLC.  The fact that other professionals may have contributed or provided services to foster the sale is not a basis to reduce or deny CRC's approved fee.  *See Northwestern Corp.*, 332 B.R. at 537 (duplication of services by investment bankers not a basis to reduce fees); *see also Riker, Danzig, Scherer, Hyland & Perretti v. Official Comm. of Unsecured Creditors (In re Smart World Techs., LLC)*, 552 F.3d 228, 232 (2d Cir. 2009) (approving contingency fee for professional not involved in court-approved settlement); *In re Wash. Mut., Inc.*, No. 08-12229, 2018 WL 704361 at *7, 2018 Bankr. LEXIS

---

[3]  In addition to services provided during the post-petition period, CRC provided over 650 hours of services to the Debtors under the Engagement Agreement during the pre-petition period.  (*See* Debtors' Reply to Limited Objections to the Retention of CRC filed by the Committee and M&T Bank [Dkt. No. 221] at 2.)

291 (Bankr. D. Del. Feb. 2, 2018) (finding no basis of improvidence where professional provided portion of services that resulted in tax refund).

8.  Here, there is no doubt that CRC's efforts substantially contributed to the sale approved by the Court and CRC became immediately entitled to its Fee upon consummation of the sale as contemplated by the Retention Order and Engagement Agreement.  CRC determined its Fee (which includes a 15% courtesy discount) as set forth below:

| as of the Closing Date 7/12/18 | | 3BM1, LLC |
|---|---|---|
| Cash Bid | $ | 3,500,000 |
| Amex Payout | $ | 375,300 |
| Key Employee Retention | $ | 160,000 |
| RMA & Kimmel Center | $ | 505,177 |
| Other Cure Costs | $ | 71,565 |
| Cash & Assumed Debt Sub-Total | $ | 4,612,042 |
| | | |
| Event Deposits | $ | 1,021,000 |
| Net Gift Cards | $ | 1,197,000 |
| Future Employee Retention | $ | 160,000 |
| Post Petition AP | $ | 250,000 |
| Post Petition "GUT" | $ | 250,000 |
| Consideration | $ | 7,490,042 |
| | | |
| **Investment Banking Fees** | | |
| Consideration** | $ | 4,612,042 |
| Minimum Transaction Fee | | 200,000 |
| 2.5% on the first $5.0 million | | 115,301 |
| Transaction Fees | $ | 315,301 |
| Less 15% Credit | $ | (47,295) |
| Transaction Fee after credit | $ | 268,006 |
| Pre-Petition Retainer | $ | 50,000 |
| Investment Banking Fees | $ | 318,006 |
| Out-of-Pocket Expenses (capped) | $ | 7,500 |
| Total Fees & Expenses | $ | 325,506 |

9.  As contemplated by the Court at the time of CRC's retention, if the Debtors were successful in selling their assets, CRC would be entitled to a its Fee.  The Committee does not, and

cannot, deny that the Sale Order was entered by the Court approving the sale as contemplated by the Retention Order.  Any argument by the Committee that a sale as contemplated by CRC's engagement did not occur is baseless.  Accordingly, CRC is entitled to immediate payment of its Fee.

**B.  <u>Any Section 330 Reasonableness Review is Limited</u>**

10.    While CRC's Fee was pre-approved by the Court under section 328(a) as reasonable, the Retention Order provided a limited carveout under section 330 for review by the Interested Parties.  That review is limited to one factor, *i.e.*, whether the fee is consistent with other customary investment banking fees earned during an expedited section 363 marketing process. None of the Interested Parties allege, nor can they allege, that CRC's requested fee is not comparable or consistent with customary fees charged by similarly situated investment bankers under the circumstances faced by CRC.  Accordingly, there is no basis to disturb this Court's prior approval of CRC's Fee.

11.    Rather than focus its objection on the one factor applicable under the carveout, the Committee relies on the lodestar factors set forth in section 330 in support of its objection to CRC's Fee.  The Committee looks to the Third Circuit decision in *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253 (3rd Cir. 1995) in support of its lodestar hourly fee argument.  The Committee's argument is misplaced.  Unlike CRC's retention, the retention of Zolfo Cooper in the Sunbeam cases was not under section 328(a) and the section 330(a) review was not limited.  *Id.* at 262.  As a result, Zolfo Cooper's compensation request was subject to the terms of section 330 and all the factors set forth in section 330(a)(3).[4]

---

[4]  CRC devoted over 400 hours since the Petition Date (and over 1000 hours since its engagement) to providing services to the Debtors.  Although hours spent is not relevant to the appropriateness of the Fee, CRC has provided evidence of its time spent to the United States Trustee.

12.     Not only does the Retention Order preclude a lodestar analysis here, other courts have concluded that lodestar is not appropriate in determining transaction fees of investment bankers.  *See In re Residential Capital, LLC*, 504 B.R. 358, 371 (Bankr. S.D.N.Y. 2014).  As the court observed in *In re XO Communications, Inc*., 398 B.R. 106 (Bankr. S.D.N.Y. 2008), transaction fees, such as CRC's fee here, are "intended to act as an incentive for the professional to obtain a certain result," and should therefore not be calculated based on the amount of time spent to reach the goal of selling the debtor's assets.  *XO Commc'ns*, 398 B.R. at 118.[5]

13.     No dispute has been raised by any of the Interested Parties as to whether CRC's Fee is customary under the circumstances.  Accordingly, CRC's Fee should be approved in its entirety.

### C.  <u>CRC Reserves the Right to Seek Reimbursement of its Attorneys' Fees</u>

14.     Pursuant to paragraph 8 indemnification provisions to the Engagement Agreement, CRC is entitled to reimbursement from the Debtors' estates for its reasonable out-of-pocket expenses, including reasonable attorneys' fees it incurs in prosecuting and defending its fee request.  CRC has incurred costs and attorneys' fees in addressing the Committee's dubious objection to the Fee, including discovery.

15.     CRC reserves its right to file a supplemental fee application seeking approval and payment of such fees and costs and, accordingly, requests that the Court direct that no distributions be made from the Debtors' estates until CRC's Fee Application is finally determined and resolved. *See In re Hungry Horse, LLC*, 574 B.R. 740, 747–48 (Bankr. D.N.M. 2017) ("The Court concludes that the contract exception to the American Rule remains viable in bankruptcy cases. In the Court's

---

[5]  The Committee's heavy reliance on *In re Hall*, 415 B.R. 911 (Bankr. M.D. Ga. 2009) is also misplaced.  In *Hall*, pre-petition contingency counsel for the debtor was never retained by order of the bankruptcy court and neither section 328(a) nor 330 applied to a determination of whether counsel's fee was reasonable.

view, a properly drafted fee defense provision could be a "reasonable term" under § 328(a), violating neither the letter nor spirit of ASARCO"); *In re Nortel Networks Inc.*, No. 09-10138(KG), 2017 WL 932947, at *9 (Bankr. D. Del. Mar. 8, 2017) (approving a fee indemnification dispute protection clause in a contract).

WHEREFORE, for the reasons set forth herein, the Manning Certification and the Fee Application, CRC respectfully requests entry of an order approving the Fee and expenses and directing the Debtors to promptly pay such Fee and expenses and granting such other relief as is just and proper.

Dated: September 24, 2018

**ARCHER & GREINER, P.C.**

By:    /s/ Jerrold S. Kulback
       Gerard DiConza, Esq. (admission pending)
       Jerrold S. Kulback, Esq.
       Lance A. Schildkraut, Esq.
       630 Third Avenue
       New York, NY 10017
       Telephone: (212) 682-4940
       Email: gdiconza@archerlaw.com
              jkulback@archerlaw.com
              lschildkraut@archerlaw.com

       *Counsel to CohnReznick Capital Markets Securities, LLC*

**EXHIBIT A**

Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

Attorneys for Debtors and Debtors-in-Possession

John A. Harris (#014459)
john.harris@quarles.com
Robert P. Harris (#011523)
Robert.harris@quarles.com

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | In Proceedings Under Chapter 11 |
| XHIBIT CORP., *et. al.*,[1] | Jointly Administered Under: |
| Debtors. | Case No. 2:15-bk-00679-BKM |
| | **FIRST AND FINAL FEE APPLICATION OF COHNREZNICK CAPITAL MARKET SECURITIES, LLC, AS INVESTMENT BANKER, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES** |

**First and Final Application Period:**    **January 22, 2015 through April 3, 2015**
**Fees:**                                 **$225,000.00**

SKYMALL, LLC ("**SkyMall**"), and the other debtors and debtors-in-possession (collectively with SkyMall, the "**Debtors**") in the above-captioned Chapter 11 cases (the "**Bankruptcy Cases**"), file this application for allowance and payment of professional compensation and reimbursement of expenses (the "**Application**") on behalf of CohnReznick Capital Market Securities, LLC ("**CRCMS**"), the investment banker to the Debtors. This

---

[1]    The Debtors in these jointly administered cases are: SkyMall, LLC (Case No. 2:15-bk-00679-BKM); Xhibit Corp. (Case No. 2:15-bk-00680-BKM); Xhibit Interactive, LLC (Case No. 2:15-bk-00682-BKM); FlyReply Corp. (Case No. 2:15-bk-00684-BKM); SHC Parent Corp. (Case No. 2:15-bk-00685-BKM); SpyFire Interactive, LLC (Case No. 2:15-bk-00686-BKM); Stacked Digital, LLC (Case No. 2:15-bk-00687-BKM), and SkyMall Interest, LLC (Case No. 2:15-bk-00688-BKM).

QB\34745657.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Application has been filed pursuant to Bankruptcy Code § 328(a), Bankruptcy Rule 2016, the Guidelines of the Office of the United States Trustee for the District of Arizona, the *Emergency Application for Entry of an Order Authorizing the Employment and Retention of CohnReznick Capital Market Securities, LLC as Investment Banker Pursuant to 11 U.S.C. §§ 327 and 328* [Docket No. 21], including all exhibits thereto, (the "**Employment Application**"), and the *Final Order Authorizing the Employment and Retention of CohnReznick Capital Market Securities, LLC as Investment Banker Pursuant to 11 U.S.C. §§ 327 and 328* [Docket No. 240] (the "**Employment Order**").

This Application is the first and final application filed on behalf of CRCMS for approval of compensation and reimbursement of expenses in these Bankruptcy Cases.

Through this Application, the Debtors, on behalf of CRCMS, request that the Court: (i) allow CRCMS final compensation for professional services rendered as the investment banker for the Debtors during these Bankruptcy Cases from January 22, 2015 through April 3, 2015 (the "**Application Period**") in the total amount of $225,000.00 (the "**Professional Fees**"); (ii) allow CRCMS reimbursement of expenses incurred during these Bankruptcy Cases in the total amount of $14,153.51 (the "**Professional Expenses**"); and (iii) authorize and direct the Debtors to pay the Professional Fees and Expenses as allowed to CRCMS upon entry of an order approving this Application.

This Application is supported by: (i) the attached Memorandum of Points and Authorities, (ii) the attached supporting Exhibits "A" and "B", which contain descriptions of the professional services and reimbursable expenses incurred during the course of these Bankruptcy Cases, and (iii) the entire record before the Court.

RESPECTFULLY SUBMITTED this 23rd day of April, 2015.

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391


By  /s/ Robert P. Harris
    John A. Harris
    Robert P. Harris

Attorneys for Debtors and Debtors-in-Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    BACKGROUND .**

1.    On January 22, 2015 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court for relief under chapter 11.

2.    The Debtors continue to operate their business and manage their assets and affairs as debtors-in-possession under Bankruptcy Code Sections §§ 1107 and 1108.

3.    The Court has jurisdiction over these Bankruptcy Cases under 28 U.S.C. §§ 157 and 1334.  This Application presents a core proceeding under 28 U.S.C. § 157(b)(2).

4.    No trustee or examiner has been appointed in these Bankruptcy Cases.

5.    On January 23, 2015, the Debtors filed their Employment Application, seeking to employ CRCMS as investment banker for the Debtors.

6.    CRCMS is a limited liability company, investment bank, and FINRA member Firm with offices located at 500 East Pratt Street, Baltimore, MD 21202.

7.    Pursuant to the terms of the Employment Application as approved by the Court through the Employment Order, CRCMS is entitled to the following fees:

a.    **Second Retainer.** A fee of $25,000.00, which was paid to CRCMS by the Debtors on March 12, 2015 pursuant to the Employment Order;[2] and

b.    **Transaction Fee.** Upon consummation of the sale as described below, CRCMS is entitled to a transaction fee in the amount of $200,000.00.

8.    Pursuant to the Employment Application, as approved by the Court through the Employment Order, CRCMS also is entitled to reimbursement for its direct and reasonable out-of-pocket expenses incurred in carrying out its duties under its engagement.

9.    An initial hearing was held on the Employment Application on January 27, 2014 (the "**Initial Employment Hearing**").  Thereafter, the Court entered its *Interim Order Approving Emergency Application for Entry of an Order Authorizing the Employment and Retention of*

---

[2]    As more fully described in the Employment Application, prior to the Petition Date, the Debtors paid CRCMS an initial fee of $50,000.00.

QB\34745657.1

*CohnReznick Capital Market Securities, LLC as Investment Banker Pursuant to 11 U.S.C. §§ 327 and 328* [Docket No. 63] (the "**Interim Employment Order**").

10.    The Court held a final hearing on the Employment Application on February 19, 2015 (the "**Final Employment Hearing**").

11.    Thereafter, on March 12, 2015, the Court entered its final employment order (the "**Employment Order**"), authorizing the Debtors' employment of CRCMS effective as of January 9, 2015, and compensation of CRCMS under the terms stated in the Employment Application.

12.    To date, CRCMS has been paid $75,000.00 in two retainers in accordance with the Employment Application as approved by the Court through the Employment Application – an initial retainer of $50,000.00 paid pre-petition, and a second retainer of $25,000.00 paid after the Final Employment Hearing.

13.    Through this Application (filed on behalf of CRCMS), CRCMS seeks approval and allowance of its compensation relating to the Transaction Fee for investment banking services in the amount of $200,000.00, plus the reimbursement of Professional Expenses in the amount of $14,153.51 incurred during the retention period.  The Transaction Fee is compensation payable to CRCMS on or about the closing of the sale pursuant to Section 2(e) of the Agreement dated January 9, 2015 and approved by the Court through the Employment Order.   The sale transaction closed on April 3, 2015, and CRCMS submitted an invoice to the Debtors on April 7, 2015.  CRCMS expense reimbursement details were submitted to the Debtors, professionals from the Official Committee of Unsecured Creditors (the "**Creditor's Committee**"), and the United States Trustee ("**UST**") for review and approval.

## II.    SUMMARY OF SERVICES PROVIDED TO THE DEBTORS BY CRCMS.

As described in the Employment Application, CRCMS was employed as an investment banker primarily to market and conduct an auction sale of some or substantially all of SkyMall's assets under Section 363 of the Bankruptcy Code.  CRCMS's services included:

(a)    identifying opportunities for the sale of SkyMall's assets and business;

(b)    pursuing the sale of SkyMall's assets;

1

2   (c)  as requested by the Debtors, participating in negotiations concerning such sale;
   and

3

4   (d)  advising the Debtors on other matters that arose from time to time during the
   engagement.

5    On March 25, 2015, Jeffrey R. Manning ("**Mr. Manning**") of CRCMS presided over an

6 auction involving SkyMall's assets (the "**Auction**").  Two Qualified Bidders - C&A Marketing,

7 Inc., a New Jersey corporation ("**C&A**") and FSG Distributors ("**FSG**") - participated in the

8 Auction.  In addition, representatives and advisors of the Debtors, the Creditor's Committee, the

9 Official Committee of Restricted Security Holders of Xhibit Corp. (the "**Equity Committee**"),

10 and Connexions Loyalty, Inc. ("**Connexions**"), and the UST (among others) attended the

11 Auction.  At the conclusion of the Auction, C&A was the prevailing bidder, with an offer for $1.9

12 million.

13    On March 27, 2015, the Court held a hearing (the "**Sale Hearing**") to confirm approval of

14 the proposed sale to C&A.  In its order dated March 27, 2015 [Docket. No. 316] (the "**Sale**

15 **Order**"), the Court found, among other things, that CRCMS (as a representative of the Debtors)

16 had adequately and appropriately marketed the SkyMall assets, the Auction was duly noticed and

17 conducted in a diligent, non-collusive, fair and good faith manner, and the Auction process

18 afforded a full, fair, and reasonable opportunity for any person or entity to qualify as a bidder,

19 participate in the Auction and to make a higher or otherwise better offer to purchase the SkyMall

20 assets.  The Court further noted that each of the sale objections (the "**Sale Objections**") that had

21 been filed were either resolved or overruled.  The sale transaction, which was approved by the

22 Sale Order, closed on April 3, 2015.  CRCMS submitted an invoice to the Debtors on April 7,

23 2015 for its Transaction Fee.  Pursuant to the Employment Application, the Transaction Fee is

24 compensation payable to CRCMS on or about the closing of the sale, subject to Court approval.

25 CRCMS expense reimbursement details were submitted to the Debtors, professionals from the

26 Creditor's Committee and the UST for review and approval.

27    CRCMS' compensation was contingent upon the consummation of a sale, and investment

28

1  bankers do not generally get reimbursed for time and materials.  This fee structure is consistent

2  with the customary practices of CRCMS for comparably sized and complex cases involving the

3  services to be provided in these Bankruptcy Cases.  The compensation structure was established

4  to reflect the difficulty of the extensive assignments CRCMS expect to undertake and the

5  potential for failure.  Further, the fee structure set forth in the Engagement Agreement was agreed

6  upon by the parties thereto in anticipation that a substantial commitment of professional time and

7  effort would be required of CRCMS, and in light of the fact that such commitment may foreclose

8  other opportunities for CRCMS, and that the actual time and commitment required of CRCMS

9  and its professionals to perform its services hereunder may vary substantially from week to week.

10  The Debtors respectfully request that the Court authorize the Debtors to pay to CRCMS

11  the Transaction Fee in the amount of $200,000.00.  Further, the Debtors request final approval of

12  the Second Retainer previously paid by the Debtors.  Finally, the Debtors respectfully request that

13  the Court authorize reimbursement of CRCMS's necessary and reasonable expenses incurred in

14  the course of its employment in the amount of $14,153.51.

15  **III.**    **CONTENTS OF THE ATTACHED SUPPORTING EXHIBITS.**

16  Attached as **Exhibit A** to this Application is the invoice from CohnReznick for the

17  $200,000.00 Transaction Fee.    Attached as **Exhibit B** to this Application is a list of the

18  Professional Expenses, totaling $14,153.51, incurred by CRCMS during the course of these

19  Bankruptcy Cases.

20  **IV.**    **STANDARDS RELEVANT TO PROFESSIONAL COMPENSATION AND**
21  **EXPENSE REIMBURSEMENT.**

22  In accordance with Bankruptcy Code Section 328(a), a professional's fees remain subject

23  to the "improvident" standard provided under the section, but they are not subject to a

24  "reasonableness" analysis under Section 330 as a matter of law.  *In re Reimers*, 972 F.2d 1127,

25  1129 (9th Cir. 1992); *See also In re Confections By Sandra, Inc.*, 83 B.R. 729, 731 (B.A.P. 9th

26  Cir. 1987); *In re Danner*, No. BAP ID-11-1315-HJUMK, 2012 WL 3205242, at *4 (B.A.P. 9th

27  Cir. July 31, 2012).  The foregoing discussion, the attached Exhibits, and the finding of fact and

28

1    conclusions made by the Court during the course of these bankruptcy proceedings demonstrate

2    that the requested professional compensation is fair and reasonable under the circumstances and

3    further is not "improvident" under Section 328.  Therefore, the Debtors and CRCMS request the

4    Court approve the Professional Fees and Professional Expenses on a final basis and authorize the

5    Debtors to pay CRCMS its Transaction Fee and Professional Expenses as approved pursuant to

6    this Application.

7    **V.      COMPLIANCE    WITH    BANKRUPTCY    CODE    SECTION    504    AND
       BANKRUPTCY RULE 2016.**

8

9        CRCMS has not entered into any arrangement or agreement with any person or entity with

10   respect to the sharing of professional compensation and expenses for which CRCMS is seeking

11   compensation and reimbursement as set forth in this Application, except as permitted by

12   Bankruptcy Code § 504(b)(1). CRCMS has not received any other payment for the professional

13   services.

14   **VI.     CONCLUSION.**

15       WHEREFORE, on behalf of CRCMS, the Debtors respectfully requests the Court to enter

16   an Order:

17       A.      Allowing CRCMS final compensation for professional services rendered as the

18   investment banker for the Debtors during these Bankruptcy Cases in the amount of $225,000.00;

19       B.      Allowing CRCMS final reimbursement in the amount of $14,153.51 as actual and

20   necessary expenses which it has incurred in connection with such professional services;

21       C.      Promptly after the entry of the order approving this Application, authorizing the

22   Debtors to pay the unpaid amount of the allowed fees and expenses to CRCMS; and

23       D.      Granting such other and further relief as the Court deems just and proper under the

24   facts and circumstances of these Bankruptcy Cases.

25

26

27

28

A proposed form of order approving this Application is attached as Exhibit "C".

RESPECTFULLY SUBMITTED this 23rd day of April, 2015.

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391


By /s/ Robert P. Harris
    John A. Harris
    Robert P. Harris

Attorneys for Debtors and Debtors-in-Possession

Agreed:

Dated:  April 21, 2015

CohnReznick Capital Market Securities, LLP
Investment Banker for the Debtors

_____
Jeffrey R. Manning
Managing Director
500 East Pratt Street
Baltimore, MD  21202
(410) 690-8788

QB\34745657.1

-6-

1

COPIES of the foregoing sent via
e-mail or first-class mail this 23rd
day of April, 2015, to all  parties
on the Official Service List attached
hereto

2

3

4

/s/ Sybil Taylor Aytch

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QB\34745657.1

-7-

## XHIBIT CORP., *et al.*
## OFFICIAL SERVICE LIST

LARRY WATSON
OFFICE OF THE U.S. TRUSTEE
230 N. FIRST AVENUE, SUITE 204
PHOENIX, AZ 85003
Email: larry.watson@usdoj.gov

DAVID BOTTER, ESQ.
AKIN GUMP STRAUSS HAUER & FELD LLP
ONE BRYANT PARK
NEW YORK NY 10036-6745
Email: dbotter@akingump.com
COUNSEL FOR CONNEXIONS LOYALTY, INC.
AND SKYMALL VENTURES, LLC

SUSAN M. FREEMAN
JUSTIN J. HENDERSON
LEWIS ROCA ROTHGERBER LLP
201 E. WASHINGTON STREET, SUITE 1200
PHOENIX, AZ 85004-2595
Email: SFreeman@LRRLaw.com
Email: JHenderson@LRRLaw.com

COUNSEL FOR CONNEXIONS LOYALTY, INC.
AND SKYMALL VENTURES, LLC

DAREN W. PERKINS, ESQ.
EXECUTIVE DIRECTOR & ASSISTANT
GENERAL COUNSEL
JPMORGAN CHASE & CO.
P. O. BOX 655415
DALLAS, TX 75265-5415
Email: daren.perkins@jpmchase.com

STEVEN R. WIRTH, ESQ.
AKERMAN LLP
401 E. JACKSON STREET, SUITE 1700
TAMPA, FL 33602
Email: steven.wirth@akerman.com
COUNSEL FOR HSN IMPROVEMENTS, LLC ,
CORNERSTONE BRANDS, INC. AND CINMAR,
LLC

PAUL W. WEISER, ESQ.
BUCHALTER NEMER
16435 N. SCOTTSDALE RD, SUITE 440
SCOTTSDALE, AZ 85254-1754
Email: pweiser@buchalter.com
COUNSEL FOR PKY FUND II PHOENIX I, LLC

JOANNA NEWDECK, ESQ.
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 NEW HAMPSHIRE AVENUE, N.W.
WASHINGTON, DC 20036
Email: jnewdeck@akingump.com
COUNSEL FOR CONNEXIONS LOYALTY, INC.
AND SKYMALL VENTURES, LLC

JANET E. BOSTWICK, ESQ.
JANET E. BOSTWICK, PC
295 DEVONSHIRE STREET
BOSTON, MA 02110
Email: jeb@bostwicklaw.com
COUNSEL FOR DEMANDWARE INC.

WESLEY D. RAY, ESQ.
POLSINELLI PC
1 EAST WASHINGTON STREET, SUITE 1200
PHOENIX, AZ 85004
Email: wray@polsinelli.com
COUNSEL FOR HSN IMPROVEMENTS, LLC ,
CORNERSTONE BRANDS, INC. AND CINMAR,
LLC

JEFFREY R. MANNING
COHNREZNICK CAPITAL MARKETS
SECURITIES LLC
500 E PRATT STREET SUITE 200
BALTIMORE MD 21202
Email: jeff.manning@crcms.com
INVESTMENT BANKER FOR DEBTORS

## XHIBIT CORP., *et al.*
## OFFICIAL SERVICE LIST

CHRISTOPHER A. WARD, ESQ.
JARRETT VINE, ESQ.
POLSINELLI PC
222 DELAWARE AVENUE, SUITE 1101
WILMINGTON, DE 19801
Email: cward@polsinelli.com
Email: jvine@polsinelli.com
COUNSEL FOR HSN IMPROVEMENTS, LLC ,
CORNERSTONE BRANDS, INC. AND CINMAR,
LLC

TAMALYN E. LEWIS, ESQ.
ENGELMAN BERGER, PC
3636 N. CENTRAL AVENUE, SUITE 700
PHOENIX, AZ 85012
Email: tel@eblawyers.com
COUNSEL FOR AMERICAN AIRLINES, INC.
AND US AIRWAYS, INC.

MARIAN GARZA
ASCENSION CAPITAL GROUP, INC.
P.O. BOX 201347
ARLINGTON, TX 76006
Email: ecfnotices@ascensioncapitalgroup.com
BANKRUPTCY SERVICER FOR BMW
FINANCIAL SERVICES NA, LLC

DEAN C. WALDT, ESQ.
MICHAEL S. MYERS, ESQ.
BALLARD SPAHR LLP
1 EAST WASHINGTON STREET, SUITE 2300
PHOENIX, AZ 85004-2555
Email: waldtd@ballardspahr.com
Email: myersms@ballardspahr.com
COUNSEL FOR XSE, LLC, X SHARES, LLC,
AND SMXE LENDING, LLC

SANDRA W. LAVIGNA, ESQ.
SECURITIES & EXCHANGE COMMISSION
444 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES CA  90071-9591
Email: lavignas@sec.gov

AUTUMN D. HIGHSMITH, ESQ.
HAYNES AND BOONE, LLP
2323 VICTORY AVENUE, SUITE 700
DALLAS, TEXAS 75219
Email: autumn.highsmith@hayesboone.com
COUNSEL FOR AMERICAN AIRLINES, INC.
AND US AIRWAYS, INC.

THOMAS J. SALERNO, ESQ.
ANTHONY P. CALI, ESQ.
GORDON SILVER
ONE E. WASHINGTON, SUITE 400
PHOENIX, AZ 85004
Email: tsalerno@gordonsilver.com
Email: acali@gordonsilver.com

HARRIS B. WINSBERG, ESQ.
STEPHEN S. ROACH, ESQ.
TROUTMAN SANDERS LLP
600 PEACHTREE ST., SUITE 5200
ATLANTA, GA 30308
Email: harris.winsberg@troutmansanders.com
Email: stephen.roach@troutmansanders.com
COUNSEL FOR DELTA AIRLINES, INC.

STEVEN D. JEROME, ESQ.
ERIC S. PEZOLD, ESQ.
SNELL & WILMER L.L.P.
400 E. VAN BUREN STREET, SUITE 1900
PHOENIX, AZ  85004-2202
Email: sjerome@swlaw.com
Email: epezold@swlaw.com
LOCAL COUNSEL FOR OFFICIAL COMMITTEE
OF UNSECURED CREDITORS

KIMBERLY A. WALSH, ESQ.
ASSISTANT ATTORNEY GENERAL
BANKRUPTCY & COLLECTIONS DIVISION
MC 008
P.O. BOX 12548
AUSTIN, TEXAS 78711-2548
Email: Kimberly.Walsh@texasattorneygeneral.gov

**XHIBIT CORP.,** *et al.*
**OFFICIAL SERVICE LIST**

JEFFREY L. COHEN, ESQ.
SETH VAN AALTEN, ESQ.
ALEX R. VELINSKY, ESQ.
COOLEY LLP
1114 AVENUE OF THE AMERICAS
NEW YORK, NY 10036
Email: jcohen@cooley.com
Email: svanaalten@cooley.com
Email: avelinsky@cooley.com
LEAD COUNSEL FOR OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

CAROLYN J. JOHNSEN, ESQ.
DICKINSON WRIGHT, PLLC
1850 NORTH CENTRAL AVENUE, SUITE 1400
PHOENIX, AZ 85004
Email: cjjohnsen@dickinsonwright.com
COUNSEL FOR DESIGN TOSCANO LTD.

AMERICAN EXPRESS
PO BOX 0001
LOS ANGELES CA  90096-8000
Email: george.w.brunson@aexp.com

JONATHAN B. FRUTKIN, ESQ.
THE FRUTKIN LAW FIRM, PLC
15205 N. KIERLAND BLVD., SUITE 200
SCOTTSDALE, AZ 85254
Email: jfrutkin@frutkinlaw.com
COUNSEL FOR AMERICAN PRINTHOUSE

CINMAR (FRONTGATE/ELECTMIX)
5566 W CHESTER RD
ATTN:  GREG BERGLUND
WEST CHESTER OH  45069
Email: afranzoni@cinmar.com

JOHN D. ELROD, ESQ.
GREENBERG TRAURIG, LLP
TERMINUS 200
3333 PIEDMONT ROAD, NE, SUITE 2500
ATLANTA, GA 30305
Email: elrodj@gtlaw.com
COUNSEL FOR UNITED PARCEL SERVICE, INC.

CHRISTOPHER L. HERING, ESQ.
GAMMAGE & BURNHAM P.L.C.
TWO NORTH CENTRAL AVENUE, 15TH FLOOR
PHOENIX, AZ 85004
Email: chering@gblaw.com
COUNSEL FOR VICTORINA LLC

AMERICAN AIRLINES
4333 AMON CARTER BLVD
FORT WORTH TX  76155
Email: walter.weems@aa.com

S. CARY FORRESTER, ESQ.
FORRESTER & WORTH, PLLC
3636 NORTH CENTRAL AVENUE, SUITE 700
PHOENIX, AZ 85012
E-mail: scf@forresterandworth.com
COUNSEL FOR UNDERBOSS PRODUCTIONS, LLC

CONSTANGY BROOKS & SMITH LLP
PO BOX 102476
ATLANTA GA  30368-0476
Email: jrosin@constangy.com

**XHIBIT CORP.,** *et al.*
**OFFICIAL SERVICE LIST**

GEMMY INDUSTRIES CORP
PO BOX 3588
COPPELL TX  75019
Email: jason.mccann@gemmy.com

HAMMACHER SCHLEMMER & CO., INC.
ATTN: ANN HAMILTON
9307 N MILWAUKEE AVENUE
NILES IL  60714
Email: ann.hamilton@bgeltd.com

HAMMACHER, SCHLEMMER & CO., INC.
ATTN: KAREN SEAWELL
9307 N. MILWAUKEE AVE.
NILES IL 60714
Email: Kseawell@hammacher.com

MARK L. RADTKE, ESQ.
SHAW FISHMAN GLANTZ & TOWBIN LLC
321 N. CLARK STREET, SUITE 800
CHICAGO, IL 60654
Email: mradtke@shawfishman.com
COUNSEL FOR HAMMACHER, SCHLEMMER &
CO., INC.

PATRICK A. CLISHAM, ESQ.
ENGELMAN BERGER, P.C.
3636 N. CENTRAL AVENUE, SUITE 700
PHOENIX, AZ 85012
Email: pac@eblawyers.com
COUNSEL FOR HAMMACHER, SCHLEMMER &
CO., INC.

MIDLAND PAPER
1140 PAYSPHERE CIRCLE
CHICAGO IL  60674
Email: jim.otoole@midlandpaper.com

MIDLAND PAPER COMPANY
ATTN: RALPH DELETTO
101 E. PALATINE RD.
WHEELING IL 60090
Email: Ralph.deletto@midlandpaper.com

SIGNALS
5581 HUDSON INDUSTRIAL PKWY
HUDSON OH  44236
Email: mbender@woecatalog.com

HSN IMPROVEMENTS LLC
5568 WEST CHESTER RD
WEST CHESTER OH  45069
Email: cpellenberg@improvementscatalog.com

SOUTHWEST AIRLINES, INC.
14800 FRYE ROAD
FORT WORTH, TX 76115
Email: vicki.mccrummen@wnco.com

RELIEF POD INTL
1801 E CARNEGIE AVE
SANTA ANA CA  92705
Email: dcoleman@reliefpod.com

NORM THOMPSON OUTFITTERS, INC. DBA
SOLUTIONS
DANIEL W. RAMSEY
138 CONANT STREET
BEVERLY MA 01915
Email: dramsey@orchardbrands.com

NORM THOMPSON OUTFITTERS, INC.  DBA
SOLUTIONS
ATTN: KAREN DURLING
26 ALBERIGI DRIVE
JESSUP, PA 18434
Email: mbowcut@ntobrands.com

STEINER SPORTS MEMORABILIA, INC.
ATTN: KELVIN JOSEPH
145 HUGUENOT STREET
NEW ROCHELLE NY 10801
Email: Kjoseph@steinersports.com

## XHIBIT CORP., *et al.*
## OFFICIAL SERVICE LIST

STEINER SPORTS MEMORABILIA, INC.
145 HUGENOT STREET
NEW ROCHELLE, NY 10801
Email: smahoney@steinersports.com

UNITED AIRLINES, INC.
1200 E. ALGONQUIN ROAD
ELK GROVE, IL 60007
Email: david.oppenheim@united.com

UNITED PARCEL SERVICE
P.O. BOX 505820
THE LAKES, NV 88905
Email: milanoue@ups.com

US AIRWAYS
P.O. BOX 29655
PHOENIX, AZ 85038
Email: autumn.highsmith@haynesboone.com
Email: tel@eblawyers.com

WHAT ON EARTH
5581 HUDSON INDUSTRIAL PKWY
HUDSON, OH 44236
Email: mbender@woecatalog.com

WIRELESS
5581 HUDSON INDUSTRIAL PKWY
HUDSON, OH 44236
Email: mbender@woecatalog.com

INSIGHT DIRECT USA, INC.
ATTN: MICHAEL L. WALKER
6820 S. HARL AVENUE
TEMPE, AZ 85283
Email: Sherri.West@Insight.com

PROJECT MANAGEMENT CORP.
3683 E VALLEJO DRIVE
GILBERT, AZ 85298
Email: jerel@talentwoo.com

VARIDESK, LLC
ATTN:  CRAIG D. STOREY
117 WRANGLER WAY, SUITE 100
COPPELL TX 75019
Email: craig.storey@varidesk.com

MISSOURI DEPARTMENT OF REVENUE
BANKRUPTCY UNIT
ATTN: STEVEN A. GINTHER
PO BOX 475
JEFFERSON CITY MO 65105-0475
Email: azecf@dor.mo.gov

CHAIM PIEKARSKI
AVI GOLDENBERG
C&A MARKETING, INC.
2 BERGEN TURNPIKE
RIDGEFIELD PARK, NJ 07660
Email: chaim@camarketing.com
Email: avig@camarketing.com

NCR CORPORATION
INTELLECTUAL PROPERTY LAW VP
3097 SATELLITE BOULEVARD, 2ND FLOOR
DULUTH, GEORGIA 30096
Email: richard.weiss@ncr.com

JUMBLEBERRY
C/O ALBERT LUK
171 E. LIBERTY STEET, SUITE 310
TORONTO ON M6K 3P6
CANADA
Email: Brian@jumbleberry.com
Email: albert.luk@jumbleberry.com

TIMOTHY SMITH
8700 N. 64TH PLACE
PARADISE VALLEY, AZ 85253
Email: msmith1803@aol.com
OFFICIAL COMMITTEE OF RESTRICTED EQUITY
SHAREHOLDERS OF XHIBIT CORP.

## XHIBIT CORP., *et al.*
## OFFICIAL SERVICE LIST

E3LIGHT INC.
ATTN: CRAIG DEGROOT
130 7TH AVE., SUITE 350
NEW YORK, NY 10011
Email: cdg@e3light.com

DAVID SANDERS
7944 E. PARK VIEW LANE
SCOTTSDALE, AZ 85255
Email: dsanders@ambath.com
OFFICIAL COMMITTEE OF RESTRICTED EQUITY
SHAREHOLDERS OF XHIBIT CORP.

BRADLEY HILLIER
421 W. ALAMEDA DRIVE
TEMPE, AZ 85282
Email: bhillier@homebrandsgroup.com
OFFICIAL COMMITTEE OF RESTRICTED EQUITY
SHAREHOLDERS OF XHIBIT CORP.

RYAN J. LORENZ
CLARK HILL PLC
14850 N. SCOTTSDALE ROAD, SUITE 500
SCOTTSDALE, AZ 85254
Email: rlorenz@clarkhill.com
COUNSEL FOR BRAND 44, LLC

BRADLEY J. STEVENS, ESQ.
JEFFREY D. GARDNER, ESQ.
PAUL J. VALENTINE, ESQ.
JENNINGS, STROUSS & SALMON, P.L.C.
ONE E. WASHINGTON STREET, SUITE 1900
PHOENIX, AZ 85004-2554
Email: bstevens@jsslaw.com
Email: jgardnerg@sslaw.com
Email: pvalentine@jsslaw.com
COUNSEL FOR OFFICIAL COMMITTEE OF
RESTRICTED EQUITY SHAREHOLDERS OF
XHIBIT CORP.

JOSEPH CORRIGAN
IRON MOUNTAIN INFORMATION
MANAGEMENT, LLC
ONE FEDERAL STREET
BOSTON, MA 02110
Email: Bankruptcy2@ironmountain.com

NCR CORPORATION
GENERAL COUNSEL
3097 SATELLITE BOULEVARD, 2ND FLOOR
DULUTH, GA 30096
Email: law.notices@ncr.com

TERESA M. PILATOWICZ, ESQ.
GORDON SILVER
ONE E. WASHINGTON STREET, SUITE 400
PHOENIX, AZ 85004
Email: tpilatowicz@gordonsilver.com
COUNSEL FOR LAKE INDUSTRIES, INC.

CHAD ROBERSON
HONNE CAPITAL, LLC
375 PARK AVENUE, 26TH FLOOR
NEW YORK, NY 10152
Email: roberson@honnecapital.com

FRONTIER AIRLINES
ATTN:  VALERIE TYLER, ESQ.
7001 TOWER ROAD
DENVER, CO 80249
Email: valerie.tyler@flyfrontier.com

TWIN STAR
NIKOLA KRGOVIC
BRACE ABAFI 2/10
ZEMUN MB 62400382
SERBIA

U. S. SECURITIES AND EXCHANGE COMMISSION
ATTN:  MORGAN BRADY LYONS
100 F STREET, MAIL STOP 9040
WASHINGTON, D.C. 20549

# XHIBIT CORP., *et al.*
## OFFICIAL SERVICE LIST

BIG HUGE MEDIA LLC
360 GRAND AVENUE
BROOKLYN, NY 11238

RACKSPACE US INC.
UNIT 5 MILLKINGTON ROAD
HYDE PARKE HAYES
MIDDLESEX GB UB34AZ
UNITED KINGDOM

MARKETO INC.
PO BOX 122068
DALLAS, TX 75312-2068

ADCAFE LLC
49 WOODBROOKE DRIVE
EDISON, NJ 08820-2965

SECURITIES & EXCHANGE COMMISSION
444 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CA 90071

IDENTIFYLE INC.
7945 CARTILLA AVENUE, SUITE A
RANCHO CUCAMONGA, CA 91730

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

INTERNAL REVENUE SERVICE
4041 N CENTRAL AVENUE
BUILDING A
PHOENIX AZ 85012

ARIZONA DEPT OF REVENUE
1600 WEST MONROE 7TH FLOOR
PHOENIX AZ 85007

ARIZONA DEPARTMENT OF REVENUE
ATTENTION BK PAYMENT UNIT
1275 W WASHINGTON AVE
PHOENIX, AZ 85007

AMERICAN EXPRESS TRAVEL RELATED
SERVICES CO, INC.
POB 3001
MALVERN, PA 19355-0701

US BANK, NA
BANKRUPTCY/RECOVERY DEPT.
PO BOX 5229
CINCINNATI, OH 45201

ROSENTHAL & ROSENTHAL, INC.
ATTN: ANTHONY DITIRRO
1370 BROADWAY
NEW YORK, NY 10018

# Exhibit "A"

# COHN⊘REZNICK
# CAPITAL MARKETS
# SECURITIES, LLC

CohnReznick Capital Markets Securities, LLC
420 Lexington Avenue
Suite 1420
New York, NY 10170

Tel: (917) 472-1272
EIN: 27-4646060
CohnReznickCapitalMarkets.com

**Xhibit Corp.**
**Scott Wiley (swiley@skymall.com)**
**1520 East Pima Street**
**Phoenix, AZ 85034**

**Client No: 0184249-C000-15**
**R.S/R.S.**
**Invoice No: 1985725**
**Invoice Date: March 30, 2015**

**Amount Enclosed $_____**

Please reference invoice number or client number on your remittance
Wire Transfer: Acct Name: CohnReznick Capital Markets Securities, LLC–ABA:022000046–Acct:9851847922–Swift ID MANTUS33–
M&T Bank–25 S. Charles Street–Baltimore, MD 21201

**Re:** **SkyMall Bankruptcy, Case No. 2:15-bk-00679-**
**BKM**
**Client No.: 0184249-C000-15**
**Invoice No.: 1985725**

**Invoice Date: March 30, 2015**

Pursuant to section 2(c ) of our Agreement dated January 9, 2015, approved by the
Court in final order on March 12, 2015, CohnReznick Capital Market Securities, LLC
is due the Transaction Fee of two hundred thousand and no/dollars (U.S. $200,000).

Wire instructions are below

**Total Amount Due**                                    $   200,000.00

420 Lexington Avenue -- Suite 1420 -- New York, NY10170 -- Main: 917-472-1286 -- CohnReznickCapitalMarkets.com -- EIN: 27-4646060

Case 2:15-bk-00679-BKM   Doc 395-1   Filed 04/23/15   Entered 04/23/15 15:13:23
Desc Exhibit A    Page 2 of 2

# Exhibit "B"

| <u>COSTS AND DISBURSEMENTS</u> | <u>AMOUNT</u> |
|---|---|
| Airfare | $6,141.80 |
| Lodging | 2,292.96 |
| Lodging Taxes | 289.98 |
| Meals | 404.04 |
| Taxi/Car Service | 761.77 |
| Parking | 122.50 |
| Rental Car/Fuel | 565.51 |
| WiFi | 56.95 |
| Data Access | 3,500.00 |
| Miscellaneous | 18.00 |
| **Total Costs and Disbursements:** | **$14,153.51** |

# Exhibit "C"

1

2

3

4

5

6

7      **IN THE UNITED STATES BANKRUPTCY COURT**

8         **FOR THE DISTRICT OF ARIZONA**

9

| | |
|---|---|
| In re: | In Proceedings Under Chapter 11 |
| XHIBIT CORP., *et. al.*,[1] | Jointly Administered Under: |
| Debtors. | Case No. 2:15-bk-00679-BKM |
| | **ORDER APPROVING FIRST AND FINAL FEE APPLICATION OF COHNREZNICK CAPITAL MARKET SECURITIES, LLC, AS INVESTMENT BANKER, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES** |

10

11

12

13

14

15

16

17         This matter came before the Court pursuant to the "First and Final Fee Application of

18   CohnReznick Capital Market Securities, LLC, as Investment Banker, for Allowance and Payment

19   of Compensation and Reimbursement of Expenses" (the "**Application**") filed by the

20   SKYMALL, LLC ("**SkyMall**"), and the other debtors and debtors-in-possession (collectively

21   with SkyMall, the "**Debtors**") in the above-captioned Chapter 11 cases (the "**Bankruptcy**

22

23   _____

24   [1]      The Debtors in these jointly administered cases are: SkyMall, LLC (Case No. 2:15-bk-00679-BKM); Xhibit Corp. (Case No. 2:15-bk-00680-BKM); Xhibit Interactive, LLC (Case No. 2:15-bk-00682-BKM); FlyReply Corp. (Case No. 2:15-bk-00684-BKM); SHC Parent Corp. (Case No. 2:15-bk-00685-BKM); SpyFire Interactive, LLC (Case No. 2:15-bk-00686-BKM); Stacked Digital, LLC (Case No. 2:15-bk-00687-BKM), and SkyMall Interest, LLC (Case No. 2:15-bk-00688-BKM).

25

26

QB\154622.00010\34716556.1

1   **Cases**") on behalf of CohnReznick Capital Market Securities, LLC ("**CRCMS**").  CRCMS was

2   retained as the investment banker for the Debtors.

3         Pursuant to the Application, the Debtors, on behalf of CRCMS, seek approval and

4   allowance of compensation relating to the Transaction Fee[2] for investment banking services in the

5   amount of \$200,000.00, plus the reimbursement of Professional Expenses in the amount of

6   \$14,153.51 incurred during the retention period.  Further, the Debtors request final approval of the

7   Second Retainer in the amount of \$25,000.00 previously paid by the Debtors to CRCMS pursuant

8   to the Employment Order.

9         After due and proper notice, no objection was filed to the Application.

10        Based on the Application and the entire record before the Court; and good cause

11  appearing,

12        IT IS HEREBY ORDERED as follows:

13        A.    The Application shall be, and hereby is, granted.

14        B.    CRCMS's final compensation for professional services rendered as the investment

15  banker for the Debtors during these Bankruptcy Cases in the amount of \$225,000.00 is hereby

16  allowed.

17        C.    CRCMS final reimbursement in the amount of \$14,153.51 as actual and necessary

18  expenses which it has incurred in connection with such professional services is hereby allowed.

19        D.    The Debtors are directed to pay the unpaid fees and expenses allowed under this

20  Order after upon entry of this Order.

21

22                **DATED AND SIGNED AS INDICATED ABOVE.**

23

24

25

---

[2]    Unless otherwise defined herein, all capitalized terms shall have the meaning as set forth

26  in the Application.

QB\154622.00010\34716556.1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NJOY, INC.,[1] | Case No.: 16-12076 (CSS) |
| Debtor. | Hearing Date: Objection Deadline: |

## CONSOLIDATED FIRST AND FINAL APPLICATION OF COHNREZNICK CAPITAL MARKETS SECURITIES, LLC, AS INVESTMENT BANKER TO THE DEBTOR AND DEBTOR-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD SEPTEMBER 16, 2016 THROUGH FEBRUARY 16, 2017

| | |
|---|---|
| Name of Applicant: | COHNREZNICK CAPITAL MARKETS SECURITIES, LLC |
| Authorized to provide professional services to: | Debtor and Debtor-in-Possession |
| Date of retention: | September 16, 2016 |
| Period for which compensation and reimbursement is sought: | September 16, 2016 – February 16, 2017 |
| Amount of compensation sought as actual, reasonable and necessary: | $307,500.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $5,889.07 |
| This is a: | Consolidated First and Final Fee Application |
| Prior Applications: N/A | |

---

[1] The last four digits of the Debtor's federal tax identification number are 6013.  The Debtor's mailing address and principal place of business is 15211 N. Kierland Blvd., Ste. 200, Scottsdale, AZ  85254.

**EXPENSE SUMMARY**
NJOY, Inc. (Case No. 16-12076 (CSS))
September 16, 2016 through February 16, 2017

| Expense Category | | Total Expenses |
|---|---|---|
| Travel (air, train, taxi, parking) | | $2,109.12 |
| Meals | | $614.40 |
| Lodging | | $1,391.04 |
| Data Base Services[2] | | $1,750.00 |
| Miscellaneous | | $24.51 |
| **Total Expenses** | | **$5,889.07** |

---

[2] CRCMS maintains a number of proprietary and third-party data bases as a part of its investment banking activities. These charges generally exceed $5,000 per month. In the normal course, CRCMS allocates $1,750 per month to each client that is actively using these resources. NJOY was only charged for one month of usage.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NJOY, INC.,[1]<br><br>            Debtor. | Chapter 11<br><br>Case No.: 16-12076 (CSS)<br><br>Hearing Date:<br>Objection Deadline: |

**CONSOLIDATED FIRST AND FINAL APPLICATION OF COHNREZNICK CAPITAL MARKETS SECURITIES, LLC, AS INVESTMENT BANKER TO THE DEBTOR AND DEBTOR-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD SEPTEMBER 16, 2016 THROUGH FEBRUARY 16, 2017**

CohnReznick Capital Markets Securities, LLC ("CRCMS"), investment banker to NJOY, Inc. ("NJOY" or "Debtor"), submits this consolidated first and final fee application (the "Application") for allowance of compensation for professional services rendered by CRCMS to the Debtor and Debtor-in-Possession for the period of September 16, 2016 through February 16, 2017 (the "Compensation Period") and reimbursement of actual and necessary expenses incurred by CRCMS during the Compensation Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and,  the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines").

---

[1] The last four digits of the Debtor's federal tax identification number are 6013.  The Debtor's mailing address and principal place of business is 15211 N. Kierland Blvd., Ste. 200, Scottsdale, AZ  85254.

In support of the Application, CRCMS submits the certification of Jeffrey R. Manning attached hereto as <u>Exhibit A</u>.    In further support of this Application, CRCMS represents as follows:

## <u>JURISDICTION</u>

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## <u>FACTUAL BACKGROUND</u>

3.    On September 16, 2016 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its businesses and manage its assets as a debtor-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.  On September 28, 2016 The United States Trustee appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>").

4.    The Debtor continues to operate their business and manage their assets and affairs as debtors-in-possession under Bankruptcy Code Sections §§ 1107 and 1108.

5.    The Court has jurisdiction over this Bankruptcy Case under 28 U.S.C. §§ 157 and 1334.  This Application presents a core proceeding under 28 U.S.C. § 157(b)(2).

6.    No trustee or examiner has been appointed in this Bankruptcy Case.

7.    On September 16, 2016, the Debtor filed an application seeking to employ CRCMS as investment banker for the Debtor.

4

8.      CRCMS is a limited liability company, investment bank, and FINRA member Firm with offices located at 500 East Pratt Street, Baltimore, MD 21202.

## CRCMS'S RETENTION

9.      By its application, filed on September 16, 2016, the Debtor requested authority to retain CRCMS as investment banker in connection with the above referenced bankruptcy case (the "Employment Application") [D.I. 11].

10.      On October 7, 2016, the Court entered the *Order Authorizing Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(h) to (I) Employ and Retain CohnReznick Capital Markets Securities LLC as Investment Banker for the Debtor* Nunc Pro Tunc *to the Petition Date and (II) Waive Certain Information Requirements Under Local Rules* (the "Employment Order") [D.I. 127].

11.      Pursuant to the terms of the Employment Application as approved by the Court through the Employment Order, CRCMS is entitled to a Credit Bid Transaction Fee equal to the $300,000 plus 3.0% of cash raised relating to the Credit Bid to cover administrative and other expenses (in this instance, the $250,000 payout to the Unsecured Creditors).

12.      Pursuant to the Employment Application, as approved by the Court through the Employment Order, CRCMS also is entitled to reimbursement for its direct and reasonable out-of-pocket expenses incurred in carrying out its duties under its engagement.

## **RELIEF REQUESTED**

13.     CRCMS respectfully requests that it be allowed (i) compensation in the amount of $307.500.00 for reasonable, actual and necessary services rendered by it on behalf of NJOY during the Compensation Period, and (ii) reimbursement of $5,899.07 for reasonable, actual and necessary expenses incurred during the Compensation Period.

## **CRCMS'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES**

14.     To date, CRCMS has been paid $100,000.00 in one pre-petition retainer in accordance with the Employment Application as approved by the Court through the Employment Application.

15.     Through this Application, CRCMS seeks approval and allowance of its compensation relating to the Credit Bid Transaction Fee for investment banking services in the amount of $307,500.00, plus the reimbursement of Professional Expenses in the amount of $5,889.07 incurred during the retention period.  The Credit Bid Transaction Fee is compensation payable to CRCMS on or about the closing of the sale pursuant to Section 2(d) of the Agreement dated September 15, 2016 and approved by the Court through the Employment Order.  The sale transaction closed on February 16, 2017, and CRCMS submitted an invoice to the Debtor on that day.  CRCMS' expense reimbursement details were submitted to the Debtor, professionals from the Committee and the United States Trustee ("UST") for review and approval. The Debtor and professionals from the Committee have reviewed and have no issue with CRCMS' expenses. The office of the UST reserves its rights to review and comment on CRCMS' expenses.

## SUMMARY OF SERVICES PROVIDED TO THE DEBTORS BY CRCMS

16.     As described in the Employment Application, CRCMS was employed as an investment banker primarily to market and conduct an auction sale of some or substantially all of the Debtor's assets under Section 363 of the Bankruptcy Code.  CRCMS's services included:

> (a)     evaluating the business, operations and financial position of the Debtor;
>
> (b)     assisting the preparation of materials, including business, financial information, and descriptive memoranda, to be provided to potential Bidders, preparing the Debtor for the marketing process, and contacting prospective Bidders;
>
> (c)     assisting Debtor in establishing criteria for potential Bidders, identifying, screening and ranking prospective Bidders, and evaluating proposals received from potential Bidders;
>
> (e)     counseling the Debtor on negotiations with Bidders and their advisors;
>
> (f)     directing and coordinating the due diligence process;
>
> (g)     providing timely reporting to the Debtor and its current lenders on the status and progress of the above;
>
> (h)     assisting the Debtor and its other advisors through the closing process; and
>
> (i)     advising the Debtor on other matters that may arrive from time to time during the Agreement.

17.     On November 2, 2016, Jeffrey R. Manning ("Mr. Manning") Managing Director of CRCMS, presided over an auction involving NJOY's assets (the "Auction") at the Otterbourg offices at 230 Park Avenue, New York, NY 10169.  Four Qualified Bidders participated in the Auction.  In addition, representatives and advisors of the Debtor, the senior lender, and the Creditor's Committee attended the Auction, and CRCMS consulted with those representatives throughout the auction process. At the conclusion of the Auction, a combined bid from holders of the first and second lien debt known as the Homewood Capital and CGP Sottera consortium was determined to be the highest and best.

18.     On November 9, 2016, the Court held a hearing (the "Sale Hearing") to confirm approval of the proposed sale to Homewood Capital and CGP Sottera consortium.  In its order

dated November 15, 2016 [D.I. 259] (the "Sale Order"), the Court found, among other things, that CRCMS (as a representative of the Debtor) had adequately and appropriately marketed the Debtor's assets, the Auction was duly noticed and conducted in a diligent, non-collusive, fair and good faith manner, and the Auction process afforded a full, fair, and reasonable opportunity for any person or entity to qualify as a bidder, participate in the Auction and to make a higher or otherwise better offer to purchase the NJOY assets.  The sale transaction, which was approved by the Sale Order, closed on February 16, 2017, and on that day CRCMS submitted an invoice for its Credit Bid Transaction Fee and expense reimbursement.  Pursuant to the Employment Application, the Credit Bid Transaction Fee is compensation payable to CRCMS on about the closing of the sale, subject to Court approval.  CRCMS' expense reimbursement details were submitted in advance to the Debtor, professionals from the Creditor's Committee, and the UST for review and approval. The Debtor and professionals from the Committee have reviewed and have no issue with CRCMS' expenses. The office of the UST reserves its rights to review and comment on CRCMS' expenses.

19.     CRCMS' compensation was contingent upon the consummation of a sale, and investment bankers do not generally get reimbursed for time and materials.  However, in keeping with local rules of the office of the UST, CRMCS monitored its time in half-hour increments, and from the beginning of the case to the close of the Transaction the investment bank had invested over 270 hours into the case. This fee structure is consistent with the customary practices of CRCMS for comparably sized and complex cases involving the services to be provided in this Bankruptcy Case.  The compensation structure was established to reflect the difficulty of the extensive assignments CRCMS expected to undertake and the potential for failure.  Further, the fee structure set forth in the Engagement Agreement was agreed upon by the parties thereto in anticipation that a substantial commitment of professional time and effort would be required of CRCMS, and in light of the fact that such commitment may foreclose other

8

opportunities for CRCMS, and that the actual time and commitment required of CRCMS and its professionals to perform its services hereunder may vary substantially from week to week.

20.     The Debtor respectfully requests that the Court authorize the Debtor to pay to CRCMS the Transaction Fee in the amount of $307,500.00.  Further, the Debtor requests final approval of the Pre-Petition Retainer previously paid.  Finally, the Debtor respectfully requests that the Court authorize reimbursement of CRCMS's necessary and reasonable expenses incurred in the course of its employment in the amount of $5,889.07.

## CONTENTS OF THE ATTACHED SUPPORTING EXHIBITS

21.     Attached as Exhibit B to this Application is the invoice from CRCMS for the $307,500.00 Transaction Fee.   Attached as Exhibit C to this Application is a list of the Professional Expenses totaling $5,889.07, incurred by CRCMS during the course of this Bankruptcy Case.

## STANDARDS RELEVANT TO PROFESSIONAL COMPENSATION AND EXPENSE REIMBURSEMENT

22.     In accordance with Bankruptcy Code Section 328(a), a professional's fees remain subject to the "improvident" standard provided under the section, but they are not subject to a "reasonableness" analysis under Section 330 as a matter of law.  *In re Reimers*, 972 F.2d 1127, 1129 (9th Cir. 1992); *See also In re Confections By Sandra, Inc.*, 83 B.R. 729, 731 (B.A.P. 9th Cir. 1987); *In re Danner*, No. BAP ID-11-1315-HJUMK, 2012 WL 3205242, at *4 (B.A.P. 9th Cir. July 31, 2012).  The foregoing discussion, the attached Exhibits, and the finding of fact and conclusions made by the Court during the course of these bankruptcy proceedings demonstrate that the requested professional compensation is fair and reasonable under the circumstances and further is not "improvident" under Section 328.  Therefore, the Debtor and CRCMS request the Court approve the Professional Fees and Professional Expenses on a final basis and authorize the

Debtor to pay CRCMS its Transaction Fee and Professional Expenses as approved pursuant to this Application.

## COMPLIANCE WITH BANKRUPTCY CODE SECTION 504 AND
## BANKRUPTCY RULE 2016

23.    CRCMS has not entered into any arrangement or agreement with any person or entity with respect to the sharing of professional compensation and expenses for which CRCMS is seeking compensation and reimbursement as set forth in this Application, except as permitted by Bankruptcy Code § 504(b)(1). CRCMS has not received any other payment for the professional services.

24.    The undersigned has reviewed the requirements of Local Rule 2016-2 of the United States Bankruptcy Court for the District of Delaware and certifies to the best of his information, knowledge and belief that this application complies with Local Rule 2016-2.

25.    Notice of this Application has been provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Debtor's list of creditors holding the 20 largest unsecured claims; (c) entities that may assert secured interests in the estate; and (d) all parties that have requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that no other or further notice be provided.

WHEREFORE, on behalf of CRCMS, the Debtor respectfully requests the Court to enter an Order:

A.    Allowing CRCMS final compensation for professional services rendered as the investment banker for the Debtor during these Bankruptcy Cases in the amount of $307,500.00;

10

B.      Allowing CRCMS final reimbursement in the amount of $5,889.07 as actual and necessary expenses which it has incurred in connection with such professional services;

C.      Promptly after the entry of the order approving this Application, authorizing the Debtor to pay the amount of the allowed fees and expenses to CRCMS; and

D.      Granting such other and further relief as the Court deems just and proper under the facts and circumstances of this Bankruptcy Case.

Dated: September 21, 2018           COHNREZNICK CAPITAL MARKETS SECURITIES, LLC

                                    */s/ Jeffrey R. Manning*
                                    Jeffrey R. Manning
                                    500 East Pratt Street
                                    Baltimore, MD 21202
                                    Telephone:  (410) 690-8788

                                    *Investment Banker to the*
                                    *Debtor-in-Possession*

11